Joshua B. Swigart, Esq. (SBN: 225557)
josh@westcoastlitigation.com
**Hyde & Swigart**
2221 Camino Del Rio South, Suite 101
San Diego, CA 92108-3551
Telephone: (619) 233-7770
Facsimile: (619) 297-1022

Abbas Kazerounian, Esq. (SBN: 249203)
ak@kazlg.com
Ryan L. McBride, Esq. (SBN: 297557)
ryan@kazlg.com
Emily Beecham
emily@kazlg.com
**Kazerouni Law Group**
245 Fischer Avenue, Unit D1
Costa Mesa, CA 92626
Telephone: (800) 400-6808
Facsimile: (800) 520-5523

*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREGORY FRANKLIN, individually and on behalf of all others similarly situated,<br><br>  Plaintiffs,<br>v.<br><br>OCWEN LOAN SERVICING, LLC,<br><br>  Defendant. | Case No:<br><br>**Class Action Complaint For Damages for Violations of California's Invasion of Privacy Act, Cal. Penal Code § 630 et seq.**<br><br>**Jury Trial Demanded** |

# INTRODUCTION

1. Plaintiff Gregory Franklin ("Plaintiff") brings this class action for damages, injunctive relief, and any other available legal or equitable remedies, resulting from the illegal actions of OCWEN LOAN SERVICING, LLC, and its related entities, subsidiaries and agents in knowingly, and/or willfully employing and/or causing to be employed certain recording equipment in order to record to the telephone conversations of Plaintiff without the knowledge or consent of Plaintiff, in violation of California Penal Code §§ 630 *et seq.*, thereby invading Plaintiff's privacy. Plaintiff alleges as follows upon personal knowledge as to herself and Plaintiff's own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by her attorneys.

2. California Penal Code § 632.7 prohibits one party to a telephone call from intentionally recording the conversation without the knowledge or consent of the other while the person being recorded is on a cellular phone. Penal Code § 632.7 is violated the moment the recording is made without the consent of all parties thereto, regardless of whether it is subsequently disclosed. The only intent required by Penal Code § 632 is that the act of recording itself be done intentionally. There is no requirement under California Penal Code § 632.7 that the communication be confidential. Plaintiff alleges that Defendants continues to violate Penal Code § 632.7 by impermissibly recording its telephone conversations with California residents while said residents are on cellular telephones.

# JURISDICTION AND VENUE

3. Jurisdiction is proper under 28 U.S.C. § 1332(d) ("CAFA"), which provides for original jurisdiction of the federal courts of any class action in which any member of the class is a citizen of a state different from the defendant, and in

|   |   |   |
|---|---|---|
| 1 |   | which the matter in controversy exceeds, in the aggregate, the sum of $5 |
| 2 |   | million, exclusive of interest and costs. |
| 3 | 4. | The total claims of individual class members in this action are well in excess |
| 4 |   | of $5 million, as each illegally recorded telephone call would provide |
| 5 |   | statutory damages in the amount of $5,000. |
| 6 | 5. | Further, on information and belief, Defendants have made thousands of |
| 7 |   | telephone calls illegally recording Plaintiff and the putative class, without |
| 8 |   | consent or knowledge, thereby satisfying the requirements under 28 U.S.C. § |
| 9 |   | 1332(d)(2), (5). |
| 10 | 6. | Based on the belief that thousands of individuals in California would be |
| 11 |   | included in any certified class, the numerosity requirement, exceeding forty |
| 12 |   | members, is satisfied, pursuant to 28 U.S.C. § 1332(d)(5)(B). |
| 13 | 7. | Plaintiff is a citizen of California and Defendant is a citizen of Florida. |
| 14 |   | Therefore, diversity of citizenship exists under CAFA as defined by 28 |
| 15 |   | U.S.C. § 1332(d)(2)(A). |

## VENUE

8. Venue is proper in the United States District Court for the Northern District of California pursuant to 18 U.S.C. § 1391(b)(2) because Plaintiff resides in this judicial district of California, a substantial part of the events giving rise to Plaintiff's causes of action against Defendant occurred within the Northern District of California (Plaintiff's telephone calls were illegally recorded while Plaintiff was in this judicial district) and Defendants conduct business in the County of Contra Costa.

## PARTIES

9. Plaintiff is, and at all times mentioned herein was, an individual citizen and resident of San Ramon, in the Contra Costa, State of California.

10. Defendant is, and at all times mentioned herein was, a limited liability company whose primary corporate address is located in West Palm Beach, Florida.

11. Defendant is, and at all times mentioned herein was, a corporation and a "person," as defined by California Penal Code § 632(b). Defendant has a policy and practice of recording telephone conversations with the public, including California residents.

12. Defendant's employees and agents are directed, trained and instructed to, and do, record, the telephone conversations with the public, including California residents.

13. Plaintiff is informed and believes, and thereon alleges, that at all times relevant Defendant placed calls to residents of the State of California, for the purpose of debt collection and therefore conducted business in the State of California.

## FACTUAL ALLEGATIONS

14. Between 2011 and 2015, Plaintiff had numerous telephone calls with Defendant and its agents.

15. Plaintiff's is informed and believes that Defendant was servicing Plaintiff's home mortgage at the time of these phone calls.

16. Defendant allegedly had fallen behind on Plaintiff's mortgage payments and the purpose of these phone calls to Plaintiff by Defendant was for collection on Plaintiff's account.

17. Many of the phone calls by Defendant were made to Plaintiff's cell phone.

18. Between 2011 and 2015, Plaintiff had numerous telephone communications with certain employees, officers and/or agents of Defendant.

19. At all times relevant Defendant placed calls to California residents for the purpose of debt collection while knowingly, and/or willfully employing and/or causing to be employed certain recording equipment in order to record

20. to the telephone conversations of Plaintiff without the knowledge or consent of Plaintiff, and thus conducted business in the State of California and in the County of Contra Costa, within this judicial district.

20. Plaintiff had a reasonable expectation that the telephone conversations with Defendant would not be recorded due to the private subject matter being discussed.

21. Through other litigation with Defendant, Plaintiff obtained multiple recordings of conversations between Plaintiff and Defendant.

22. Plaintiff discovered Plaintiff was being recorded by Defendant on or around December 2017 when Plaintiff obtained the recordings through other litigation with Defendant.

23. Plaintiff was shocked to discover that this communication may have been recorded by Defendant without Plaintiff's knowledge or consent.

24. Plaintiff found Defendant's secretive recording to be highly offensive.

25. The conversation with Plaintiffs on Plaintiffs' cellular telephone, was recorded by Defendant without Plaintiff's knowledge or consent, causing harm and damage to Plaintiff.

26. Plaintiff was never informed that Plaintiff's telephone calls were being recorded. At no time during these calls did Plaintiff give consent for the telephone calls to be recorded.

27. Plaintiff is informed and believes, and thereon alleges, that during the relevant time period, Defendant had a policy and a practice of recording telephone conversations with consumers.

28. Defendant's employees and agents are directed, trained and instructed to, and do, record telephone conversations with the public, including Plaintiff and other California residents. Additionally, Defendant does not disclose to consumers that the calls are being recorded.

29. Plaintiff is informed and believes, and thereon alleges that from the 2011 to the present, Defendant has installed and/or caused to be installed certain recording equipment in its employees' or agents' telephone lines.

30. Defendant uses these recording devices to record each and every telephone conversation on said telephone lines.

31. Plaintiff is informed and believes, and thereon alleges, that during the relevant time period, Defendant has had all of its calls to the public, including those made to California residents, recorded without the knowledge or consent of the public, including Plaintiff and other California residents.

32. Defendant's conduct alleged herein constitutes violations of the right to privacy to the public, including Plaintiff and other California residents, and California Penal Code § 630 *et seq*.

### CLASS ACTION ALLEGATIONS

33. Plaintiff brings this action on behalf of himself and on behalf of all others similarly situated ("the Class").

34. Plaintiff represents, and is a member of, the Class, consisting of:

> All persons in California, who, at any time during the applicable limitations period beginning January 1, 2011, including any period tolled preceding the filing of this complaint through the date of resolution, were called by Defendant, and participated in, one or more telephone conversations with representative of Defendant and whose calls were electronically recorded by Defendant or their agents, without consent.

35. Plaintiff seeks to represent the following subclasses:

a. All California individuals, who, at any time during the applicable limitations period beginning January 1, 2011, including any period tolled preceding the filing of this complaint through the date of resolution, were called by, and participated in, one or more conversations concerning their

mortgage accounts with representatives of Defendant or its agents, on a landline telephone (hereinafter Subclass A).

b. All California individuals, who, at any time during the applicable limitations period beginning January 1, 2011, including any period tolled preceding the filing of this complaint through the date of resolution, were called by, and participated in, one or more cellular telephone conversations with representatives of Defendant or its agents, on a cellular telephone (hereinafter Subclass B).

36. Defendant and its employees or agents are excluded from the Class. Plaintiff does not know the number of members in The Class, but believes the Class members number in the tens of thousands, if not more. Thus, this matter should be certified as a Class action to assist in the expeditious litigation of this matter.

37. This suit seeks only statutory damages and injunctive relief for recovery of economic injury on behalf of The Class and it expressly is not intended to request any recovery for personal injury and claims related thereto. Plaintiff reserves the right to expand the Class definition to seek recovery on behalf of additional persons as warranted as facts are learned in further investigation and discovery.

38. The joinder of the Class members is impractical and the disposition of their claims in the Class action will provide substantial benefits both to the parties and to the court. The Class can be identified through Defendant's records or Defendants' agent's records.

39. There is a well-defined community of interest in the questions of law and fact involved affecting the parties to be represented. The questions of law and fact to the Class predominate over questions which may affect individual Class members, including the following:

    a. Whether Defendants have a policy of recording incoming and/or outgoing calls;

    b. Whether Defendant has a policy of recording incoming and/or outgoing calls initiated to a cellular telephone;

    c. Whether Defendant discloses to callers and/or obtains their consent that their incoming and/or outgoing telephone conversations were being recorded;

    d. Whether Defendant's policy of recording incoming and/or outgoing calls to cellular telephones constituted a violation of California Penal Code §§ 632.7; and 637;

    e. Whether Plaintiff, and The Class were damaged thereby, and the extent of damages for such violations; and

    f. Whether Defendant should be enjoined from engaging in such conduct in the future.

40. Plaintiff is asserting claims that are typical of The Class because every other member of The Class, like Plaintiff, was exposed to virtually identical conduct and are entitled to the greater of statutory damages of $2,500 per violation pursuant to California Penal Code § 632.7.

41. Plaintiff is asserting claims that are typical of The Class because every other member of The Class, like Plaintiff, were exposed to virtually identical conduct and are entitled to the greater of statutory damages of $5,000 per violation or three times actual damages per violation pursuant to California Penal Code § 637.2(a).

42. Plaintiff will fairly and adequately represent and protect the interests of The Class in that Plaintiff has no interest antagonistic to any member of The Class.

43. Plaintiff and the members of the Class have all suffered irreparable harm as a result of the Defendant's unlawful and wrongful conduct.  Absent a class

action, the Class will continue to face the potential for irreparable harm. In addition, these violations of law will be allowed to proceed without remedy and Defendant will likely continue such illegal conduct. Because of the size of the individual Class member's claims, few, if any, Class members could afford to seek legal redress for the wrongs complained of herein.

44. Plaintiff has retained counsel experienced in handling class action claims to further ensure such protection.

45. A class action is a superior method for the fair and efficient adjudication of this controversy. Class-wide damages are essential to induce Defendants to comply with federal and California law. The interest of Class members in individually controlling the prosecution of separate claims against Defendant is small because the maximum statutory damages in an individual action for violation of privacy are minimal. Management of these claims is likely to present significantly fewer difficulties than those presented in many class claims.

46. Defendant has acted on grounds generally applicable to the Class, thereby making appropriate final injunctive relief and corresponding declaratory relief with respect to the Class as a whole.

### FIRST CAUSE OF ACTION
### INVASION OF PRIVACY: VIOLATION OF PENAL CODE § 632

47. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

48. At all times relevant herein, Defendant routinely communicated by telephone with Plaintiff and other members of the Class and Subclass A in connection with Plaintiff and Subclass A members' mortgage accounts.

49. At all times relevant herein, Defendant secretly recorded conversations between Plaintiff and members of the Class and Subclass A and Defendant.

50. In each of their conversations with Defendant, Plaintiff and members of the Class and Subclass A discussed their mortgage accounts and personal financial circumstances and affairs. It was reasonable for the Plaintiff and members of the Class and Subclass A to expect that the conversations would be confined to the parties to the conversation, and that their conversations were not being overhead or recorded. Each of the conversations between Defendant and the Class and Subclass A were "confidential communications(s)" within the meaning of Cal. Penal Code § 632(c).

51. Cal. Penal Code § 632 prohibits a party from electronically recording confidential conversations without two-party consent.

52. Defendant's confidential telephone communications with Plaintiff and members of the Class and Subclass A were secretly and surreptitiously recorded by Defendant without obtaining consent to record such conversations.

53. Californians have a constitutional right to privacy. Moreover, the California Supreme Court has definitively linked the constitutionally protected right to privacy within the purpose, intent and specific protections of the Privacy Act, including specifically, Penal Code § 632. "In addition, California's explicit constitutional privacy provision (Cal. Const., 1 § 1) was enacted in part specifically to protect California from overly intrusive business practices that were seen to pose a significant and increasing threat to personal privacy. (Citations omitted). Thus, Plaintiff believes that California must be viewed as having a strong and continuing interest in the full and vigorous application of the provisions of section 632 prohibiting the recording of telephone conversations without the knowledge or consent of all parties to the conversation.

## SECOND CAUSE OF ACTION
### INVASION OF PRIVACY: VIOLATION OF PENAL CODE § 632.7

54. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

55. Californians have a constitutional right to privacy. Moreover, the California Supreme Court has definitively linked the constitutionally protected right to privacy within the purpose, intent and specific protections of the Privacy Act, including specifically, Penal Code § 632. "In addition, California's explicit constitutional privacy provision (Cal. Const., 1 § 1) was enacted in part specifically to protect California from overly intrusive business practices that were seen to pose a significant and increasing threat to personal privacy. (Citations omitted). Thus, Plaintiff believes that California must be viewed as having a strong and continuing interest in the full and vigorous application of the provisions of section 632 prohibiting the recording of telephone conversations without the knowledge or consent of all parties to the conversation.

56. California Penal Code § 632.7 prohibits in pertinent part "[e]very person who, without the consent of all parties to a communication…intentionally records, or assists in the…intentional recordation of, a communication transmitted between…a cellular radio telephone and a landline telephone." Thus, on its face, California Penal Code § 632.7 precludes the recording of all communications involving a cellular telephone.

57. Though similar, California Penal Code § 632 and 632.7 are not duplicative and protect separate rights. California Penal Code § 632.7 grants a wider range of protection to conversations where one participant uses a cellular phone or cordless phone. For example, the "confidential communication" requirement of California Penal Code § 632 is absent from California Penal Code § 632.7.

58. Defendant caused to be employed certain recording equipment on the telephone lines of all employees, officers, directors, and managers of Defendant.

59. Plaintiff is informed and believes, and thereupon alleges, that all these devices were maintained and utilized to record each and every outgoing cellular telephone conversation over said telephone lines with Subclass B.

60. Said recording equipment was used to record the telephone conversations of Plaintiff and the members of Subclass B utilizing cellular telephones, all in violation of California Penal Code § 632.7.

61. Based on the foregoing, Plaintiff and the members of The Class are entitled to, and below herein do pray for, their statutory remedies and damages, including but not limited to, those set forth in California Penal Code § 632.7; and California Penal Code § 637.2

62. Because this case is brought for the purposes of enforcing important rights affecting the public interest, Plaintiff and The Sub-Class seek recovery of their attorney's fees pursuant to the private attorney general doctrine codified in Code of Civil Procedure § 1021.5, or any other statutory basis.

**PRAYER FOR RELIEF**

Wherefore, Plaintiff respectfully requests the Court grant Plaintiff and The Class members the following relief against Defendant:

**FIRST CAUSE OF ACTION FOR INVASION OF PRIVACY: VIOLATION OF PENAL CODE § 632**

- That this action be certified as a class action on behalf of The Class and Subclass A. Plaintiff be appointed as the representative of The Class;
- For the greater of statutory damages of $5,000 per violation or three times actual damage per violation pursuant to Penal Code § 637.2(a)(1) for Plaintiff and each member of The Class and Subclass A;

- Injunctive relief in the form of an order requiring Defendant to disgorge all ill-gotten gains and awarding Plaintiff and The Class full restitution of all monies wrongfully acquired by Defendant by means of such unfair and unlawful conduct;

- That the Court preliminarily and permanently enjoin Defendant from overhearing, recording, and listening to each and every oncoming and outgoing telephone conversation with California resident, including Plaintiff and The Class, without their prior consent, as required by California Penal Code § 630, *et seq.*, and to maintain the confidentiality of the information of Plaintiff and The Class.

- For costs of suit;

- For such further relief as this Court deems necessary, just, and proper.

**SECOND CAUSE OF ACTION FOR INVASION OF PRIVACY: VIOLATION OF PENAL CODE § 632.7**

- That this action be certified as a class action on behalf of The Class and Subclass B.  Plaintiff be appointed as the representative of The Class and Subclass B;

- For the greater of statutory damages of $5,000 per violation or three times actual damage per violation pursuant to Penal Code § 637.2(a) for Plaintiff and each member of The Class and Subclass B;

- For $2,500 per violation of California Penal Code § 632.7 for Plaintiff and each member of The Class and Subclass B;

- Injunctive relief in the form of an order requiring Defendant to disgorge all ill-gotten gains and awarding Plaintiff and The Class full restitution of all monies wrongfully acquired by Defendant by means of such unfair and unlawful conduct;

- That the Court preliminarily and permanently enjoin Defendant from overhearing, recording, and listening to each and every oncoming and

outgoing telephone conversation with California resident, including Plaintiff and The Class, without their prior consent, as required by California Penal Code § 630, *et seq.*, and to maintain the confidentiality of the information of Plaintiff and The Class.

- For costs of suit;
- For such further relief as this Court deems necessary, just, and proper.

## TRIAL BY JURY

Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Respectfully submitted,

Date: June 5, 2018     **Kazerouni Law Group**

By:  /s Ryan L. McBride
Ryan L. McBride
*Attorneys for Plaintiff*