**KAZEROUNI LAW GROUP, APC**
Abbas Kazerounian, Esq. (SBN: 249203)
ak@kazlg.com
Ryan L. McBride, Esq. (SBN: 297557)
ryan@kazlg.com
Emily C. Beecham, Esq. (SBN: 315462)
emily@kazlg.com
245 Fischer Avenue, Unit D1
Costa Mesa, CA 92626
Telephone: (800) 400-6808
Facsimile: (800) 520-5523

*Attorneys for Plaintiff,*
Gregory Franklin

### UNITED STATES DISTRICT COURT
### NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREGORY FRANKLIN, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>OCWEN LOAN SERVICING, LLC,<br><br>Defendant. | Case No.: 3:18-cv-03333-SI<br><br>**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS FIRST AMENDED COMPLAINT PURSUANT TO FED. R. CIV. P. 12(B)(6)**<br><br>Date: November 2, 2018<br>Time: 9:00 A.M.<br>Dept.: 1<br>Judge: Hon. Susan Illston |

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

1

# TABLE OF CONTENTS

2

3    I.    INTRODUCTION ................................................................ 1

4    II.   STATUTORY BACKGROUND ............................................. 1

5    III.  STATEMENT OF THE FACTS ........................................... 2

6    IV.   LEGAL STANDARD ......................................................... 4

7    V.    THE STATUTE OF LIMITATIONS ON PLAINTIFF'S

8          CIPA CLAIM WAS TOLLED UNDER CALIFORNIA'S

9          DELAYED DISCOVERY RULE ........................................... 5

10             A. Plaintiff Pled Facts Sufficient to Demonstrate the

11                Time and Manner of Discovery ..................................... 6

12             B. Plaintiff Could Not Have Made Earlier Discovery

13                of Defendant's Surreptitious Recording Practices ........... 7

14   VI.   PLAINTIFF AND THE PUTATIVE CLASS MAY SEEK

15         DAMAGES ON A PER VIOLATION BASIS PURSUANT

16         TO SECTION 637.2 ......................................................... 8

17             A. Many Courts Applied Per Violation Recovery Prior

18                to the 2017 Amendment to Section 637.2 ...................... 9

19             B. The 2017 Amendment was Merely a Legislative

20                Attempt to Clarify the Statute ..................................... 11

21   VII.  CONCLUSION ................................................................ 13

22

23

24

25

26

27

28

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

1

## TABLE OF AUTHORITIES

2   <u>CASES</u>

3   *Akopian v. VW Credit, Inc.*,

4       2013 WL 12123233 (C.D. Cal. Apr. 30, 2013) ................................................. 5

5   *Ashcroft v. Iqbal*,

6       129 S. Ct. 1937 (2009) ...................................................................................... 4

7   *Barker v. Riverside County Office of Ed.*,

8       584 F.3d 821 (9th Cir. 2009) ........................................................................... 4

9   *Bell Atl. Corp. v. Twombly*,

10      550 U.S. 544 (2007).......................................................................................... 4

11  *Cahill v. Liberty Mutual Ins. Co.*,

12      80 F.3d 336 (9th Cir. 1996) ............................................................................

13  *Chang v. Chen*,

14      80 F.3d 1293 (9th Cir. 1996) ........................................................................... 4

15  *Coulter v. Bank of America*,

16      28 Cal. App. 4th 923 (1994) .......................................................................... 10

17  *Dimidowich v. Bell & Howell*,

18      803 F.2d 1473 (9th Cir. 1986) ....................................................................... 10

19  *Flanagan v. Flanagan*,

20      27 Cal. 4th 766 (2002) ........................................................................ 2, 10, 11

21  *Foote v. Credit One Bank, N.A.*,

22      2014 U.S. Dist. LEXIS 19575 (C.D. Cal. Mar. 10, 2014) ............................... 11

23  *Fox v. Ethicon Endo-Surgery, Inc.*,

24      35 Cal. 4th 797 (2005) ..................................................................................... 6

25  *Friddle v. Epstein*,

26      16 Cal. App. 4th 1649 (1993) .......................................................................... 2

27

28

KAZEROUNI LAW GROUP, APC<br>245 FISCHER AVENUE, UNIT D1<br>COSTA MESA, CA 92626

*Hall v. City of Santa Barbara*,

    833 F.2d 1270 (9th Cir. 1986) ............................................................. 5

*Hurst v. Columbia Sportswear, Co.*,

    2014 U.S. Dist. LEXIS 32144 (C.D. Cal. Mar. 10, 2014) ................................ 10

*Jackson v. Carey*,

    353 F.3d 750 (9th Cir. 2003) ............................................................. 4

*Kearney v. Salomon Smith Barney, Inc.*,

    39 Cal. 4th 95 (2006) ............................................................. 1, 2

*Kight v. CashCall, Inc.*,

    200 Cal. App. 4th 1377 (2011) ............................................................. 2, 6

*Kimmel v. Goland*,

    51 Cal. 3d 202 (1990) ............................................................. 9

*Kleenwell Biohazard Waste & Gen. Ecology Consultants v. Nelson*,

    48 F. 3d 391 (9th Cir. 1995) ............................................................. 10

*Lal v. Capital One Financial Corporation*,

    2017 WL 134563 (N.D. Cal. Apr. 4, 2017) ............................................................. 9

*Lee v. City of Los Angeles*,

    250 F.3d 668 (9th Cir. 2001) ............................................................. 4, 8

*Lopez v. Smith*,

    203 F.3d 1122 (9th Cir. 2000) ............................................................. 4

*Martin v. Cal. Mut. Bldg. & Loan Ass'n*,

    18 Cal. 2d 478 (1941) ............................................................. 11

*McDougal v. County of Imperial*,

    942 F.2d 668 (9th Cir. 1991) ............................................................. 5

*Mendiondo v. Centinela Hosp. Med. Ctr.*,

    521 F.3d 1097 (9th Cir. 2008) ............................................................. 4

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

*Montalti v. Catanzariti,*

    236 Cal. Rptr. 231 (Cal. Ct. App. 1987) ........................................................ 5

*Moss v. U.S. Secret Serv.,*

    572 F.3d 962 (9th Cir. 2009) ........................................................................ 4

*NEI Contracting and Engineering, Inc. v. Hanson Aggregates, Inc.,*

    2017 WL 2363163 (S.D. Cal. May 31, 2017) ............................................ 7

*Pareto v. F.D.I.C.,*

    139 F.3d 696 (9th Cir. 1998) ........................................................................ 4

*Ramos v. Capitol One, N.A.,*

    2017 WL 323488 (N.D. Cal. Jul. 27, 2017) ................................................ 9

*Ribas v. Clark,*

    38 Cal. 3d 355 (1985) .......................................................................... 2, 9

*Ronquillo-Griffin v. Telus Communs., Inc.,*

    2017 U.S. Dist. LEXIS 99577 (S.D. Cal. June 27, 2017) ................... 9, 11, 12

*Vess v. Ciba-Geigy Corp. USA,*

    317 F.3d 1097 (9th Cir. 2003) ...................................................................... 5

*Zephyr v. Saxon Morg. Servs.,*

    2012 U.S. Dist. LEXIS 78091 (E.D. Cal. June 4, 2012) .............................. 10


### STATUTES

California Invasion of Privacy Act,

    Cal. Pen. Code section 630, *et seq.* .................................................... 1, 2

California Invasion of Privacy Act,

    Cal. Pen. Code section 632.7 ...................................................... 8, 9, 13

Cal. Pen. Code § 637.2 Amendments ...................................................... 9

California Invasion of Privacy Act,

    Cal. Pen. Code section 637.2 ............................................................ *passim*

Cal. Code Civ. Proc. § 340 ................................................................. 5

Fed. R. Civ. P. 8(a)(2) ....................................................................... 4

Fed. R. Civ. P. 12(b)(6) ..................................................................... 4

Fed. R. Civ. P. 15(a)(2) ..................................................................... 5


**LEGISLATION**

2016 Cal. Legis. Serv. Ch. § 855 (A.B. 1617) (West) ........................... 12

Cal. Bill Analysis, A.B. 1671 Sen. Comm. Pub. Safety (June 28, 2016) .............. 12

Stats. 2016, c. 855 (A.B. 1671), § 4, eff. Jan. 1, 2017 ......................... 11


**OTHER**

Comment, Electronic Surveillance in California: A Study in State

Legislative Control,

    57 Cal. L. Rev. 1182 (1969) ................................................. 2

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

1    Plaintiff, GREGORY FRANKLIN ("Plaintiff"), respectfully submits this

2  Opposition to defendant, OCWEN LOAN SERVICING, LLC'S ("Defendant"),

3  Motion to Dismiss Plaintiff's First Amended Complaint ("Defendant's Motion").

## I.    INTRODUCTION

5    This class action lawsuit arises out of Defendant's practice of surreptitiously

6  recording its calls with California consumers in violation of the California Invasion

7  of Privacy Act, Cal. Pen. Code section 630, *et seq.* ("CIPA"). Specifically,

8  Defendant fails to provide a recording disclosure at the outset of its calls with

9  California consumers, thereby depriving consumers of the opportunity to consent

10 to the recording of private communications, including protected identification

11 information.

12    Plaintiff brings this suit on behalf of himself and all others similarly situated

13 to challenge Defendant's illicit recording practices. In response, Defendant filed a

14 Motion to Dismiss Plaintiff's First Amended Complaint ("Defendant's Motion").

15 [Dkt. 20.] As demonstrated herein, Defendant's Motion should be denied in its

16 entirety because 1) the violations at issue in Plaintiff's First Amended Complaint

17 ("FAC") were only recently discovered, thereby tolling the statute of limitations;

18 and 2) Defendant's challenge to Plaintiff's prayer for statutory damages on a per

19 violation basis is unsupported, and indeed, refuted by controlling case law.

## II.    STATUTORY BACKGROUND

21    California's Invasion of Privacy Act ("CIPA") was enacted in 1967. *See*

22 *Kearney v. Salomon Smith Barney, Inc.*, 39 Cal. 4th 95, 115 (2006). CIPA is a

23 "broad, protective invasion-of-privacy statute" enacted to address "a serious and

24 increasing threat to the confidentiality of private communications resulting from

25 then recent advances in science and technology that had led to the development of

26 new devices and techniques for eavesdropping upon and recording such private

27 communications." *Id.* Section 632 provides important privacy protections to

28

California residents, like Plaintiff. "'[S]ecret monitoring [and recording] denies the speaker an important aspect of privacy of communication—the right to control the nature and extent of the firsthand dissemination of his statements.'" *Kight v. CashCall, Inc.*, 200 Cal. App. 4th 1377, 1398 (2011) (quoting *Ribas v. Clark*, 38 Cal. 3d 355, 640-641 (1985) (citing *Comment, Electronic Surveillance in California: A Study in State Legislative Control*, 57 Cal. L. Rev. 1182, 1232 (1969))). The "Privacy Act is a coherent statutory scheme. It protects against intentional, nonconsensual recording of telephone conversations regardless of the content of the conversation or the type of telephone involved." *Flanagan v. Flanagan*, 27 Cal. 4th 766, 776 (2002) "The privacy act's goal of deterrence is shown . . . by the double-barreled criminal and civil penalties[.]" *Friddle v. Epstein*, 16 Cal. App. 4th 1649, 1661, fn. 10 (1993).

The California Supreme Court explained in *Kearney* that Section 632 "prohibits [] a party from secretly or surreptitiously . . . recording the conversation *without first informing all parties* to the conversation that the conversation is being recorded. *Kearney*, 39 Cal. 4th at 126. All that is required to comply with the Privacy Act is to offer the ubiquitous "all calls will be monitored or recorded" disclosure *at the outset* of a call to permit participants the opportunity to opt out of the call or refrain from disclosing certain personal or financial information that they do not wish to be recorded. *Id.* at 118.

Despite the fact that compliance can be easily and inexpensively achieved, Defendant elects to secretly record its calls with California consumers.

## III.   STATEMENT OF THE FACTS

Plaintiff brings claims, individually and on behalf of all others similarly situated, against Defendant for violations of California's Invasion of Privacy Act, Cal. Pen. Code section 630, *et seq.* [FAC, ¶ 1.] Plaintiff alleges that between 2011 and 2015, Defendant placed numerous calls to Plaintiff's cellular telephone in an

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

attempt to collect payment on Plaintiff's mortgage. [*See id.* at ¶¶ 18-21.] At the time of the calls, Defendant was servicing Plaintiff's mortgage. [*Id.* at ¶ 19.]

Plaintiff had a reasonable expectation that his telephone conversations with Defendant would not be recorded due to the private nature of the calls, which involved Plaintiff's personal financial affairs. [*Id.* at ¶ 22.] However, it turns out that Defendant systematically records all telephone conversations with its customers. [*Id.* at ¶ 22.] Through discovery in a separate case involving Defendant, Plaintiff learned that it was Defendant's policy to verify certain personal identification information and account information prior to disclosing that its calls are recorded. [*Id.* at ¶ 26.] In or around February 2018, Plaintiff obtained numerous recordings of conversations with Defendant which included recordings where Defendant did not provide a recording disclosure at all. [*Id.* at ¶ 27.] Plaintiff was shocked to discover that Defendant recorded all of its calls, including those calls where no disclosure was given. [*Id.* at ¶¶ 23-25, 27-28.] Where Defendant did provide a recording disclosure, Plaintiff was unaware that the entirety of his conversations with Defendant were recorded, as Defendant would not inform Plaintiff that a call was being recorded until *after* he provided private identification information. [*Id.* at ¶¶ 23, 28.] Plaintiff found Defendant's secretive recording to be highly offensive. [*Id.* at ¶ 29.] Plaintiff did not, and could not, provide consent to record the entirety of Plaintiff's conversations with Defendant, as Defendant did not provide notice of the recording at the outset of its calls. [*Id.* at ¶ 35.]

During the relevant period, Defendant caused all of its calls to the public, including those made to California residents, to be recorded without the knowledge or consent of the public, including Plaintiff and other California residents. [*Id.* at ¶ 33.] Plaintiff seeks statutory damages and injunctive relief on behalf of himself and the putative class pursuant to Cal. Pen. Code section 637.2. [*Id.* at ¶ 39.] Plaintiff

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

1    and the putative class are entitled to $5,000.00 per violation. Cal. Pen. Code §

2    637.2(a). [*See* FAC, ¶¶ 46, 58.]

3    **IV.    LEGAL STANDARD**

4         Under federal pleading standards, a complaint requires *only* "a short and plain

5    statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P.

6    8(a)(2).  Under Rule 12(b)(6), a defendant may bring a motion to dismiss for failure

7    to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). "Dismissal

8    under Rule 12(b)(6) is appropriate only where the complaint lacks a cognizable legal

9    theory or sufficient facts to support a cognizable legal theory." *Mendiondo v.*

10   *Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008); *see also, Bell Atl.*

11   *Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

12        A court will not normally look beyond the four corners of the complaint in

13   resolving a Rule 12(b)(6) motion. *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th

14   Cir. 2001). The court must construe the complaint in the light most favorable to the

15   plaintiff and must accept all factual allegations as true. *Cahill v. Liberty Mutual Ins.*

16   *Co.*, 80 F.3d 336, 337–38 (9th Cir. 1996).  In addition, the court must also accept as

17   true all reasonable inferences to be drawn from the material allegations in the

18   complaint. *See Barker v. Riverside County Office of Ed.*, 584 F.3d 821, 824 (9th Cir.

19   2009); *Pareto v. F.D.I.C.*, 139 F.3d 696, 699 (9th Cir. 1998). Unlike factual

20   allegations, conclusory statements are not entitled to a presumption of truth. *Ashcroft*

21   *v. Iqbal*, 129 S. Ct. 1937, 1951 (2009); *see also Moss v. U.S. Secret Serv.*, 572 F.3d

22   962, 969 (9th Cir. 2009).

23        Dismissal of a plaintiff's complaint without leave to amend is appropriate only

24   when a court is satisfied that the deficiencies in the complaint could not possibly be

25   cured by amendment. *Jackson v. Carey*, 353 F.3d 750, 758 (9th Cir. 2003) (citing

26   *Chang v. Chen*, 80 F.3d 1293, 1296 (9th Cir. 1996)); *Lopez v. Smith*, 203 F.3d 1122,

27   1127 (9th Cir. 2000).  Indeed, a dismissal for failure to comply with Rule 12(b)(6)

28

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

1  "should ordinarily be without prejudice." *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d

2  1097, 1108 (9th Cir. 2003).[1]  "The court should freely give leave when justice so

3  requires." Fed. R. Civ. P. 15(a)(2).

4      In light of the above standards, Defendant's Motion should be denied in its

5  entirety. Alternatively, Plaintiff respectfully requests leave to file a Second

6  Amended Complaint to cure any pleading deficiencies.

7  **V.  THE STATUTE OF LIMITATIONS ON PLAINTIFF'S CIPA CLAIM**

8        **WAS TOLLED UNDER CALIFORNIA'S DELAYED DISCOVERY**

9        **RULE**

10      Defendant argues that Plaintiff's CIPA claim is time-barred. [Defendant's

11  Motion, 3-6.] The statute of limitations on a claim for invasion of privacy is one

12  year. *See* Cal. Code Civ. Proc. § 340. "Under [California's] delayed discovery rule,

13  the accrual of a cause of action for purposes of the statute of limitations is postponed

14  until the plaintiff discovers, or has reason to discover, the cause of action." *Akopian*

15  *v. VW Credit, Inc.*, 2013 WL 12123233, *2 (C.D. Cal. Apr. 30, 2013) (citing *Fox v.*

16  *Ethicon Endo-Surgery, Inc.*, 35 Cal. 4th 797, 807 (2005) (citing *Nogart v. Upjohn*

17  *Co.*, 981 P.2d 79, 88 (Cal. 1999))).

18      Due to the nature of secret recording, actions brought under Penal Code

19  section 632 warrant application of the discovery rule. *Akopian*, 2013 WL 12123233,

20  *2 (citing *Montalti v. Catanzariti*, 236 Cal. Rptr. 231, 232 (Cal. Ct. App. 1987) ("By

21  its nature, secret monitoring of private conversations is conduct not subject to

22  contemporary reasonable discovery . . . to apply the unswallowed 'portions' of the

23  general rule [Cal. Code Civ. Proc. § 340] for civil penalties under [Penal Code

24  section 632] would reward those . . . wrongdoers who successfully maintain the

25  secrecy of their surreptitious acts[.]")). To satisfy the pleading requirement on the

26  ————————————

27  [1] In the Ninth Circuit, the Rule 12(b)(6) motion "'is viewed with disfavor and is rarely granted.'"
*McDougal v. County of Imperial*, 942 F.2d 668, 676 n.7 (9th Cir. 1991) (quoting *Hall v. City of Santa Barbara*, 833 F.2d 1270, 1274 (9th Cir. 1986)).

28

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

**1**  discovery rule, Plaintiff must plead facts showing "(1) the time and manner of
**2**  discovery and (2) the inability to have made earlier discovery despite reasonable
**3**  diligence." *Fox v. Ethicon Endo-Surgery, Inc.*, 35 Cal. 4th 797, 808 (2005).

**4**      **A. Plaintiff Pled Facts Sufficient to Demonstrate the Time and Manner**
**5**      **of Discovery**

**6**      Plaintiff clearly pled facts in the FAC sufficient to demonstrate the time and
**7**  manner of discovery of Defendant's conduct. Specifically, Plaintiff pled that
**8**  "[t]hrough discovery in other litigation with Defendant, Plaintiff learned that it was
**9**  Defendant's policy to verify certain personal identification information and account
**10**  information prior to disclosing that its calls are recorded." [FAC, ¶ 26.] Plaintiff
**11**  further pled that "[i]n or around February 2018, Plaintiff obtained numerous
**12**  recordings of conversations with Defendant through other litigation," including a
**13**  recording dated November 11, 2011, where there was no disclosure at all. [*Id.* at ¶
**14**  27.] Plaintiff was shocked to discover that Defendant recorded calls where it did not
**15**  provide a disclosure, and further, where calls were recorded at the outset of
**16**  conversations prior to a disclosure. [*Id.* at ¶¶ 24, 27-28.]

**17**      Indeed, it was Defendant's policy to wait until after a customer provided
**18**  certain private identification information to inform the customer that the
**19**  conversation was being recorded. [FAC, ¶¶ 25-26.] Specifically, when calling
**20**  Plaintiff, Defendant purposefully waited to let Plaintiff know the call was being
**21**  recorded until after Plaintiff verified his identity. [FAC ¶¶ 23, 28.] And even then,
**22**  Plaintiff reasonably believed that the call would only be recorded from that point
**23**  forward. [*See* FAC, ¶ 28.]

**24**      Penal Code section 632 is violated the "moment" the recording is made
**25**  without the consent of all parties thereto, regardless of whether it is subsequently
**26**  disclosed. *See Kight*, 200 Cal. App. 4th at 1389. Here, although Plaintiff was
**27**  eventually informed, on *some* of the calls, that he was being recorded, Plaintiff was

**28**

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

1  not informed at the "moment" the recording was made. Thus, Defendant clearly

2  acted in violation of section 632; and Plaintiff only became aware of the violation

3  when he received recordings of his conversations with Defendant through discovery

4  in other litigation this year. [*See* FAC, ¶¶ 26-28.]

5  **B. Plaintiff Could Not Have Made Earlier Discovery of Defendant's**

6  **Surreptitious Recording Practices**

7  Plaintiff simply could not have known that his calls were recorded where no

8  disclosure was given. And even in calls where a disclosure was ultimately given,

9  Plaintiff could not have known that the recording began at the *outset* of the call, *prior*

10  *to the disclosure*, and during which Plaintiff provided private identification

11  information and details about his loan. Plaintiff learned of such recording practices

12  only during discovery through other litigation involving Defendant. [*See* FAC,

13  ¶¶ 26-28.] The only way Plaintiff could have logically discovered the recordings and

14  Defendant's internal policies any sooner, would have been if Defendant had

15  volunteered the information to Plaintiff outside of its discovery obligations. Plaintiff

16  filed this suit at the earliest possible date, on June 5, 2018 (Dkt. 1), only a few months

17  after discovery of the recordings and policies in issue. [*See* FAC, ¶¶ 26, 27.]

18  Defendant's argument that the alleged beep tone associated with an auto-

19  dialer should have put Plaintiff on notice that all of his conversations with Defendant

20  were recorded,[2] is absurd. [*See* Defendant's Motion, 5-6.] Neither Plaintiff nor

21  Plaintiff's counsel could have determined that all of Plaintiff's conversations with

22  Defendant were recorded simply by listening for a "beep". This line of argument is

23  illogical and would require Plaintiff to jump to conclusions that very well could not

24  be true. The fact that Plaintiff may have heard a beep tone on *some* phone calls is

---

[2] In support of this argument, Defendant cites to *NEI Contracting and Engineering, Inc. v. Hanson Aggregates, Inc.*, 2017 WL 2363163, *1 (S.D. Cal. May 31, 2017), quoting a fleeting statement taken out of context from the "Background" section of an order on a motion for attorney's fees and costs. This was clearly not intended to serve as authority for the far-fetched assertion that beep tones always indicate a recording.

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

not conclusive that *all* of his calls with Defendant were systematically recorded. Plaintiff has not made that allegation and the Court should not draw that inference, or allow facts outside of the four corners of Plaintiff's FAC. *See Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001).

Rather, Plaintiff and Plaintiff's counsel became aware of Defendant's recording practices for the first time during discovery in another case earlier this year. Neither Plaintiff nor Plaintiff's counsel could have discovered the recordings and Defendant's policies any sooner. Therefore, the statute of limitations was tolled until the time of discovery, and Plaintiff filed his initial Complaint well within the applicable limitations period.

# VI.   PLAINTIFF AND THE PUTATIVE CLASS MAY SEEK DAMAGES ON A PER VIOLATION BASIS PURSUANT TO SECTION 637.2

Plaintiff seeks statutory damages of $5,000 for each violation of section 632.7, or three times the amount of any actual damages sustained by Plaintiff, whichever is greater. [*See* FAC, ¶¶ 46, 58.] Pursuant to amendment, effective January 1, 2017, California Penal Code § 637.2(a) expressly provides:

> (a) Any person who has been injured by a violation of this chapter may bring an action against the person who committed the violation for the greater of the following amounts:
>
> 1) Five thousand dollars ($5,000) per violation.
>
> 2) Three times the amount of actual damages, if any, sustained by the plaintiff.

Cal. Penal Code § 637.2(a) (emphasis added). The amendment added the language "per violation" to subdivision one.

Defendant contends that the amendment effectively "changed" the statute, and that the purported change in law does not apply retroactively to the calls placed to

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

Plaintiff between 2011 and 2015. [Defendant's Motion, 11-13.] Defendant relies predominantly on the matter *Lal v. Capital One Financial Corporation* ("*Lal*"), 2017 WL 134563 (N.D. Cal. Apr. 4, 2017) (concluding "the amendment actually changed § 632.7 and did not merely clarify it"). Notably, at least one other court has disagreed with the holding in *Lal*, finding that the 2017 amendment clarified rather than changed the law. *See Ronquillo-Griffin v. Telus Communs.*, Inc., 2017 U.S. Dist. LEXIS 99577, *16 (S.D. Cal. June 27, 2017) ("The court agrees with Plaintiffs that the [2017] amendment clarified, rather than changed, the true meaning of section 637.2, and respectfully disagrees with the holding in *Lal*."). Second, the *Lal* decision is inconsistent with previous case law, including longstanding and controlling California Supreme Court authority, which applied a "per violation" remedy under section 637.2 well before the 2017 amendment, which suggests that the amendment intended only to *clarify* and affirm this interpretation of the statute, and <u>not</u> change the law. Similarly, *Ramos v. Capitol One, N.A.*, 2017 WL 3232488, *7 (N.D. Cal. Jul. 27, 2017), ignores a stream of case law that applied damages on a per violation basis long before the 2017 amendment.

## A. Many Courts Applied Per Violation Recovery Prior to the 2017 Amendment to Section 637.2

In *Ribas v. Clark*, the California Supreme Court declared that California Penal Code § 637.2 "authorizes civil awards of $3,000[3] for each violation of California Penal Code § 632 despite a party's inability to prove actual injury." 38 Cal. 3d 355, 365 (1985).

In *Kimmel v. Goland*, the California Supreme Court specifically reiterated the rule in *Ribas*: "we concluded that Penal Code section 637.2 'authorizes civil awards of $ 3,000 for each violation of [California Penal Code § 632].'" 51 Cal. 3d

---

[3] The 1992 Amendment to section 637.2 substituted "Five thousand dollars ($5,000)" for "Three thousand dollars ($3,000)" in subdivision (a)(1). *See* Cal. Pen. Code § 637.2 Amendments.

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

202, 210 (1990).[4]

In *Coulter v. Bank of America* ("*Coulter*"), Coulter admitted to secretly recording conversations with the bank's officers, managers, and employees more than 160 times. 28 Cal. App. 4th 923 (1994). The bank and its employees sought summary adjudication with respect to forty-four recordings for which there was no question as to the date, content, or parties involved. *Id*. at 925–26, n.4. The Court awarded $3,000 *per incident*,[5] multiplied by forty-four separate incidents, providing for a total award of $132,000. *Id*. at 924. If the *Lal* interpretation of the amendment were correct, the *Coulter* court would have awarded only $3,000 for the entire action.

In *Flanagan,* the California Supreme Court considered whether to accept *Coulter* or adopt the alternative view that "a conversation is confidential only if the party has an objectively reasonable expectation that the content will not later be divulged to third parties." 27 Cal. 4th at 768. After carefully considering the issue, it declared: "We endorse the standard established in . . . *Coulter*." *Id*. at 768.  In *Flanagan*, a jury found that the defendant had recorded the plaintiff surreptitiously in twenty-four telephone calls and thus awarded him $5,000 per secretly recorded call, totaling $120,000. *Id*. at 771.[6] On the defendant's motion for a new trial or for

---

[4] A district court is bound by an on-point decision on California law by the California Supreme Court. *See Kleenwell Biohazard Waste & Gen. Ecology Consultants v. Nelson*, 48 F.3d 391, 397 (9th Cir. 1995); *Dimidowich v. Bell & Howell,* 803 F.2d 1473, 1482 (9th Cir. 1986) (the Ninth Circuit "is bound to follow a state court's interpretation of that state's statutes"), *opinion modified on den. of reh'g,* 810 F.2d 1517 (9th Cir. 1987); *see also Zephyr v. Saxon Mortg. Servs.*, 2012 U.S. Dist. LEXIS 78091, *18 (E.D. Cal. June 4, 2012) ("*Kearney's* constitutional analysis is persuasive and its determinations regarding the meaning and application of §§ 632 and 632.7 are controlling.").

[5] At the time the *Coulter* was decided, California Penal Code § 637.2 provided for $3,000 in statutory damages (instead of $5,000).

[6] Additionally, in the matter of *Hurst v. Columbia Sportswear Co.*, No. CV 14-00075-RGK (JEMx), 2014 U.S. Dist. LEXIS 32144, at *2 (C.D. Cal. Mar. 10, 2014), it is worth noting the defendant argued that § 632.7 provides damages of $5,000 per violation in demonstrating that the federal jurisdictional amount was met.

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

1  judgment notwithstanding the verdict, the trial court limited the statutory damages

2  to a total of $5,000, reasoning that multiple conversations involving the same

3  subject should be considered a single violation. *Id*. The appellate court reversed,

4  rejecting the theory that the statute provides for a single $5,000 award per victim

5  irrespective of the number of recorded conversations, and the theory that

6  constitutional principles limited damages to $5,000. *Id*. The appellate court

7  determined, however, that only two of the conversations were confidential,[7] and

8  directed that the plaintiff be awarded $5,000 for each of those two calls. *Id*. at 772.

9  The Supreme Court rejected the standard that the appellate court used to determine

10  whether the calls were confidential and remanded for a determination of whether

11  the plaintiff was entitled to further statutory damages. *Id*. at 766.

12      Here, Defendant's position that section 637.2 did not intend to provide a "per

13  violation" remedy prior to the 2017 amendment is clearly inconsistent with the

14  application of the statute by the California Supreme Court in *Flanagan*.

15      **B. The 2017 Amendment was Merely a Legislative Attempt to Clarify**

16          **the Statute**

17      In the case of a statutory amendment, as here, "'an intention to change the

18  law is usually inferred from a material change in the language of the statute, [but] a

19  consideration of the surrounding circumstances may indicate . . . that the

20  amendment was merely the result of a legislative attempt to clarify the true meaning

21  of the statute.'" *Ronquillo-Griffin*, 2017 U.S. Dist. LEXIS 99577 at 15-16 (quoting

22  *Martin v. Cal. Mut. Bldg. & Loan Ass'n*, 18 Cal. 2d 478, 484 (1941)).

23      Section 637.2 was amended along with several other Penal Code sections,

24  including section 632, in Assembly Bill 1671 ("A.B. 1671"). *See* Stats. 2016, c. 855

25  ─────────────

26  [7] Here, Plaintiff need not show that his conversations were confidential as Plaintiff alleges violations under section 632.7. *See Foote v. Credit One Bank, N.A.*, No. CV-13-8605-MWF

27  (PLAx), 2014 U.S. Dist. LEXIS 195757, at *5 (C.D. Cal. Mar. 10, 2014) ("§ 632.7 conspicuously lacks a requirement that the surreptitiously recorded communication be confidential.").

28

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

1    (A.B. 1671), § 4, eff. Jan. 1, 2017. The amendment served three main purposes: 1)

2    to expand criminal liability for eavesdropping upon or recording confidential

3    communications under certain circumstances and with certain exceptions; 2) to

4    "provide that monetary damages be imposed per violation of the above-described

5    provisions"; and 3) to "require the above-specified fines to be imposed on a per-

6    violation basis[.]" *See* 2016 Ca. Legis. Serv. Ch. 855 (A.B. 1671) (West).

7        With respect to the imposition of fines on a per violation basis under section

8    632(a), it was noted in the Senate Committee on Public Safety's bill analysis that

9    A.B. 1671 not only "[c]larifies [that] the prohibition on recording a confidential

10   communication applies to each violation," but also "***clarifies*** that the penalties will

11   be applied for each violation of the offense." Cal. Bill Analysis, A.B. 1671 Sen.

12   Comm. Pub. Safety (June 28, 2016) (emphasis added). Just as section 632(a) did

13   not include the phrase "per violation" prior to the 2017 amendment, neither did

14   section 637.2. However, both sections included the phrase after the amendment, and

15   "the only discussion of the phrase consistently indicated that it served a clarifying

16   purpose." *Ronquillo-Griffin*, 2017 U.S. Dist. LEXIS 99577 at 19. "Thus, it is only

17   logical to conclude that if the phrase was clarifying with respect to section 632(a),

18   it was clarifying with respect to section 637.2, as well." *Id.* "To embrace the

19   alternative view . . . one would have to believe that the Legislature intended a

20   massive change to the statute's scope (given the modern ease in placing, and

21   recording, thousands of calls per day), yet provided no indication of that intent, nor

22   analysis regarding the consequences of that decision, in the legislative history or

23   anywhere else." *Id.*

24       If a person secretly records more than one telephone conversation without

25   warning, that person has violated the statute more than once, has caused injury more

26   than once, and the party injured is entitled to the $5,000 statutory damage amount

27   for each violation. The law permits the imposition of a statutory damage for each

28

secretly recorded telephone call because no single injury is more or less an affront than any other. Interpreting the statute, prior to 2017, as providing only $5,000 per action would permit a violator to repeatedly invade the privacy of another without fear of additional sanction. This was not the Legislature's intent as reflected by the 2017 amendment, which served to clarify and confirm the California Supreme Court's interpretation and application of section 637.2—that is, to provide recovery on a per violation basis.

## VII.   CONCLUSION

Based on the foregoing, Plaintiff respectfully requests that Defendant's Motion be denied in its entirety, as the statute of limitations on Plaintiff's claims under section 632.7 were tolled pursuant to California's delayed discovery rule; and the recent 2017 amendment to section 637.2(a) served only to clarify that a "per violation" remedy is available under the statute, which many courts, including the California Supreme Court, have long-since awarded.

Should the Court be inclined to grant Defendant's Motion, in whole or in part, Plaintiff respectfully requests leave to amend the First Amended Complaint to cure any deficiencies.

Dated:  September 13, 2018              Respectfully Submitted,

                                       **KAZEROUNI LAW GROUP, APC**


                                By:    */s Abbas Kazerounian*
                                       Abbas Kazerounian, Esq.
                                       *Attorney for Plaintiff,*
                                       Gregory Franklin

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626