UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREGORY FRANKLIN,<br><br>  Plaintiff,<br><br>  v.<br><br>OCWEN LOAN SERVICING, LLC,<br><br>  Defendant. | Case No. 18-cv-03333-SI<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS FIRST AMENDED COMPLAINT**<br><br>Re: Dkt. No. 20 |

On November 2, 2018, the Court heard argument on defendant's motion to dismiss the first amended complaint. *See* Dkt. No. 20. For the reasons that follow, the Court GRANTS IN PART and DENIES IN PART defendant's motion.

**BACKGROUND**

On June 5, 2018, plaintiff Gregory Franklin brought suit against defendant Ocwen Loan Servicing, LLC, individually and on behalf of all others similarly situated, for the alleged violation of California Penal Code § 632.7. Dkt. No. 1. The following facts are taken from the First Amended Complaint ("FAC"), which the Court treats as true for the purposes of this motion. *See* Dkt. No. 18. Between 2011 and 2015, defendant, which was servicing plaintiff's home mortgage, "placed numerous phone calls to Plaintiff." *Id.* ¶¶ 18-19. Plaintiff had allegedly fallen behind on his mortgage payments and the purpose of the calls was to collect payment from plaintiff. *Id.* ¶ 20. Many of these calls were made to plaintiff's cell phone. *Id.* ¶ 21. Plaintiff alleges that "[o]nly after Plaintiff provided his personal identification information and verified his account information would Defendant inform Plaintiff that the telephone call was being recorded." *Id.* ¶ 23. Plaintiff further alleges, "On some occasions, Defendant did not tell Plaintiff the telephone

call was being recorded at all." *Id*. ¶ 24. Plaintiff states that he had "a reasonable expectation that these telephone conversations with Defendant would not be recorded due to the private subject matter being discussed, which involved Plaintiff's personal financial affairs." *Id*. ¶ 22.

Plaintiff alleges that he first learned of the recordings in or around February 2018. He states that "[t]hrough discovery in other litigation with Defendant, Plaintiff learned that it was Defendant's policy to verify certain personal identification information and account information prior to disclosing that its calls are recorded." *Id*. ¶ 26. "In or around February 2018, Plaintiff obtained numerous recordings of conversations with Defendant through other litigation. The earliest recording was dated November 11, 2011, and there was no recording disclosure." *Id*. ¶ 27. While some calls allegedly had recording disclosures, plaintiff states that he "was shocked to discover that Defendant began recording its conversations with Plaintiff at the outset of its calls prior to disclosing to Plaintiff that the calls were being recorded." *Id.* ¶ 28. Plaintiff alleges that defendant installed certain recording equipment on its phone lines and that defendant "caused all of its calls to the public, including those made to California residents, to be recorded without the knowledge or consent of the public." *Id*. ¶¶ 31-33.

Plaintiff brings one claim for relief, for illegal recording of cellular phone conversations pursuant to California Penal Code § 632.7. He brings this suit on behalf of himself and a proposed class consisting of "[a]ll persons in California whose cellular telephone conversations were recorded without their consent by Defendant and/or its agent/s from November 11, 2011 through the date of filing this Complaint." *Id.* ¶ 41. Plaintiff seeks injunctive relief and statutory damages of $5,000 per violation, citing California Penal Code § 637.2.

Defendant now moves to dismiss the first amended complaint, arguing that plaintiff's claim is time barred. Dkt. No. 20 ("Mot.") at 3. In the alternative, defendant asks the Court to dismiss plaintiff's claim for $5,000 damages *for each violation*, arguing that that remedy was not available for calls made before 2017. *Id.* at 6.

### LEGAL STANDARD

A complaint must contain "a short and plain statement of the claim showing that the

2

pleader is entitled to relief," Fed. R. Civ. Pro. 8(a)(2), and a complaint that fails to do so is subject to dismissal pursuant to Rule 12(b)(6). To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). This "facial plausibility" standard requires the plaintiff to allege facts that add up to "more than a sheer possibility that a Defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009). While courts do not require "heightened fact pleading of specifics," a plaintiff must allege facts sufficient to "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 544, 555. "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id.*

In reviewing a Rule 12(b)(6) motion to dismiss, a district court must accept as true all facts alleged in the complaint and draw all reasonable inferences in favor of the plaintiff. *See Usher v. City of Los Angeles*, 828 F.2d 556, 561 (9th Cir. 1987). However, a district court is not required to accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008). If the Court dismisses a complaint, it must decide whether to grant leave to amend. The Ninth Circuit has "repeatedly held that a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (citations and internal quotation marks omitted).

As a general rule, the court may not consider materials beyond the pleadings when ruling on a Rule 12(b)(6) motion. *Lee v. City of Los Angeles*, 250 F.3d 668, 688-89 (9th Cir. 2001). However, the court "may take judicial notice of court filings and other matters of public record." *Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 749 (9th Cir. 2006) (citing *Burbank-Glendale-Pasadena Airport Auth. v. City of Burbank,* 136 F.3d 1360, 1364 (9th Cir.1998)). The

court may not take judicial notice of facts in the public record that are subject to reasonable dispute. *Lee*, 250 F.3d at 690.

**DISCUSSION**

California Penal Code § 632.7, part of the California Invasion of Privacy Act ("CIPA"), prohibits the intentional recording of "a communication transmitted between two cellular radio telephones, a cellular radio telephone and a landline telephone, two cordless telephones, a cordless telephone and a landline telephone, or a cordless telephone and a cellular radio telephone" "without the consent of all parties to [the] communication[.]" Cal. Penal Code § 632.7. Defendant does not contest plaintiff's substantive allegations at this stage. Rather, defendant first argues that plaintiff's complaint is time barred. In the alternative, defendant argues that statutory damages are not available on a per violation basis.

**I.      Statute of Limitations and the Delayed Discovery Rule**

The parties agree that under California law, the statute of limitations for invasion of privacy claims is one year. The question, then, is whether the statute should be tolled by the delayed discovery rule. "The Ninth Circuit has unequivocally held that in order to rely on defense to a statute of limitations challenge provided by state law, plaintiff must meet the pleading requirements of state law." *Akopian v. VW Credit, Inc.*, No. 2:12-CV-8679-SVW-RZ, 2013 WL 12123233, at *2 (C.D. Cal. Apr. 30, 2013) (citations omitted). Under California's delayed discovery rule, the statute of limitations does not start to run until "the plaintiff discovers, or has reason to discover, the cause of action." *Id.* (citing *Fox v. Ethicon Endo-Surgery, Inc.*, 35 Cal. 4th 797, 807 (2005)). To utilize the delayed discovery rule, the plaintiff "must specifically plead facts to show (1) the time and manner of discovery *and* (2) the inability to have made earlier discovery despite reasonable diligence." *Id*. (emphasis in original) (quoting *McKelvey v. Boeing North American, Inc.*, 74 Cal. App. 4th 151, 160 (1999)). In California, "[r]esolution of the statute of limitations issue is normally a question of fact." *Fox*, 35 Cal. 4th at 810 (citing *Jolly v. Eli Lilly & Co.*, 44 Cal. 3d 1103, 1108 (1988)).

4

Defendant argues that plaintiff's claim is time barred because (1) plaintiff discovered the recording "many years ago when he was told the calls were being recorded" and (2) plaintiff "fails to plead the facts necessary to invoke the delayed discovery rule" because plaintiff did not conduct a reasonable investigation after being told that some calls were being recorded. Mot. at 4-5. Plaintiff responds that he pled sufficient facts to invoke the delayed discovery rule and that he was unable to discover the recordings as early as defendant contends. Dkt. No. 21 ("Opp'n") at 6-7.

In *Fox*, the California Supreme Court took as true the plaintiff's allegations that she "did not discover, nor suspect, nor was there any means through which her reasonable diligence would have revealed, or through which she would have suspected the . . . stapler as a cause of her injury until the deposition of [Dr. Gladen] was taken on August 13, 2001." 35 Cal. 4th at 811. The *Fox* court thus affirmed the appellate court's decision to grant the plaintiff leave to amend the complaint, given that her proposed amendment would have added the necessary detail to properly allege that her "cause of action did not accrue until after the stapler malfunction was revealed during the deposition of Dr. Gladen." *Id.*

Likewise here, the Court finds that plaintiff has adequately pled that he did not discover, or suspect that wrongdoing had occurred, until he received the recorded phone calls from defendant through litigation in February 2018. *See* FAC ¶ 27. For certain calls, he alleges that he received no recording disclosure at all, and defendant does not specifically contend that plaintiff could have known that such calls were being recorded.[1] *See id.* ¶ 24. For other calls, plaintiff states he was told partway through the call "that the telephone call was being recorded." *Id.* ¶ 23. Plaintiff

---

[1] Defendant generally contends that plaintiff knew, from a prior lawsuit, that defendant "was calling Plaintiff using automated systems, beep tones and prerecorded voices" and that this should have triggered him to inquire further. *See* Mot. at 5-6. Defendant asks the Court to take judicial notice of the complaint in *Franklin v. Ocwen Mortgage Servicing, Inc.*, Case No. 3:17-cv-02702-JST (N.D. Cal.). Dkt. No. 20-1 at 1. Under Rule 201(b) of the Federal Rules of Evidence, the Court may take judicial notice of facts not subject to reasonable dispute, such as court filings and other matters of public record. Fed. R. Evid. 201(b); *Reyn's Pasta Bella*, 442 F.3d at 746. The Court thus GRANTS defendant's request for judicial notice of the prior complaint but DENIES the request to the extent it seeks judicial notice of disputed facts contained therein, such as those regarding any use of beep tones. *See Reina-Rodriguez v. United States*, 655 F.3d 1182, 1193 (9th Cir. 2011) (observing that it is improper to judicially notice the contents of a transcript when the transcript "is subject to varying interpretations, and there is a reasonable dispute as to what the [transcript] establishes").

5

further alleges that he "learned that it was Defendant's policy to verify certain personal identification information and account information prior to disclosing that its calls are recorded." *Id.* ¶ 26. On calls where plaintiff received a recording disclosure, it is a reasonable inference that plaintiff was not aware that the recording had started before he heard the disclosure and gave consent.[2] Nor is the Court persuaded that plaintiff had any reason to suspect wrongdoing simply by the fact that on some of the phone calls plaintiff received a recording disclosure partway through. The very nature of plaintiff's allegations is that the recordings were done surreptitiously. Even if plaintiff became aware during the course of certain calls that those calls were being recorded, it does not follow that plaintiff should have known or inquired as to whether the calls were being illegally recorded before he gave his consent. Drawing all inferences in favor of the plaintiff, and mindful that resolution of this question is typically one of fact, the Court finds that plaintiff has alleged sufficient facts to avail himself of California's delayed discovery rule at this stage. Accordingly, the Court DENIES defendant's motion to dismiss plaintiff's claim on statute of limitations grounds.

## II. Statutory Damages

Defendant also seeks to dismiss the portion of plaintiff's complaint seeking statutory damages of $5,000 for each violation of California Penal Code § 632.7, pursuant to § 637.2(a). Defendant contends that plaintiff's claim for statutory damages per violation should be dismissed "because that remedy is not available under the version of Penal Code § 637.2 in effect during Plaintiff's calls with Ocwen." Mot. at 6.

Prior to 2017, California Penal Code § 637.2(a) provided:

> (a) Any person who has been injured by a violation of this chapter may bring an action against the person who committed the violation for the greater of the following amounts:
>
> (1) Five thousand dollars ($5,000).

---

[2] During oral argument, plaintiff could not confirm the exact language that was used in the call. However, plaintiff did state that there was no clear disclosure that the call had been recorded from the beginning.

6

(2) Three times the amount of actual damages, if any, sustained by the plaintiff.

Cal. Penal Code § 637.2(a) (2016).

As of January 1, 2017, § 637.2(a) now provides:

(a) Any person who has been injured by a violation of this chapter may bring an action against the person who committed the violation for the greater of the following amounts:

(1) Five thousand dollars ($5,000) *per violation*.

(2) Three times the amount of actual damages, if any, sustained by the plaintiff.

Cal. Penal Code § 637.2(a) (2017) (emphasis added).

The parties agree that the recordings here are subject to the pre-2017 statute but dispute whether the pre-2017 statute allowed per violation damages.

Plaintiff contends that there is "controlling case law" that supports his position that per violation damages are available for recordings made prior to 2017. Opp'n at 1. Specifically, plaintiff points to California Supreme Court authority that he states is "long standing and controlling" and that applies a per violation remedy. *Id.* at 9. Plaintiff also argues that the legislative history supports per violation damages. *Id.* at 11-13.

Defendant contests plaintiff's characterizations and argues that: (1) there is no binding California authority that requires per violation damages, (2) per violation damages are only available when the statute explicitly provides, and (3) the legislative history does not support per violation damages before the amendment. *See* Mot. at 7- 13. The Court will address the case law and legislative history in turn.

### A. Case Law

Defendant relies on two recent decisions by Judge Freeman of this district to argue that, prior to 2017, § 637.2 did not provide damages for each violation. *See* Mot. at 6-13. In *Ramos v. Capital One, N.A.*, Judge Freeman found that statutory damages totaling $5,000 per action were proper and that damages on a "per violation" basis were not. *Ramos v. Capital One, N.A.*, No. 17-CV-00435-BLF, 2017 WL 3232488, at *7 (N.D. Cal. July 27, 2017), *appeal dismissed*, No. 17-16723, 2017 WL 5891737 (9th Cir. Nov. 14, 2017). In *Ramos*, the plaintiff's phone conversations

7

with his wife and with defendant's employees were recorded without his consent. *See Ramos*, 2017 WL 3232488 at \*1. The defendant moved to dismiss, arguing in part that damages were not available on a per violation basis. *Id*. at \*2. The court considered the language of the statute, case law on California Penal Code § 637.2, and the legislative history of the 2017 amendment. *Id*. at \*4-8. The court noted that while there were some California cases that had imposed damages per violation under § 637.2, none of the cases directly analyzed whether damages were proper on a per violation basis. The court explained:

> Although Ramos proffered the above-cited cases as interpreting § 637.2 to permit statutory damages of up to $5,000 per violation, these cases were in fact silent on the matter. The cases analyzed whether a plaintiff would need to allege or prove actual injuries caused by the CIPA violation and did not analyze the statute for the purpose of determining whether the statutory damages should be assessed per violation versus per action. These cases thus are "not authority for propositions neither considered nor discussed in the opinion." *Hager v. Cty. of Los Angeles*, 228 Cal. App. 4th 1538, 1551 (2014).

*Id*. at \*6 (citations omitted). The court also found that the language of the statute was unambiguous and that the legislative history of the 2017 amendment to § 637.2 did not support a per violation interpretation. *Id*. at \*5-6; *see also Lal v. Capital One Fin. Corp.*, No. 16-CV-06674-BLF, 2017 WL 1345636, at \*5 (N.D. Cal. Apr. 12, 2017), *appeal dismissed*, No. 17-15997, 2018 WL 2292446 (9th Cir. Mar. 27, 2018).

Plaintiff, by contrast, urges the Court to adopt the holding of *Ronquillo-Griffin v. TELUS Communication, Inc.*, No. 17-cv-129 JM (BLM), 2017 WL 2779329 (S.D. Cal. June 27, 2017). There, the district court was presented with the same question as in *Ramos* and *Lal*, which this Court now considers. Unlike *Ramos* and *Lal*, the court in *Ronquillo-Griffin* found that the 2017 "amendment clarified, rather than changed, the true meaning of § 637.2" and disagreed with the holding in *Lal*. *Ronquillo-Griffin*, 2017 WL 2779329, at \*6. Specifically, the *Ronquillo-Griffin* court found that "the pre-amendment version of § 637.2 is ambiguous, as it is amenable to at least two different interpretations." *Id*.

> On the one hand, the emphasis could be on the "action"—a person may bring an action, but each action is limited to the greater of $5,000 in statutory damages or three times actual damages. On the other hand, the emphasis could be on the "violation"—a person "who has been injured by a violation of this chapter may

8

bring an action against the person who committed <u>the violation</u> for the greater of the following amounts. . . ."

*Id.* Turning then to the legislative history, the district court examined Assembly Bill 1671, which amended certain sections of the Penal Code, including § 637.2 and § 632, effective January 1, 2017. The court explained that the history of A.B. 1671 showed that the amendment to § 632, regarding fines, "clarified" that that section applied on a per violation basis. *Id.* at *7. The court further explained:

> Unfortunately, the available legislative history is silent as to whether A.B. 1671 also served to clarify, or in fact change, whether statutory <u>damages</u> applied per violation. But it is noteworthy that despite the repeated observation that the amendment simply "clarifie[d]" that fines were to be imposed per violation, the phrase "per violation" was nowhere to be found in section 632(a) (regarding fines), just as it was not found in section 637.2 (regarding damages). *See* 2016 Cal. Legis. Serv. Ch. 855 (A.B. 1671) (West). In other words, neither section had the phrase before the amendment, both had the phrase after the amendment, and the only discussion of the phrase consistently indicated that it served a clarifying purpose. Thus, it is only logical to conclude that if the phrase was clarifying with respect to section 632(a), it was clarifying with respect to section 637.2, as well.

*Id.* (emphasis in original).

The Court respectfully disagrees with the logic in *Roniquillo-Griffin*. In California, "courts are not permitted to insert qualifying provisions not included in the statute, nor edit it to conform to an assumed intention which does not appear from its language." *Nevarrez v. San Marino Skilled Nursing & Wellness Ctr., LLC*, 221 Cal. App. 4th 102, 130 (2013) (internal quotation marks and citation omitted). As such, California courts generally deny per violation damages except when explicitly provided by statute.[3] *See, e.g., Lemaire v. Covenant Care California, LLC*, 234 Cal. App. 4th 860, 869 (2015) (construing Health and Safety Code § 1430(b) and reversing statutory damages awarded on a per violation basis where not expressly provided for by statute); *Miller v. Collectors Universe, Inc.*, 159 Cal. App. 4th 988, 1008 (2008) (limiting damages under Civil Code § 3344(a) to the statutory amount of $750 for the entire action, rather than per violation).

The Court recognizes that some California courts appear to have implicitly allowed

---

[3] A recent case, *Jarman v. HCR Manorcare, Inc.*, has disagreed with this body of law. *See* 9 Cal. App. 5th 807 (2017). However, the California Supreme Court has accepted the appeal of the case, so the decision has "no binding or precedential effect, and may be cited for potentially persuasive value only" while appeal is pending. *See* Cal. Rules of Court 8.1115(e)(1).

9

United States District Court
Northern District of California

damages per violation under § 637.2 in some pre-2017 cases, as plaintiff suggests. *See* Opp'n at 9-11. However, as Judge Freeman noted, none of these cases explicitly considers whether per violation damages were available under § 637.2 before 2017. In *Ribas v. Clark*, the California Supreme Court stated that California Penal Code § 637.2 "authorizes civil awards . . . for each violation of the Privacy Act despite a party's inability to prove actual injury." 38 Cal. 3d 355, 365 (1985) (citation omitted). Defendant correctly notes, however, that *Ribas* only addressed a single instance of illicit recording and did not expressly consider whether damages should be available on a per violation basis. Similarly, the California Supreme Court in *Kimmel v. Goland* reiterated the "for each violation" language from *Ribas* but did not analyze the question specifically. *See Kimmel v. Goland,* 51 Cal. 3d 202, 210 (1990). Instead, *Kimmel* considered the scope of the litigation privilege under Civil Code § 47(2). *Id*. at 208. In *Coulter v. Bank of America*, the California Court of Appeal upheld per violation damages that the trial court awarded, but was not asked on appeal whether those damages were proper. 28 Cal. App. 4th 923, 925 (1994). Finally, in *Flanagan v. Flanagan* the California Supreme Court noted that the appellate court awarded $5,000 for each violation under § 637.2, but on appeal considered only the meaning of the term "confidential communication" under Penal Code § 632(a). 27 Cal. 4th 766, 768 (2002). When the court "endorse[d] the standard established in . . . *Coulter*" it was not, as plaintiff suggests, with respect to the calculation of damages but with respect to determining which communications are confidential. *See id*. The *Flanagan* court explicitly stated, "the matter before us is limited to interpreting the phrase 'confidential communication' in § 632 and does not include other issues raised in the Court of Appeal." *Id.* at 772.

Moreover, principles of statutory construction dictate that "statutory analysis begins with the plain language of the statute, and if that language is unambiguous, the inquiry ends there." *Nevarrez*, 221 Cal. App. 4th at 130 (citing *Pineda v. Bank of America, N.A.*, 50 Cal.4th 1389, 1394 (2010)); *see also Jurcoane v. Super. Ct.*, 93 Cal. App. 4th 886, 894 (2001) ("[W]e presume the Legislature intended everything in a statutory scheme, and we should not read statutes to omit expressed language or include omitted language."). The Court agrees with Judge Freeman's finding in *Ramos* and *Lal* that the text of § 637.2(a) before 2017 was unambiguous and that it

would be improper to read "per violation" into the statute where the legislature did not include it. Prior to 2017, the statute read: "Any person who has been injured by a violation of this chapter may bring an action against the person who committed the violation for the greater of the following amounts: (1) Five thousand dollars ($5,000). (2) Three times the amount of actual damages, if any, sustained by the plaintiff." Cal. Penal Code § 637.2(a) (2016). At its core, the statute reads: "Any person . . . may bring an action . . . for the greater of the following amounts: (1) Five thousand dollars ($5,000). (2) Three times the amount of actual damages . . .." This construction can permit only one interpretation: that the statute before 2017 did not allow damages on a per violation basis.

### B. Legislative History

Because the language is unambiguous, the Court need not resort to legislative history to interpret the statute. *See Ramos*, 2017 WL 3232488, at \*7 (citing *Murphy v. Kenneth Cole Prods., Inc.*, 40 Cal. 4th 1094, 1103 (2007) (noting that "[o]nly when the statute's language is ambiguous or susceptible of more than one reasonable interpretation, may the court turn to extrinsic aids to assist in interpretation")). Nevertheless, the Court finds nothing in the legislative history of § 637.2 to support the view that the addition of "per violation" language was a clarification of existing law. The Legislative Counsel's Digest for A.B. 1671 states "this bill would *provide* that the monetary damages be imposed per violation" in a civil suit. A.B. 1671, 2015-16, Legis. Counsel's Digest (Cal. 2016) (emphasis added) ("Digest"). While not binding, Legislative Counsel summaries "are entitled to great weight." *Jones v. Lodge at Torrey Pines P'ship*, 42 Cal. 4th 1158, 1170 (2008). It is worth noting that the digest stated the bill "provide[s]" for per violation damages rather than "clarifying" the law on this point.

Plaintiff urged the Court in its briefing and at oral argument to find that 2017 marked a clarification rather than a change. The state legislature amended § 637.2 along with several other sections of the Penal Code. *See* Digest. Plaintiff contends that in making these amendments, the Senate Committee on Public Safety indicated that this bill "[c]larifies [that] the prohibition on recording a confidential communication applies to each violation" and "clarifies that the penalties

11

will be applied for each violation of the offense." Opp'n at 12; A.B. 1671, 2015-16, S. Comm. On Public Safety (Cal. 2016). However, plaintiff concedes that this language pertained to criminal penalties under § 632 and urges that the Court should analogize this language to the changes ultimately made to § 637.2. *See* Opp'n at 12. The Court declines to find that the legislature intended a clarification to § 637.2 in the absence of language anywhere in the legislative history to that effect.

The Court finds that the legislative history does not demonstrate that the amendment was a mere clarification. In the absence of legislative history to the contrary, the Court must presume that changes are made "deliberately, giving effect to the distinctions." *Jurcoane*, 93 Cal. App. 4th at 894. Therefore, the Court finds that the amendment to § 637.2 was not a clarification but a change and that the pre-2017 statute does not provide per violation statutory damages. The Court therefore GRANTS defendant's motion to dismiss plaintiff's claim for statutory damages on a per violation basis, without leave to amend.

## CONCLUSION

For the foregoing reasons and for good cause shown, the Court hereby DENIES defendant's motion to dismiss on statute of limitations grounds. The Court GRANTS defendant's motion to dismiss plaintiff's claim for per violation statutory damages under California Penal Code § 637.2, without leave to amend.

**IT IS SO ORDERED**.

Dated: November 13, 2018

_____
SUSAN ILLSTON
United States District Judge