UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREGORY FRANKLIN,<br><br>Plaintiff,<br><br>v.<br><br>OCWEN LOAN SERVICING, LLC,<br><br>Defendant. | Case No. 18-cv-03333-SI<br><br>**ORDER GRANTING PLAINTIFF'S MOTION FOR CLARIFICATION AND DENYING AS MOOT MOTION FOR CERTIFICATE OF APPEALABILITY**<br><br>Re: Dkt. Nos. 44, 45 |

Plaintiff has filed two motions: (1) for clarification of the Court's November 13, 2018 Order granting in part and denying in part defendant's motion to dismiss the first amended complaint; and (2) for a certificate of appealability. Docket Nos. 44, 45. Pursuant to Civil Local Rule 7-1(b), the Court finds this matter appropriate for resolution without oral argument and VACATES the hearing set for February 8, 2019. The Court GRANTS plaintiff's motion for clarification, CLARIFIES that the Court's November 13, 2018 Order does not limit recovery in this case to $5,000 *class-wide* but that plaintiff may seek a class-wide award of statutory damages in an amount up to $5,000 *per class member*, and DENIES AS MOOT plaintiff's request for a certificate of appealability.

**BACKGROUND**

Plaintiff Gregory Franklin brings suit against defendant Ocwen Loan Servicing, LLC, individually and on behalf of all others similarly situated, for the alleged violation of California Penal Code § 632.7. Dkt. No. 18 ("FAC"). The factual background of this case is outlined more fully in the Court's November 13, 2018 Order. *See* Docket No. 37. In brief, this case involves "numerous phone calls" that defendant, which was servicing plaintiff's home mortgage, placed to plaintiff between 2011 and 2015. FAC ¶¶ 18-19. Plaintiff alleges that "[o]nly after Plaintiff

provided his personal identification information and verified his account information would Defendant inform Plaintiff that the telephone call was being recorded." *Id.* ¶ 23. Plaintiff further alleges, "On some occasions, Defendant did not tell Plaintiff the telephone call was being recorded at all." *Id.* ¶ 24. Plaintiff brings one claim for relief, for illegal recording of cellular phone conversations pursuant to California Penal Code § 632.7. He brings this suit on behalf of himself and a proposed class consisting of "[a]ll persons in California whose cellular telephone conversations were recorded without their consent by Defendant and/or its agent/s from November 11, 2011 through the date of filing this Complaint." *Id.* ¶ 41. In the First Amended Complaint, plaintiff requested injunctive relief and statutory damages of $5,000 per violation, citing California Penal Code § 637.2.

On August 30, 2018, defendant moved to dismiss plaintiff's claim for $5,000 damages *per violation*, arguing that remedy was not available for calls made before 2017, when a new version of Section 637.2 went into effect. The Court held a hearing on November 2, 2018. On November 13, 2018, the Court issued an Order finding that "the statute before 2017 did not allow damages on a per violation basis." Docket No. 37 at 11. As such, the Court granted "defendant's motion to dismiss plaintiff's claim for statutory damages on a per violation basis, without leave to amend."[1] *Id.* at 12.

That Order is the subject of plaintiff's present motions. Plaintiff now "seeks to clarify whether the Court's ruling permits each individual class member to seek up to $5,000 in damages for violations of § 637.2, predating January 1, 2017." Docket No. 44 at 2. In the event that the Court finds that the maximum statutory recovery in this case is capped at $5,000 for the entire class rather than for each class member, plaintiff seeks a certificate of appealability "because the purported dismissal of statutory damages for each putative class member will have a significant impact on the rights of the proposed class." Docket No. 45 at 1. Defendant opposes both motions. Docket Nos. 47, 48.

---

[1] The Court denied in part defendant's motion to dismiss, finding the claim was not barred by the statute of limitations.

**LEGAL STANDARD**

Rule 60(b) of the Federal Rules of Civil Procedure provides that:

> On motion and just terms, the court may relieve a party . . . from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under 59(b); (3) fraud . . . , misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied . . . ; (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). This rule may also be utilized "as an equitable remedy to prevent manifest injustice[,]" but only under "extraordinary circumstances[.]" *United States v. State of Washington*, 98 F.3d 1159, 1163 (9th Cir. 1996) (internal quotation marks and citations omitted). Whether to grant relief is within the sound discretion of the district court. *Allmerica Fin. Life Ins. & Annuity Co. v. Llewellyn*, 139 F.3d 664, 665 (9th Cir. 1997). In addition, Rule 60(a) provides that the Court may "correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record." Fed. R. Civ. P. 60(a).

**DISCUSSION**

California Penal Code § 637.2 allows for civil actions by persons injured under the California Invasion of Privacy Act ("CIPA"), Cal. Penal Code § 630 et seq., and provides for damages in such actions. Prior to 2017, California Penal Code § 637.2(a) provided:

> (a) Any person who has been injured by a violation of this chapter may bring an action against the person who committed the violation for the greater of the following amounts:
>
> (1) Five thousand dollars ($5,000).
>
> (2) Three times the amount of actual damages, if any, sustained by the plaintiff.

Cal. Penal Code § 637.2(a) (2016).[2]

---

[2] As of January 1, 2017, § 637.2(a) now provides:
(a) Any person who has been injured by a violation of this chapter may bring an action against the person who committed the violation for the greater of the following amounts:
(1) Five thousand dollars ($5,000) *per violation*.
(2) Three times the amount of actual damages, if any, sustained by the plaintiff.

3

1   Plaintiff rightly notes that the November 13, 2018 Order was silent on the impact of the
2   ruling on plaintiff's class allegations. Plaintiff has explained that this lack of clarity has stymied
3   mediation discussions, because, according to plaintiff, "Defendant's Counsel expressed that
4   Defendant interpreted the Court's Order on its motion to dismiss to limit class-wide damages to an
5   amount no greater than $5,000" and plaintiff disagrees. Docket No. 44 at 1. Plaintiff also notes the
6   impact on this Court's jurisdiction, because a ruling that plaintiff's case is capped at $5,000 of
7   damages class-wide would deprive the Court of jurisdiction under the Class Action Fairness Act, 28
8   U.S.C. § 1332(d), which requires an amount in controversy over $5,000,000. Docket No. 50 at 2.
9   Given the Order's silence on this significant issue, the Court finds that clarification is warranted.

In support of its request for clarification, plaintiff cites to several cases, and the Court has located many more, in which federal district courts throughout California have approved class action settlements far exceeding $5,000 in cases brought under CIPA. *See* Docket No. 44 at 2 (citing *Medeiros v. HSBC Card Servs.*, No. CV 15-9093 JVS, 2017 U.S. Dist. LEXIS 178484 (C.D. Cal. Oct. 23, 2017) ($13 million settlement); *Batmanghelich v. Sirius XM Radio, Inc.*, No. CV 09 -9190 VBF, 2011 U.S. Dist. LEXIS 155710 (C.D. Cal. Sept. 15, 2011) ($9.48 million settlement)).[3] The courts in these cases do not expressly analyze the question of whether before 2017 Section 637.2 provided a $5,000 remedy per class action or per class member. Nevertheless, the courts all operate from the assumption that the statutory damages provided by Section 637.2 are available to each class member.

For instance, in *Medeiros*, the district court granted final approval of a class action settlement in a case brought under CIPA. The total settlement was $13,000,000.00, corresponding to an average gross per-class-member payout of approximately $7.54. *Medeiros*, 2017 U.S. Dist. LEXIS 178474 at *12. The court was not swayed by the argument of an objector that the settlement was too low, given the $5,000.00 statutory recovery provided in Section 637.2. The court reasoned that

---

Cal. Penal Code § 637.2(a) (2017) (emphasis added).

[3] Plaintiff also relies on *Causer v. Apria Healthcare, Inc.*, No. SACV 13-35-JVS, 2015 U.S. Dist. LEXIS 191548 (C.D. Cal. Mar. 9, 2015). That case, however, was brought under the federal Telephone Consumer Protection Act, and so the Court does not find it persuasive here.

4

"despite the significant discount from the potential recovery based on the statutory penalty available under CIPA," which the court assumed to be $5,000 per class member, "the Court finds that the settlement amount achieved in this case is fair, especially considering the significant risk of diminished recovery had the case proceeded." *See id.* at \*15. The court also cited to numerous other multi-million dollar settlements of class actions brought under CIPA in support of its finding. *See id.* at \*13-14.

Likewise, in *Reed v. 1-800 Contacts, Inc.*, No. 12-cv-02359 JM, 2014 U.S. Dist. LEXIS 255, \*16-17 (S.D. Cal. Jan. 2, 2014), the district court granted final approval of a CIPA class settlement in the amount of $11.7 million, for a minimum net distribution of $606.56 for each valid claim. The *Reed* court started from the assumption that class members were each eligible for $5,000 under CIPA and found that the amount offered in settlement was fair, even if "class members will recover substantially less than $5,000 pursuant to the terms of the settlement." 2014 U.S. Dist. LEXIS 255 at \*17; *see also Mirkarimi v. Nevada Prop. 1, LLC*, No. 12-CV-2160 BTM, 2015 WL 5022327, at \*4 (S.D. Cal. Aug. 24, 2015) (preliminarily approving settlement of class action alleging violations of CIPA, Cal. Penal Code §§ 632 and 632.7, in amount of $14.5 million, even "[t]hough this amount is significantly lower than the maximum amount an individual plaintiff may be awarded under Cal. Pen. Code § 637.2, which is the greater of three times the actual damages or $5,000"); *Shvager v. ViaSat, Inc.*, No. CV 12-10180 MMM, 2014 WL 12585790, at \*10 & n.54 (C.D. Cal. Mar. 10, 2014) (finally approving settlement of class action brought under Cal. Penal Code §§ 632 and 632.7; approving common fund of $210,000; and explaining that "[w]ith a class of 3,769 individuals who could recover $5,000 each, ViaSat faced a potential liability of $18,845,000").

The Court has located many other such examples. This includes a case decided by Judge Cousins of this district, involving the same defense counsel as appears here, in which Judge Cousins approved a $11.7 million settlement of a class action brought under CIPA, Cal. Penal Code § 632.7. *See McCabe v. Six Continents Hotels, Inc.*, No. 12-cv-4818-NC, 2016 WL 491332 (N.D. Cal. Feb. 8, 2016). The settlement provided that each class member would receive "up to a maximum payment of $5,000 per person." *McCabe v. Six Continents Hotels, Inc.*, No. 12-cv-4818-NC, 2015 WL 3990915, at \*3 (N.D. Cal. June 30, 2015) (preliminarily approving class settlement). The

5

United States District Court
Northern District of California

preliminary approval order also explained, "A class member can recover up to the statutory maximum $5,000." *Id.* at *8.

As the above cases illustrate, for the Court to hold that its November 13, 2018 Order limits plaintiff to $5,000 in class-wide damages would put this Court out of step with the numerous courts that have approved class action settlements in CIPA cases. These settlements, approved during the prior iteration of Section 637.2, provided for well over $5,000 to the class. The Court could not locate any cases capping class recovery under Section 637.2 at $5,000. Nor does defendant cite to any case in which a judge has imposed the $5,000 class-wide cap that defendant urges. Defendant argues, without citation, that the $5,000 damages provision of Section 637.2 is "in effect[] a 'bounty' for bringing an action" and that "there was no need to multiply the $5,000 bounty by thousands of violations to come up with a multi-million dollar award in the absence of any actual harm." Docket No. 47 at 6. This argument does not persuade the Court to part ways from the numerous other courts that have overseen CIPA class action cases.[4]

Accordingly, the Court hereby GRANTS plaintiff's motion for clarification. The Court CLARIFIES that its November 13, 2018 Order does not limit recovery in this case to $5,000 class-wide but that plaintiff may seek a class-wide award of damages in an amount up to $5,000 per class member, under Cal. Penal Code § 637.2. Because plaintiff moved for interlocutory appeal only "out of an abundance of caution" in the event the Court dismissed the claim for statutory damages for each class member, *see* Docket No. 45 at 1, the Court DENIES AS MOOT plaintiff's motion for a certificate of appealability.

///

///

///

---

[4] The Court also notes that the dilemma presented here is a time-limited one, given the addition of "per violation" language to Section 637.2 as of January 1, 2017.

6

## CONCLUSION

Plaintiff's motion for clarification is GRANTED. The Court CLARIFIES that the November 13, 2018 Order does not limit recovery in this case to $5,000 class-wide but that plaintiff may seek a class-wide award of damages in an amount up to $5,000 per class member, under Cal. Penal Code § 637.2. Plaintiff's motion for a certificate of appealability is DENIED AS MOOT.

**IT IS SO ORDERED**.

Dated: February 5, 2019

SUSAN ILLSTON
United States District Judge