**KAZEROUNI LAW GROUP, APC**
Abbas Kazerounian, Esq. (SBN: 249203)
ak@kazlg.com
Ryan L. McBride, Esq. (SBN: 297557)
ryan@kazlg.com
Emily C. Headlee, Esq. (SBN: 315462)
emily@kazlg.com
245 Fisher Avenue, Suite D1
Costa Mesa, CA 92626
Telephone: (800) 400-6808
Facsimile: (800) 520-5523

*Attorneys for Plaintiff*,
Gregory Franklin

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| GREGORY FRANKLIN, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>OCWEN LOAN SERVICING, LLC,<br><br>Defendant. | Case No.: 3:18-cv-03333-SI<br><br>**JOINT STATEMENT RE: DISCOVERY DISPUTE** |

1  Plaintiff, GREGORY FRANKLIN ("Plaintiff"), and Defendant, OCWEN
2  LOAN SERVICING, LLC ("Defendant"), by and through their respective counsel,
3  respectfully submit this Joint Statement Re: Discovery Dispute, pursuant to
4  Honorable Judge Illston's Standing Order.

## I. PLAINTIFF'S POSITION:

Plaintiff initiated the instant discovery dispute in connection with Plaintiff's first set of written discovery requests, which were served on Defendant by mail on September 18, 2018. Plaintiff noted, "If you anticipate the need for a protective order . . . please provide [Plaintiff's Counsel] with a proposed draft as soon as possible and before your responses become due." In addition, Plaintiff served a deposition notice dated December 12, 2018, and requested that Defendant confirm its availability or provide an alternative date. On October 10, 2018, Defendant requested, and Plaintiff granted, an extension to respond to Plaintiff's discovery requests by November 9, 2018. Even so, when Defendant's responses became due it did not produce a single document, and instead made vague promises to produce certain documents "the later of December 14, 2018 or one week after a protective order." This was Defendant's response even though it had not requested a protective order at any point prior. Moreover, Plaintiff had to withdrawal its deposition notice because Defendant failed to timely produce documents. To date, Defendant has not provided alternative dates for a deposition or provided the necessary documents to conduct a proper deposition.

On November 26, 2018, Plaintiff served on Defendant a detailed meet and confer letter requesting a call by December 3, 2018. Defendant failed to respond to the letter. Rather, on December 17, 2018, Defendant produced its insurance policy. On January 31, 2019, Plaintiff served a second meet and confer letter. Defendant timely responded but again failed to produce any documents and instead heavily objected to Plaintiff's requests. The parties conducted a detailed telephonic

conference on February 11, 2019. At that time, Plaintiff requested Defendant do one of the following by February 15, 2019: 1) produce responsive documents, 2) confirm that certain documents would not be produced, or 3) provide a date-certain for production. Otherwise, Plaintiff would serve its portion of the instant dispute. Defendant did not provide a formal response by the deadline, but did produce one additional document—namely, Defendant's call log.  As a result, Plaintiff was compelled to initiate this dispute to obtain the additional discovery to which he is entitled.

As a threshold issue, Defendant contends it does not need to produce documents to Plaintiff that it formerly produced in the unrelated matter of *Gregory Franklin v. Ocwen Mortgage Servicing, Inc., et al.*, Case No. 3:17-cv-02702 (N.D. Cal.). Plaintiff has expressed concern in relying on documents produced in another matter for procedural reasons and because said documents are under cover of a protective order. Still, Defendant has attempted to circumvent its discovery obligations, here, by relying on its prior production.

More specifically, Plaintiff requested in Requests for Production Nos. 4, 5, 6, and 7, recordings of calls with Plaintiff. Defendant has asserted that it will not produce recordings where Plaintiff did not expressly confirm his identity on the call. To alleviate any purported concerns over privacy rights of third parties, Plaintiff provided a declaration to Defendant stating that he is the sole user of his cellular phone and does not permit third parties to answer his phone on his behalf. Moreover, a protective order is on file in this matter, the purpose of which is to protect such privacy interests. [*See* Dkt. 43.] Still, Defendant has not produced the recordings or otherwise informed Plaintiff that it will do so.

Lastly, Plaintiff requested in Interrogatory Nos. 12, 13, and 14, information related to the number of California residents whose conversations with Defendant were recorded—information which is vital to class certification. In turn, during the

1  February 11, 2019 telephonic conference, Defendant proposed that the parties
2  stipulate that a minimum number of persons in California were called and recorded.
3  After research and investigation on Plaintiff's part, Plaintiff emailed Defendant on
4  February 12, 2019, stating his position that Plaintiff is entitled to the total number
5  of Defendant's audio recorded conversations of California consumers. The same
6  was ordered in a similar class action involving the same counsel by Magistrate
7  Judge Barbara Major of the Central District of California in the matter of *Ronquillo-*
8  *Griffin v. Telus Communs., Inc.*, Case No.: 3:17-cv-00129-JM-BLM, *Dkt. 56 (S.D.
9  Cal. Jan. 1, 2018) ("Defendant Transactel is required to state in an amended
10 response the total number of audio recorded conversations[.]").

11     Plaintiff served its requests approximately five months ago. Plaintiff cannot
12 continue to receive documents in piecemeal when convenient for Defendant.
13 Therefore, Plaintiff respectfully requests that the Court compel Defendant to
14 comply with its discovery obligations.

15 **II.   DEFENDANT'S POSITION:**

16     There is no need for the Court to be involved in this purported discovery
17 dispute as it is largely manufactured by Plaintiff.  Defendant has responded to
18 Plaintiff's discovery requests, produced documents, and responded to Plaintiff's
19 discovery meet and confer letters.  Admittedly, the response to the meet and confer
20 letter and the document production were somewhat delayed because Plaintiff sought
21 clarification of the Court's prior rulings and sought to have an issued certified for
22 interlocutory appeal.  However, once these issues resolved, document production
23 resumed. Plaintiff now seeks two categories of documents and information via the
24 joint statement.

25     First, Plaintiff seeks production of recordings of calls between Plaintiff and
26 Defendant.  Defendant had two issues with this request.  On some of the recordings,
27 it was not clear that the call was actually with Plaintiff because the person who
28

answered the phone when asked for "Gregory Franklin" would say things such as "Can I take a message and have him call you back." This issue was partially resolved when Plaintiff provided a declaration stating that no one other than he used his telephone, and Defendant determined that it would no longer withhold recordings on this basis. The other issue is that Defendant had already produced these recordings to Plaintiff's counsel in the prior action, so there was no need to produce them once again. However, as a matter of compromise, Defendant produced the recordings once again to Plaintiff in this action, and has now provided 357 recordings to Plaintiff twice. Therefore, there is no issue for the Court to resolve regarding the production of the telephone recordings.

Second, Plaintiff wants Defendant to provide the number persons that Defendant contacted with a California address or area code and recorded. Defendant responded that these interrogatories were unduly burdensome and disproportionate to the needs of the case because responding to them would take thousand or hundreds of thousands of hours of work. Defendant would have to examine each account with a California address or area code, determine if any calls were made on that account, attempt to locate those calls and any recordings of those calls, and then listen to the recordings to determine whether the person being called answered the call and was recorded rather than a message being left on voicemail or someone else answering the call. Plaintiff gives no reason whatsoever why this information is needed at this point in the case, rather than a response stating, for example, that over 100 persons were called on a telephone number with a California area code and were recorded.

Plaintiff relies on *Ronquillo-Griffin v. TransUnion Rental Screening Solutions, Inc.*, 2018 WL 325051 (S.D. Cal. Jan. 8, 2018), to support his position, but that decision actually offers him no support. In *Ronquillo*, the motion to compel was denied for multiple reasons including that they were disproportionate and

unduly burdensome. *Id.* at *5. In addition, the *Ronquillo* case involved a putative class covering a one-year period with 906 calls, while the discovery requests here cover an *8 year period* and *millions* of calls. Indeed, according to the call log that has been produced, Defendant made over 2,000 calls just to Plaintiff alone. Finally, in *Ronquillo*, the defendant was in the end unable to state the total number of recorded conversations for the 906 calls at issue for the entire putative class even after the court's decision. *Ronquillo* does not support Plaintiff's position.

Plaintiff by this Joint Statement Re: Discovery Dispute are seeking (1) documents that have already been produced twice, and (2) information that imposes an undue and disproportionate burden on Defendant. Therefore, the Court should deny Plaintiff's request for relief.

Defendant remains willing and able to confer with Plaintiff regarding any remaining discovery issues as well as the scheduling of a date for the deposition of Defendant.

Dated: March 5, 2019  **KAZEROUNI LAW GROUP, APC**

By:  s/ *Abbas Kazerounian*
Abbas Kazerounian, Esq.
Ryan L. McBride, Esq.
Emily C. Headlee, Esq.
*Attorneys for Plaintiff,*
Gregory Franklin

Dated: March 5, 2019  **DLA PIPER LLP**

By:  s/ *Edward Totino*
Edward Totino, Esq.
Mandy Chan, Esq.
*Attorneys for Defendant,*
Ocwen Loan Servicing, LLC