1

2

3

4 UNITED STATES DISTRICT COURT

5 NORTHERN DISTRICT OF CALIFORNIA

6

7 GREGORY FRANKLIN,                          Case No. 18-cv-03333-SI

8              Plaintiff,

9         v.                                 **ORDER RE: DISCOVERY DISPUTE
                                             (FIRST)**
10 OCWEN LOAN SERVICING, LLC,                Re: Dkt. No. 55

11             Defendant.

12

13        Now before the Court is a discovery dispute letter jointly submitted by the parties. *See*

14 Docket. No. 55. This is the first discovery dispute in this case.

15

16                                    **BACKGROUND**

17        In his First Amended Complaint, plaintiff Gregory Franklin sues defendant Ocwen Loan

18 Servicing, LLC, individually and on behalf of all others similarly situated. Docket No. 18. He

19 brings one claim for relief, for illegal recording of cellular phone conversations pursuant to

20 California Penal Code § 632.7. He brings this suit on behalf of himself and a proposed class

21 consisting of "[a]ll persons in California whose cellular telephone conversations were recorded

22 without their consent by Defendant and/or its agent/s from November 11, 2011 through the date of

23 filing this Complaint." *Id.* ¶ 41.

24        By their joint letter, the parties identify the following outstanding dispute: in Interrogatory

25 Nos. 12, 13, and 14, plaintiff requested "information related to the number of California residents

26 whose conversations with Defendant were recorded."[1] Docket No. 55 ("Joint Statement") at 2. The

27 _____

28        [1] Plaintiff also states that defendant did not produce in this action recordings of its calls with
plaintiff, but instead relied on its production in a prior unrelated case. Defendant responds that it

1   parties have not attached plaintiff's written requests for discovery or defendant's answers or

2   objections, but defendant does not contest plaintiff's characterization of this request.   Rather,

3   defendant objects that the request is "unduly burdensome and disproportionate to the needs of the

4   case because responding to them would take thousand[s] or hundreds of thousands of hours of

5   work." *Id.* at 4.   Defendant states that to comply it "would have to examine each account with a

6   California address or area code, determine if any calls were made on that account, attempt to locate

7   those calls and any recordings of those calls, and then listen to the recordings to determine whether

8   the person being called answered the call and was recorded rather than a message being left on

9   voicemail or someone else answering the call." *Id.*   Defendant has proposed that the parties stipulate

10  that it called and recorded a minimum number of persons in California, such as "over 100 persons."

11  *Id.* at 2, 4.   Plaintiff has rejected this offer and states that the requested information "is vital to class

12  certification." *Id.* at 2.

13

14                                          **DISCUSSION**

15      Federal Rule of Civil Procedure states:

16      Parties may obtain discovery regarding any nonprivileged matter that is relevant to
        any party's claim or defense and proportional to the needs of the case, considering
17      the importance of the issues at stake in the action, the amount in controversy, the
        parties' relative access to relevant information, the parties' resources, the importance
18      of the discovery in resolving the issues, and whether the burden or expense of the
        proposed discovery outweighs its likely benefit.
19
    Fed. R. Civ. P. 26(b)(1).
20
        The Court agrees with plaintiff that information regarding the number of recorded calls
21
    defendant made is relevant to his motion for class certification, going not only to numerosity but
22
    also to the question of whether "a class action is superior to other available methods for fairly and
23
    efficiently adjudicating the controversy." *See* Fed. R. Civ. P. 23(b)(3).   It is also relevant, among
24
    other things, to the question of damages, particularly in light of the Court's ruling that "plaintiff may
25
    seek a class-wide award of statutory damages in an amount up to $5,000 per class member[.]" *See*
26

27  ───────────────
    "produced the recordings once again to Plaintiff in this action, and has now provided 357 recordings
28  to Plaintiff twice." Joint Statement at 2, 4.   It thus appears this issue is no longer in dispute.

                                               2

1   Docket No. 51 at 1. It will not suffice for defendant to stipulate to an arbitrary number such as "over

2   100 persons."

3        The parties both cite to *Ronquillo-Griffin v. Transunion Rental Screening Sols., Inc.*, No. 17-

4   cv-129-JM (BLM), 2018 WL 325051 (S.D. Cal. Jan. 8, 2018). In that case, brought for similar

5   violations of California Penal Code § 632.7, the district court denied the plaintiff's motion to compel

6   production of the *actual recordings* defendant made with the potential class members. The district

7   court found that intrusion into class members' privacy outweighed the minimal relevance to the

8   plaintiff of gaining access to the content of the calls. *Ronquillo-Griffin*, 2018 WL 325051 at *4.

9   That was particularly so where "Defendant admittedly did not have a policy of providing a call

10  recording advisement" and so the plaintiff did not need to review each call to determine if the class

11  member consented to recording. *Id.* at *5. The court did, however, order defendant "to state in an

12  amended response the total number of audio recorded conversations during the one-year [class]

13  period." *Id.* at *6.

14       Here, plaintiff is not seeking the recordings themselves but requests the total "number of

15  California residents whose conversations with Defendant were recorded." *See* Joint Statement at 2.

16  This is consistent with what the *Ronquillo-Griffin* court ordered. Defendant argues that *Ronquillo-*

17  *Griffin* was far more limited in scope, involving 906 calls over a one-year period, as contrasted with

18  "the discovery requests here [which] cover an *8 year period* and *millions* of calls."[2] *Id.* at 5. Without

19  citation or further explanation, defendant states that "in *Ronquillo*, the defendant was in the end

20  unable to state the total number of recorded conversations for the 906 calls at issue for the entire

21  putative class even after the court's decision."[3] *Id.*

22       In light of the relevance of the information that plaintiff seeks, the Court hereby ORDERS

23  that defendant shall respond to Interrogatory Nos. 12, 13, and 14, with, at minimum, information

24  regarding the total number of phone calls defendant made during the relevant period to California

25

26       [2] Because the Court does not have the exact written discovery requests in front of it, it is
    unclear for what precise time period plaintiff seeks discovery. Plaintiff's proposed class period runs
27  roughly 6.5 years (from November 11, 2011, through the filing of the complaint on June 5, 2018).

28       [3] It appears from the docket that counsel in this case were among the law firms representing
    the parties in *Ronquillo-Griffin*.

3

1    residents (including any account associated with a California address and any account containing a

2    California area code). **Defendant shall provide this information no later than March 26, 2019.**

3    **Also no later than March 26, 2019,** the parties shall stipulate to a method for extrapolating the

4    total number of recorded phone calls defendant made to California residents during the relevant

5    period. This may be an agreement to sample some subset of the data to extrapolate a class-wide

6    number or some other method such as a stipulation that the ratio of calls received to calls recorded

7    that plaintiff experienced is representative of the typical class member. Because the parties did not

8    attach their discovery requests and responses, the Court is unable to give more specific guidance at

9    this time. The intent of this Order is that defendant will respond to the interrogatories with

10   information regarding the number of calls *made*, and the parties will agree to a process for estimating

11   the number of calls *recorded*.

12       The Court is concerned about the amount of time that has elapsed since plaintiff served his

13   discovery requests in September. In response to plaintiff's complaints in this regard, defendant

14   writes, "Admittedly, the response to the meet and confer letter and the document production were

15   somewhat delayed because Plaintiff sought clarification of the Court's prior rulings and sought to

16   have an issue certified for interlocutory appeal. However, once these issues resolved, document

17   production resumed." Joint Statement at 3. It thus appears that defendant unilaterally stayed its

18   discovery responses during the nearly two-month period during which plaintiff's motion for

19   clarification was pending.[4] Plaintiff's motion for class certification is due on October 11, 2019.

20   Docket No. 54. The Court expects defendant to timely meet its discovery obligations so that the

21   other deadlines in this case may proceed apace.

22       Plaintiff also states that he served a deposition notice dated December 12, 2018, but that he

23   "had to withdraw[] its [sic] deposition notice because Defendant failed to timely produce

24   documents. To date, Defendant has not provided alternative dates for a deposition . . . ." Joint

25   Statement at 1. Defendant responds that it "remains willing and able to confer with Plaintiff

26

27       [4] Defendant's proffered reason also does not explain why it failed to respond to plaintiff's
28   November 26, 2018 meet and confer letter, as plaintiff did not file his motion for clarification until
     December 13, 2018. *See* Joint Statement at 1; Docket No. 44.

4

1    regarding any remaining discovery issues as well as the scheduling of a date for the deposition of

2    Defendant." *Id.* at 5.  Presumably, plaintiff is waiting on the above discovery before deposing

3    defendant.  The Court will therefore not issue any order on deposition scheduling at this time.  If the

4    parties continue to be unable to resolve this issue, they may file another joint letter with the Court,

5    after complying with the Court's standing order requiring that, prior to filing such a letter, "[t]he

6    parties shall meet and confer . . . to attempt to resolve their dispute informally.  A mere exchange of

7    letters, e-mails, telephone calls, or facsimile transmissions does not satisfy the requirement to meet

8    and confer."  Judge Illston's Standing Order ¶ 3.

9

10                                              **CONCLUSION**

11        **No later than March 26, 2019:** (1) defendant SHALL respond to Interrogatory Nos. 12, 13,

12    and 14, with, at minimum, information regarding the total number of phone calls defendant made

13    during the relevant period to California residents (including any account associated with a California

14    address and any account containing a California area code); and (2) the parties SHALL stipulate to

15    a method for extrapolating the total number of recorded phone calls defendant made to California

16    residents during the relevant period.

17

18        **IT IS SO ORDERED**.

19    Dated: March 12, 2019

20                                              _____

21                                              SUSAN ILLSTON
                                                United States District Judge

22

23

24

25

26

27

28