**KAZEROUNI LAW GROUP, APC**
Abbas Kazerounian, Esq. (SBN: 249203)
ak@kazlg.com
245 Fischer Avenue, Suite D1
Costa Mesa, California 92626
Telephone: (800) 400-6808
Facsimile: (800) 520-5523

[Additional Attorneys on Signature Page]

Attorneys for Plaintiff,
Gregory Franklin

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **GREGORY FRANKLIN, Individually and on Behalf of All Others Similarly Situated,**<br><br>**Plaintiff,**<br>v.<br><br>**OCWEN LOAN SERVICING, LLC,**<br><br>**Defendant.** | Case No.: 3:18-CV-03333-SI<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF GREGORY FRANKLIN'S MOTION FOR CLASS CERTIFICATION PURSUANT TO FED. R. CIV. P. 23(B)(2) AND (B)(3)**<br><br>**Date:** May 22, 2020<br>**Time:** 10:00 a.m.<br>**Place:** Courtroom 1 – 17th Floor<br>**Judge:** Hon. Susan Illston<br><br>[Filed concurrently with Declaration of Declaration of Abbas Kazerounian; Declaration of Jason A. Ibey; Declaration of Ryan McBride; Declaration of Gregory Franklin; Declaration of Siddharth Chadha; and Declaration of Jeffrey A. Hansen] |

Kazerouni Law Group, APC
Costa Mesa, California

**Kazerouni Law Group, APC**
Costa Mesa, California

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ........................................................................ iii

<u>Page No.</u>

I.      INTRODUCTION ............................................................................. 1

II.     PROCEDURAL BACKGROUND ...................................................... 1

III.    FACTUAL BASIS FOR CLASS CERTIFICATION ............................ 2

IV.     CALIFORNIA INVASION OF PRIVACY ACT ................................. 3

V.      RULE 23 STANDARDS AND CLASS CERTIFICATION ANALYSIS ............... 4

        A.  The Proposed Class and Sub-Class Are Adequately Defined and Based on Objective Criteria ......................................................................... 6

        B.  Numerosity ............................................................................... 7

        C.  Commonality and Predominance of Common Issues ........................ 8

            1.  <u>Commonality</u> ..................................................................... 8

            2.  <u>Predominance of Common Issues</u> .................................... 10

                i.    *Several issues if fact and law are subject to common proof* ............... 10

                ii.   *The required timing of a recording disclosure is a merits issue* ......... 12

                iii.  *Defendant's asserted consent defense* ................................. 13

                iv.   *Defendant's asserted statute of limitations defense* .................... 15

        D.  Typicality ............................................................................... 16

        E.  Adequacy of Representation ...................................................... 17

        F.  The Court Should Certify an Injunctive Relief Class Under Rule 23(b)(2) ...... 18

            1.  <u>Class Certification Under F.R.C.P. 23(B)(2)</u> ........................ 19

            2.  <u>Permanent Injunctive Relief</u> ............................................ 19

            3.  <u>Standing for Prospective Injunctive Relief</u> ........................ 20

        G.  The Court Should Separately Certify a Statutory Damages Class Under Rule 23(b)(3) ........................................................................... 22

            1.  <u>Interests of Class Members</u> ............................................ 22

            2.  <u>Extend and nature of other litigation</u> ................................. 23

3.   Desirability of concentrating litigation in the forum .....................................23

4.   Manageability ................................................................24

VI.   CONCLUSION ................................................................. 25

**Kazerouni Law Group, APC**
Costa Mesa, California

**Kazerouni Law Group, APC**
Costa Mesa, California

# TABLE OF AUTHORITIES

**Cases**

*Abdeljalil v. GE Capital Corp.*,
    306 F.R.D. 303 (S.D. Cal. 2015) ................................................................. 6

*Abdullah v. U.S. Sec. Assocs., Inc.*,
    731 F.3d 952 (9th Cir. 2013) ....................................................................... 8

*Abels v. JBC Legal Group, P.C.*,
    227 F.R.D. 541 (N.D. Cal. 2005) .............................................................. 10

*Ades v. Omni Hotels Mgmt. Corp.*,
    No. 2:13-cv-02468-CAS(MANx),
    2014 U.S. Dist. LEXIS 129689 (C.D. Cal. Sep. 8, 2014) .................................... *passim*

*Amchem Prods., Inc. v. Windsor*,
    521 U.S. 591 (1997) ........................................................................... 10, 13

*Armstrong v. Davis*,
    275 F.3d 849 (9th Cir. Cal. 2001) ............................................................ 16, 21

*B.K. v. Snyder*,
    922 F.3d 957 (9th Cir. 2019) .................................................................. 20, 21

*Barani v. Wells Fargo Bank, N.A.*,
    No. 12CV2999-GPC(KSC),
    2014 U.S. Dist. LEXIS 49838 (S.D. Cal. Apr. 9, 2014) ........................................ 25

*Briseno v. ConAgra Foods, Inc.*,
    844 F.3d 1121 (9th Cir. 2017) ..................................................................... 7

*Brown v. Defender Sec. Co.*,
    2012 U.S. Dist. LEXIS 153133 (C.D. Cal. Oct. 2, 2012) ......................................... 4

*Califano v. Yamaki*,
    442 U.S. 682 (1979) ............................................................................... 5

*Carr v. Tadin, Inc.*,

    No. 12-CV-3040 JLS (JMA),

    2014 U.S. Dist. LEXIS 179835 (S.D. Cal. Apr. 18, 2014) .................................. 19, 21

*Cartwright v. Viking Indus.*,

    2009 U.S. Dist. LEXIS 83286 (E.D. Cal. Sept. 11, 2009) ........................................ 5

*Cholakyan v. Mercedes-Benz, USA, LLC*,

    281 F.R.D. 534 (C.D. Cal. 2012) ................................................................................ 19

*City of Los Angeles v. Lyons*,

    461 U.S. 95 (1983) ...................................................................................................... 20

*Davidson v. Kimberly-Clark Corp.*,

    889 F.3d 956 (9th Cir. 2018) ...................................................................................... 20

*Des Roches v. Cal. Physicians' Serv.*,

    320 F.R.D. 486 (N.D. Cal. 2017) ................................................................................. 7

*Eisen v. Carlisle & Jacquelin*,

    417 U.S. 156 (U.S. 1974) ....................................................................................... 5, 25

*Ellis v. Costco Wholesale Corp.*,

    657 F.3d 970 (9th Cir. 2011) ...................................................................................... 19

*Flanagan v. Flanagan*,

    27 Cal. 4th 766 (Cal. 2002) .......................................................................................... 4

*Franklin v. Ocwen Loan Servicing, LLC*,

    No. 18-cv-03333-SI,

    2018 U.S. Dist. LEXIS 193485 (N.D. Cal. Nov. 13, 2018) ........................ 4, 12, 17, 20

*Friddle v. Epstein*,

    16 Cal. App. 4th 1649 (1993) ..................................................................................... 14

*Galvan v. KDI Distrib.*,

    No. SACV 08-0999-JVS (ANx),

    2011 U.S. Dist. LEXIS 127602 (C.D. Cal. Oct. 25, 2011) ........................................ 24

**Kazerouni Law Group, APC**
Costa Mesa, California

*General Telephone Co. of Southwest v. Falcon,*

   457 U.S 147 (1982) ............................................................................................... 6, 8

*Gulf Oil Co. v. Bernard,*

   452 U.S. 89 (1981) .................................................................................................... 1

*Gusman v. Comcast Corp.,*

   2014 U.S. Dist. LEXIS 46956 (S.D. Cal. Apr. 2, 2014) .............................................. 8

*Hanlon v. Chrysler Corp.,*

   150 F.3d 1011 (9th Cir. 1988) ...................................................................... 8, 10, 16

*Hanon v. Dataproducts Corp.,*

   976 F.2d 497 (9th Cir. 1992) ........................................................................ 5, 16, 17

*In re Adobe Sys., Inc. Sec. Litig.,*

   139 F.R.D. 150 (N.D. Cal. 1991) .............................................................................. 6

*In re Anthem, Inc. Data Breach Litig.,*

   327 F.R.D. 299 (N.D. Cal. 2018) ............................................................................ 13

*In re ConAgra Foods, Inc.,*

   90 F. Supp. 3d 919 (C.D. Cal. 2015) ...................................................................... 22

*In re Connetics Corp. Sec. Litig.,*

   257 F.R.D. 572 (N.D. Cal. 2009) .............................................................................. 6

*Johnson v. California,*

   543 U.S. 499 (2005) ................................................................................................ 21

*Kartman v. State Farm Mut. Auto. Ins. Co.,*

   634 F.3d 883, 895 (7th Cir. 2011), cert. denied 565 U.S. 878 (2011) ........................ 22

*Kearney v. Salomon Smith Barney, Inc.,*

   39 Cal. 4th 95 (2006) .................................................................................. 4, 12, 14, 17

*Kight v. CashCall, Inc.,*

   200 Cal. App. 4th 1377 (2011) ............................................................................... 14

**Kazerouni Law Group, APC**
Costa Mesa, California

*Kline v. Dymatize Enters., LLC,*

   No. 15-CV-2348-AJB-RBB,

   2016 U.S. Dist. LEXIS 142774 (S.D. Cal. Oct. 13, 2016) .......................................... 21

*Knutson v. Schwan's Home Serv.,*

   2013 U.S. Dist. LEXIS 127032 (S.D. Cal. Sep. 5, 2013) ............................................ 6

*Kuschner v. Nationwide Credit, Inc.,*

   256 F.R.D. 684 (E.D. Cal. 2009) ..................................................................................... 4

*Lejbman v. Transnational Foods, Inc.,*

   2018 U.S. Dist. LEXIS 40244 (S.D. Cal. Mar. 12, 2018) .......................................... 21

*Lieberman v. KCOP Television, Inc.,*

   110 Cal. App. 4th 156 (2003) .................................................................................. 4, 14

*Mazza v. Am. Honda Motor Co.,*

   666 F.3d 581 (9th Cir. 2012) ........................................................................................... 8

*McKenzie v. Fed. Express Corp.,*

   275 F.R.D. 290 (C.D. Cal. 2011) .................................................................................... 5

*Molski v. Gleich,*

   318 F.3d 937 (9th Cir. 2003) ......................................................................................... 19

*Montalti v. Catanzariti,*

    191 Cal. App. 3d 96 (Ct. App. 1987) ........................................................................... 4

*Montgomery v. Rumsfield,*

   572 F.2d 250 (9th Cir. 1978) ........................................................................................... 5

*Moreno v. AutoZone, Inc.,*

   251 F.R.D. 417 (N.D. Cal. 2008) .................................................................................... 7

*Parra v. Bashas', Inc.,*

   536 F.3d 975 (9th Cir. 2008) ........................................................................................... 9

*Parsons v. Ryan,*

   754 F.3d 657 (9th June 5, 2014) ................................................................................... 16

MEMO. OF P. & A. IN SUPP. OF PL.'S MOT. FOR CLASS CERTIFICATION PURSUANT TO FED. R. CIV. P. 23(B)(2) AND (B)(3); CASE NO.: 3:18-CV-03333-SI

vi

**Kazerouni Law Group, APC**
Costa Mesa, California

*Probe v. State Teachers' Ret. Sys.*,
  780 F.2d 776 (9th Cir. 1986) ............................................. 19

*Raffin v. Medicredit, Inc.*,
  No. CV 15-4912-GHK (PJWx),
  2017 U.S. Dist. LEXIS 5311 (C.D. Cal. Jan. 3, 2017) ......................................... *passim*

*Reyes v. Educ. Credit Mgmt. Corp.*,
  322 F.R.D. 552 (S.D. Cal. 2017) ................................................. 11

*Ronquillo-Griffin v. TransUnion Rental Screening Sols., Inc.*,
  No. 17cv129 JM (BLM),
  2019 U.S. Dist. LEXIS 79021 (S.D. Cal. May 9, 2019).......................... 1, 15

*Rorty v. Quicken Loans Inc.*,
  No. CV 12-00560 GAF (VBKx),
  2012 U.S. Dist. LEXIS 198911 (C.D. Cal. July 3, 2012)............................. 4

*Saulsberry v. Meridian Fin. Servs.*,
  No. CV 14-6256,
  2016 U.S. Dist. LEXIS 86419 (C.D. Cal. April 14, 2016) .................................... 4, 10

*Staton v. Boeing Co.*,
  327 F.3d 938 (2003)........................................................... 17

*Twegbe v. Pharmaca Integrative Pharm., Inc.*,
  2013 U.S. Dist. LEXIS 100067,
  2013 WL 3802807 (N.D. Cal. July 17, 2013)................................................ 7

*United States v. Staves*,
  383 F.3d 977 (9th Cir. 2004) ............................................ 14

*Valentino v. Carter-Wallace, Inc.*,
  97 F.3d 1227 (9th Cir. 1996) ............................................ 10

*Vera v. O'Keefe*,
  791 F. Supp. 2d 959 (S.D. Cal. 2011).......................................... 14

**Kazerouni Law Group, APC**
Costa Mesa, California

*Wal-Mart v. Dukes*,

    131 S.Ct. 2541 (2011).........................................................................*passim*

*Westways World Travel, Inc. v. AMR Corp.*,

    218 F.R.D. 223 (C.D. Cal. 2003) ...................................................... 5, 23

*Wolin v. Jaguar Land Rover N. Am., LLC*,

    617 F.3d 1168  (9th Cir. 2010) ................................................................ 10

*Yokoyama v. Midland Nat'l Life Ins. Co.*,

    594 F.3d 1087 (9th Cir. 2010) ................................................................ 12

*Yoshioka v. Charles Schwab Corp.*,

    2011 U.S. Dist. LEXIS 147483 (N.D. Cal. Dec. 22, 2011) ................... 18, 20

*Zaklit v. Nationstar Mortg. LLC*,

    No. 5:15-cv-2190-CAS(KKx),

    2017 U.S. Dist. LEXIS 117341 (C.D. Cal. July 24, 2017) ..................... 3, 12

*Zinser v. Accufix Research Inst., Inc.*,

    253 F.3d 1180 (9th Cir. 2001) ............................................................ 19, 22

### Statutes

Cal. Code Civ. Proc. § 340(a);.................................................................. 4

California Penal Code § 630, *et seq.* ("CIPA") ........................................ 1, 3

### Rules

Fed. R. Civ. P. 23(b)(2)...................................................................*passim*

### Other Authorities

7AA Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice

    and Procedure: Civil 3d § 1775, at 41 (2005)............................................ 19

C. Wright, A. Miller & M. Kane, *Federal Prac. & Proc. Civil 2d* at § 1754 (1986)......... 5

H. Newberg, *Newberg on Class Actions* § 1115(b) (1st Ed. 1977) ................... 16

Jean R. Sternlight and Elizabeth J. Jensen, *Mandatory Arbitration: Using Arbitration*

    *to Eliminate Consumer Class Actions: Efficient Business Practice or*

*Unconscionable Abuse,* 67 Law & Contemp. Prob. 75, 88 (2004)................................ 23

**Kazerouni Law Group, APC**
Costa Mesa, California

**Kazerouni Law Group, APC**
Costa Mesa, California

## I.   INTRODUCTION

Through this motion, plaintiff Gregory Franklin ("Mr. Franklin" or "Plaintiff") seeks class certification status of a California class and sub-class under Fed. R. Civ. P. 23(b)(2) and (b)(3) for defendant Ocwen Loans Servicing, LLC's ("OCWEN" or "Defendant") alleged violation of California Penal Code § 630, *et seq.* ("CIPA").  This putative class action centers on a few simple allegations which, if found to be true, constitute numerous violations of CIPA. Mr. Franklin alleges that OCWEN audio recorded cellular telephone calls to Mr. Franklin and thousands of California customers of OCWEN without their consent during the period of one day and also one month, in violation of Cal. Pen. Code § 632.7.

The Supreme Court has observed, "[c]lass actions serve an important function in our system of civil justice." *Gulf Oil Co. v. Bernard*, 452 U.S. 89, 99 (1981).  CIPA claims, such as the ones here, are amenable to class action status because the class members suffer the same privacy injury in the same manner where OCWEN failed to advise of call recording at the outset of its outbound calls.  Consumer CIPA claims have been certified on contested motions, *see Raffin v. Medicredit, Inc.*, No. CV 15-4912-GHK (PJWx), 2017 U.S. Dist. LEXIS 5311, at *29 (C.D. Cal. Jan. 3, 2017); *Ades v. Omni Hotels Mgmt. Corp.*, No. 2:13-cv-02468-CAS(MANx), 2014 U.S. Dist. LEXIS 129689, at *43 (C.D. Cal. Sep. 8, 2014); and in the settlement context, *Ronquillo-Griffin v. TransUnion Rental Screening Sols., Inc.*, No. 17cv129 JM (BLM), 2019 U.S. Dist. LEXIS 79021, at *9 (S.D. Cal. May 9, 2019).

Mr. Franklin moves to certify a California-only class action for injunctive relief and statutory damages against Defendant, and submits that the requirements of Fed. R. Civ. P. 23(a), Fed. R. Civ. P. 23(b)(2) and (b)(3) are satisfied.

## II.   PROCEDURAL BACKGROUND

This action was filed on June 6, 2018 (Dkt. No. 1).  A First Amended Complaint was filed on August 17, 2018 (Dkt. No. 18).  Defendant filed an Amended Answer to the First Amended Complaint on October 16, 2019 (Dkt. No. 77), following motion practice (Dkt. Nos. 43, 51 and 60).  On March 12, 2019, the Court ruled on a discovery dispute

motion (Dkt. No. 56).  The Court set a deadline of March 12, 2020 for Plaintiff to file a motion for class certification (Dkt. No. 79).

## III.    FACTUAL BASIS FOR CLASS CERTIFICATION

Mr. Franklin is a natural person residing in California, and a customer of OCWEN. [Franklin Decl., ¶¶ 1, 5, 7; Deposition of Sherri Goodman, the Rule 30(b)(6) representative of OCWEN ("Goodman Depo."), 5:12-24; 64:15-65:3; 75:5-81-14 (Exhibit A to Declaration of Jason A. Ibey ("Ibey Decl."), ¶ 21)].  OCWEN (which is now PHH Mortgage) is a business located in Florida which services mortgage loans. [FAC, ¶¶ 10, 19; *see also*, Goodman Depo., 52:25-53:13; 91:16-21; 98:8-23; Dkt. No. 77, ¶ 13].

In calling its clients in 2015, OCWEN frequently called California customers on their cell phones. [*See* FAC, ¶¶ 30, 33; Expert Declaration of Jeffry A. Hansen ("Hansen Decl."), ¶¶ 11 and 23; Declaration of Siddharth Chadhda ("Chadha Decl."), ¶¶ 4-11].  In many instances, approximately 10.7% of the time on November 23, 2015, OCWEN failed to provide a recording advisement at the outset of the call that the call may be audio recorded. [*See* Hansen Decl., ¶ 23, and Exhibit H thereto; Chadha Decl., ¶¶ 4-11; *see also*, Exhibit I to Ibey Decl., ¶ 29 (referring to file labeled "OC-FR0001723").]  This is the case for OCWEN's outgoing calls where its agents are instructed to follow a script that merely informs, "Please be aware this call may be monitored and recorded for training purposes," (Goodman Depo., 123:7-127:17; *see also*, 11:20-12:8; 14:4-11).  The agents do not state, for example, that the call *is* being recorded, or that *all* calls *are* recorded.  In late 2012, OCWEN's agents were instructed to verify the customer's identification before providing a call recording disclosure. [Goodman Depo., 125:18-126:13].  But as of early 2015, the agents were instructed to provide the recording disclosure before verifying customer identification. [Goodman Depo., 135:17-22; 137:18-24].  OCWEN keeps detailed records of its calls. [*Id*. at 93:2-94:7; Ex. C, D, F, and J to Ibey Decl., ¶¶ 23, 24, 26].

In discovery obtained from OCWEN thus far, Plaintiff has obtained detailed call records and corresponding audio recording files (designated Confidential by OCWEN) for persons with a California area code who OCWEN called on their cell phone on November

Kazerouni Law Group, APC
Costa Mesa, California

23, 2015. [Exhibits I and J to Ibey Decl., ¶¶ 29-30; Goodman Depo. 93:6-94:3; 109:5-15; Chadha Decl., ¶¶ 4-11].  By stipulation, OCWEN has agreed that it is a normal business practice for it to maintain contact information for its customers, and that it has the property address for the mortgaged property, the names of barrower and co-borrowers, and emails addresses for the customers where available. [Exhibit E to Ibey Decl., ¶ 25].

Through separate TCPA litigation, Plaintiff was shocked to learn that OCWEN had recorded its telephonic conversation with Plaintiff on November 23, 2015, without a call recording disclosure before or any time during the call. [Dkt. No. 77, ¶ 27; FAC, ¶¶ 26-27; Franklin Decl., ¶¶ 9-14; Exhibit C to Ibey Decl., ¶ 23 (call records relating to Mr. Franklin); Ex. I to Ibey Decl., ¶ 29 (referring to call recording identified as OC-FR0000504, made on November 23, 2015)].  OCWEN recorded that call to Plaintiff's cell phone number with area code 510,[1] and ending in 8608. [Goodman Depo., 75:5-24; 81:7-10; 88:6-89:9; Franklin Decl., ¶¶ 10-14; Ex. B to Ibey Decl., ¶ 22 (Response to Request for Admission ("RFA"), No. 9; Goodman Depo., 81:11-82:11; 88:6-21]. Further, based on Plaintiff's review of discovery with the assistance of Mr. Chadha and also a data analysis expert (Mr. Hansen), OCWEN illegally audio recorded 96 calls to unique cell phone numbers with a California area code during the period of a single day – November 23, 2015. [Hansen Decl., ¶ 23 and Exhibit H thereto; Chadha Decl., ¶¶ 4-11; *see*, Exh. I and J to Ibey Decl., ¶ 29-30; Goodman Depo., 93:6-14; 109:2-15].

Therefore, based upon the allegations in the FAC, the evidence obtained thus far, and evidence that will likely be obtained through further discovery, hybrid Rule 23(b)(2) and Rule 23(b)(3) class certification of the CIPA claims is appropriate.

## IV.    CALIFORNIA INVASION OF PRIVACY ACT

California Penal Code § 630 *et seq*. prohibits, among other things, the recording of telephone conversations without consent.  The California Supreme Court explained that

---

[1] *See Ades,* 2014 U.S. Dist. LEXIS 129689, at *43 (510 is a California area code).  It is more likely than not that an OCWEN customer with a California area code was located in California. *See Zaklit v. Nationstar Mortg. LLC*, No. 5:15-cv-2190-CAS(KKx), 2017 U.S. Dist. LEXIS 117341, at *25 (C.D. Cal. July 24, 2017) (citation omitted).

Kazerouni Law Group, APC
Costa Mesa, California

the statute prohibits secret or surreptitious recording of "the conversation without first informing all parties to the conversation that the conversation is being recorded." *Kearney v. Salomon Smith Barney, Inc.*, 39 Cal. 4th 95, 118 (2006). "Section 632.7 makes unlawful the intentional, non-consensual recording of a telephone communication, where at least one of the phones is a cordless or cellular telephone." *Kuschner v. Nationwide Credit, Inc*., 256 F.R.D. 684, 688 (E.D. Cal. 2009). Section 632.7 "protect[s] against interception or recording of any communication." *Flanagan v. Flanagan*, 27 Cal. 4th 766, 776 (Cal. 2002) (Italics in original); *Brown v. Defender Sec. Co*., 2012 U.S. Dist. LEXIS 153133, *13 (C.D. Cal. Oct. 2, 2012) (632.7 grants a wider range of protection to conversations where one participant uses a cellular phone or cordless phone). "[A]n actionable violation of section 632 occurs the moment the surreptitious recording is made." *Lieberman v. KCOP Television, Inc*., 110 Cal. App. 4th 156, 167, 1 Cal. Rptr. 3d 536 (2003).

Under section 637.2, statutory damages of $5,000 may be awarded for a violation. *Franklin v. Ocwen Loan Servicing, LLC*, No. 18-cv-03333-SI, 2018 U.S. Dist. LEXIS 193485, at *18 (N.D. Cal. Nov. 13, 2018) (holding CIPA does not permit damages on a per violation basis for violations pre-2017 amendment).

The statute of limitations for claims under CIPA is one year. *Saulsberry v. Meridian Fin. Servs.*, No. CV 14-6256, 2016 U.S. Dist. LEXIS 86419, *50-51 n.5 (C.D. Cal. April 14, 2016). However, the discovery rule applies. "The statute of limitations for claims is one year from the date the plaintiff discovered or should have discovered a surreptitious recording." *Rorty v. Quicken Loans Inc.*, No. CV 12-00560 GAF (VBKx), 2012 U.S. Dist. LEXIS 198911, at *9 (C.D. Cal. July 3, 2012) (citing Cal. Code Civ. Proc. § 340(a); *Montalti v. Catanzariti*, 191 Cal. App. 3d 96, 236 Cal. Rptr. 231, 233 (Ct. App. 1987)). *See also*, *Franklin,* 2018 U.S. Dist. LEXIS 193485, at *10 (denying Ocwen's motion to dismiss based on statute of limitations challenge).

## V.   RULE 23 STANDARDS AND CLASS CERTIFICATION ANALYSIS

Class actions are essential to enforce laws protecting consumers, including under CIPA. Rule 23 governs the certification of class actions and has as main objectives the

*Kazerouni Law Group, APC*
Costa Mesa, California

efficient resolution of the claims or liabilities of many individuals in a single action as well as the elimination of repetitious litigation and possibly inconsistent adjudication. *See Califano v. Yamaki*, 442 U.S. 682, 700-01 (1979); C. Wright, A. Miller & M. Kane, *Federal Prac. & Proc. Civil 2d* at § 1754 (1986).

"[I]t is well established that for purposes of class certification, the moving party does not need to establish a likelihood of prevailing on the merits." *McKenzie v. Fed. Express Corp.*, 275 F.R.D. 290, 297 (C.D. Cal. 2011). "The operative determination is whether class claims 'may be proven by evidence common to all class members,' not whether the evidence will ultimately be persuasive." *Cartwright v. Viking Indus.*, 2009 U.S. Dist. LEXIS 83286, *11 (E.D. Cal. Sept. 11, 2009) (citations omitted). Courts have broad discretion in ruling on class certification. *Montgomery v. Rumsfield*, 572 F.2d 250, 255 (9th Cir. 1978).

Rule 23 outlines a two-step process for determining whether class certification is appropriate.  First, Rule 23(a) sets forth four conjunctive prerequisites that must be met for any class: (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class. *See* Fed. R. Civ. P. 23(a); *Hanon v. Dataproducts Corp.*, 976 F.2d 497, 508 (9th Cir. 1992). These requirements are referred to as numerosity, commonality, typicality, and adequacy.

Although a plaintiff must show compliance with the prerequisites of Rule 23(a) under a rigorous analysis, *Wal-Mart v. Dukes*, 131 S.Ct. 2541, 2552 (2011), "[i]n determining the propriety of a class action, the question is not whether the plaintiff … ha[s] stated a cause of action or will prevail on the merits, but rather whether the requirements of Rule 23 are met." *Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 178 (U.S. 1974).  As explained by the Supreme Court in 1982, "[s]ometimes the issues are plain enough from the pleadings to determine whether the interests of the absent parties are fairly encompassed within the named plaintiff's claim…" *General Telephone Co. of Southwest*

Kazerouni Law Group, APC
Costa Mesa, California

*v. Falcon*, 457 U.S 147, 160 (1982). "Sufficient information must be provided to form a reasonable informed judgment on each of the requirements of Fed. R. Civ. P. 23." *In re Connetics Corp. Sec. Litig.*, 257 F.R.D. 572, 576 (N.D. Cal. 2009). Once subdivision (a) of Rule 23 is satisfied, the party seeking certification must demonstrate that the action falls into one of three categories under Rule 23(b); *In re Adobe Sys., Inc. Sec. Litig.*, 139 F.R.D. 150, 153 (N.D. Cal. 1991).

**A.      The Proposed Class and Sub-Class Are Adequately Defined and Based on Objective Criteria**

Mr. Franklin requests certification of the following California Class and Sub-class:

> **Class.** All persons in California who are customers of Defendant whose cellular telephone conversation on at least one outgoing call from Defendant was recorded by Defendant and/or its agent/s without consent between November 1, 2015 and November 30, 2015.

> **Sub-class.** All persons in California who are customers of Defendant whose cellular telephone conversation on at least one outgoing call from Defendant was recorded by Defendant and/or its agent/s without consent on November 23, 2015.

The proposed Class and Sub-class definitions are clearly defined and based on objective criteria, including whether the class member is a person in California who is a customer of Defendant, called on their cellular telephone, where the call/s were audio recorded by Defendant without consent, based on Defendant's own business records.

While the Class and Sub-class definitions are narrower than the class proposed in the FAC at ¶ 41, this is permitted when moving for class certification, for it could cause no undue prejudice to Defendant; Defendant was on notice of a broader proposed class. *See Knutson v. Schwan's Home Serv.*, 2013 U.S. Dist. LEXIS 127032, at *13 (S.D. Cal. Sep. 5, 2013) (certifying class of NutriSystem customers following discovery, which was narrower than proposed class in the pleadings); *Abdeljalil v. GE Capital Corp.*, 306 F.R.D. 303, 306 (S.D. Cal. 2015) (permitting plaintiff to narrow the class definition in a motion for class certification without amending the operative complaint because "the new

definition is simply a narrower version of the class definition presented in the [operative complaint], which is allowable"). Plaintiff proposes the narrower Class and Sub-class after having conducted discovery and to foster the manageability of a class action.

In light of the controlling decision in *Briseno v. ConAgra Foods, Inc.*, 844 F.3d 1121, 1123 (9th Cir. 2017), Plaintiff is not required to show that it is administratively feasible to identify the Class and Sub-class members; there is no separate administrative feasibility requirement. *See Des Roches v. Cal. Physicians' Serv*., 320 F.R.D. 486, 511-12 (N.D. Cal. 2017). It is enough that the class definition describes "a set of common characteristics sufficient to allow" a prospective plaintiff to "identify himself or herself as having a right to recover based on the description." *Moreno v. AutoZone, Inc*., 251 F.R.D. 417, 421 (N.D. Cal. 2008) (citation and internal quotations omitted).

### B.    Numerosity

The class must be "so numerous that joinder of all members is impracticable." Fed. R. Civ. P. 23(a)(1). "[T]he numerosity requirement is usually satisfied where the class comprises 40 or more members." *Twegbe v. Pharmaca Integrative Pharm*., Inc., 2013 U.S. Dist. LEXIS 100067, 2013 WL 3802807, *3 (N.D. Cal. July 17, 2013).

Here, Plaintiff has already identified the 96 unique cell phone numbers of the Sub-class members whose calls from Defendant were audio recorded without their consent on November 23, 2015, based on Defendant's business records. [*See* Hansen Decl., ¶ 23 and Exhibit H thereto; Chadha Decl., ¶ 11]. OCWEN should have contact information such as mailing address and/or email address for each of these individuals (customers of Defendant), based on representations from Defendant in deposition testimony and a signed stipulation. [*See* Goodman Depo., 101:2-12; 104:10-16; Exhibit E to Ibey Decl., ¶ 25].

Additionally, taking a common-sense approach, the number of members in the larger Class whose cell phone calls from Defendant were audio recorded during the month of November 2015, is at least more than a thousand. The number is likely close to 2,280 (96 x 30 days = 2,880), given that Defendant produced data for 3,725 outgoing call recordings (890 which actually connected) to cell phones during a one-day period on

Kazerouni Law Group, APC
Costa Mesa, California

November 23, 2015, and OCWEN failed to give a recording disclosure at the outset of those calls approximately 10.7% of the time ($96^2$ / 890 = Approx. 10.7%). [Chadha Decl., ¶¶ 4-11. Courts are "able to make common-sense assumptions in determining numerosity.'" *Gusman v. Comcast Corp.*, 2014 U.S. Dist. LEXIS 46956, *9 (S.D. Cal. Apr. 2, 2014) (citation omitted).

Thus, the Class and Sub-class are so numerous that this action should be maintained as a class action because many separate, yet nearly identical, CIPA and actions, would be economically and judicially impracticable.

### C.   Commonality and Predominance of Common Issues

For efficiency, the commonality prerequisite under Fed. R. Civ. P. 23(a)(2) and predominance requirement under Rule 23(b)(3) are discussed together. *See Ades*, 2014 U.S. Dist. LEXIS 129689, 2014 WL 4627271, at *8 (discussing predominance and commonality together in a CIPA case and noting that "if plaintiffs show predominance, they necessarily show commonality").

### 1.   <u>Commonality</u>

Rule 23(a)(2) requires at least one significant common question of law or fact to certify a class. *See Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1019 (9th Cir. 1988) (quoting Fed. R. Civ. P. 23(a)(2)); *Abdullah v. U.S. Sec. Assocs., Inc.*, 731 F.3d 952, 957 (9th Cir. 2013) (emphasis in original) (quoting *Mazza v. Am. Honda Motor Co.*, 666 F.3d 581, 589 (9th Cir. 2012)). The focus is on whether certification will offer a more economical approach to resolving the underlying disputes than would individual litigation. *Falcon*, 457 U.S. at 155.  There must be a "common contention of such a nature that it is capable of classwide resolution-which means that determination of its truth or falsity will resolve an issue that is central to the validity of each one of the claims in one stroke." *Dukes*, 131 S. Ct. at 2551.  Even where the circumstances for each class member varies, commonality is satisfied if there is a common core of factual or legal issues with the rest of the class. *Parra*

---

[2] Mr. Chadha found 115 call recordings without a proper recording disclosure. Chadha Decl., ¶ 11. That number was then reduced to 96 after Mr. Hansen performed his scrub for calls to unique cell phone numbers only. Hansen Decl., ¶ 23.

*v. Bashas', Inc.*, 536 F.3d 975, 978 (9th Cir. 2008). Certification is appropriate where the "classwide proceeding [will] generate common answers apt to drive the resolution of the litigation." *Dukes*, 131 S.Ct. at 2551.

Common questions of law and fact in this case include, but are not necessarily limited to, whether: (1) pursuant to a policy[3] to record calls, OCWEN audio recorded; (2) at least one outgoing call; (3) to persons who are California customers; (4) called on their cellular telephone; (5) having a California area code;[4] (6) where no recording disclosure was provided before any recording of the customer's communication took place; or alternatively, was not provided at the outset of the call; and whether (7) damages are awarded on a per violation basis for violations in 2015. *See* FAC, ¶¶ 1, 3, and 45.

Mr. Chadha has already manually listed to the 3,725 call recordings made by Defendant on November 23, 2015 for outgoing calls. [Chadha Decl., ¶¶ 4-11.]   After manual review of the recordings by Mr. Chadha (finding 115 recordings that were a violation out of 890 connected calls, *id.* at ¶ 8), and based on further analysis by Plaintiff's expert Mr. Hansen, Plaintiff has determined that on 96 recorded calls involving unique cell phone numbers with a California area code, no recording advisement was given during the first minute and thirty seconds of each call. [Hansen Decl., ¶¶ 11-23; *see also*, Chadha Decl., ¶¶ 5-11].   Mr. Hansen scrubbed the telephone phone numbers to determine which were cell phones numbers. Hansen Decl., ¶ 11-22.   Mr. Hansen then combined the data from Mr. Chadha with the results of his cell phone scrub to produce a file identifying the unlawfully recorded calls for that single day.   *Id.* at ¶ 23. The same process can be easily and quickly followed for the one-month proposed Class period should that data be provided by OCWEN.   *Id.* at ¶ 24; Chadha Decl., ¶ 13.

---

[3] *See* Goodman Depo., 19:6-11; *see also*, Exhibit B to Ibey Decl., ¶ 22 (Response to RFA, No. 12); Dkt. No. 77, ¶ 15-17.

[4] *See* Exhibit F to Ibey Decl., ¶ 26 (OCWEN agreed to limit the production of call records for November 23, 2015 to cellular telephones with California area codes only).   *See generally*, Exhibit D to Ibey Decl., ¶ 24 (explaining Defendant's responses to Plaintiff's Special Interrogatories, Nos. 11 and 12, and how Defendant collected various information).

Kazerouni Law Group, APC
Costa Mesa, California

Thus, Plaintiff has identified several common questions that can be answered based on Defendant's own business records, which will drive the resolution of the litigation. *See Saulsberry v. Meridian Fin. Servs.*, No. CV 14-6256 JGB (JPRx), 2016 U.S. Dist. LEXIS 86419, at *45 (C.D. Cal. Apr. 14, 2016) (finding the "IPA Late Advisory Cell Phone putative class members are common with regards to the question of whether a notification must be made with the first 30 seconds of a call.); *Raffin,* 2017 U.S. Dist. LEXIS 5311, at *14-15 (finding commonality in CIPA case where the defendant relied on agents to give a call recording advisement based on a script that required verification of identification before the agent was instructed to advise of call recording).

## 2.   **Predominance of Common Issues**

Rule 23(b)(3) requires that "questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to other methods for the fair and efficient adjudication of the controversy." Fed. R. Civ. P. 23(b)(3); *Wolin v. Jaguar Land Rover N. Am., LLC*, 617 F.3d 1168, 1175-76 (9th Cir. 2010). "The Rule 23(b)(3) predominance inquiry tests whether proposed classes are sufficiently cohesive to warrant adjudication by representation." *Hanlon v. Chrysler Corp.*, 150 F.3d at 1022 (quoting *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591 (1997)). "Court[s] looks at common factual link[s] between all class members and the defendants for which the law provides a remedy." *Abels v. JBC Legal Group, P.C.*, 227 F.R.D. 541, 547 (N.D. Cal. 2005). Moreover, "[i]Implicit in…the predominance test is…that the adjudication of common issues will help achieve judicial economy." *Valentino v. Carter-Wallace, Inc.*, 97 F.3d 1227, 1234 (9th Cir. 1996).

### i.   *Several issues of fact and law are subject to common proof*

Mr. Franklin has already identified several common issues above.  Virtually all of the issues of law and fact are common to the Class and Sub-class, based on Defendant's own call detail records and call recordings.

The Court in *Raffin* found predominance of common issues in a similar CIPA case. In *Raffin*, common issues predominated where the defendant had a policy that relied on

Kazerouni Law Group, APC
Costa Mesa, California

Kazerouni Law Group, APC
Costa Mesa, California

agents to verbally issue a scripted advisory of call recording but would not provide the advisory until verifying the identity of the other party.  The Court explained that due to the script and "[b]ecause every putative class member was subject to this policy on a uniform basis, determining consent to record can be accomplished without resort to individualized proof." *Raffin,* 2017 U.S. Dist. LEXIS 5311, at *24.  Similar to *Raffin*, OCWEN relies on agents to give a recording advisory based on a script.  And although OCWEN's script in 2015 has changed to give the advisory prior to verifying the called person's identity, whereas in *Raffin* the order was reversed, the evidence shows that no recording disclosure was provided by OCWEN's agents during the first minute and thirty seconds of 96 calls on November 23, 2015. [Hansen Decl., ¶ 23; Chadha Decl., ¶¶ 5-11; *see also*, Exhibits I and J to Ibey Decl., ¶¶ 29-30].

Moreover, in *Reyes*, the Court found common issues predominated.  *Reyes v. Educ. Credit Mgmt. Corp.*, 322 F.R.D. 552, 560-563 (S.D. Cal. 2017).  Although that decision was subsequently vacated and remanded for further proceedings (*Reyes v. Educ. Credit Mgmt. Corp.*, 773 F. App'x 989 (9th Cir. 2019)), the issue on appeal concerned standing where it was unclear whether the plaintiff heard the call recording, *Id.* at 990.  Nevertheless, the reasoning for finding predominance by the District Court was sound and presented facts similar to those here.

Specifically, Reyes argued that common issues predominated by looking to i) the defendant's failure to obtain express consent from borrowers, ii) defendant's reliance on prerecorded message to advise of call recording, iii) the defendant's admitted use of a settling where 27 percent of its phone lines where a prerecorded voice was not played, iv) and the defendant's own records of calls. *Reyes v. Educ. Credit Mgmt. Corp.*, 322 F.R.D. 552, 560 (S.D. Cal. 2017).  Here, common issues also predominate, and Mr. Franklin looks to similar evidence such as OCWEN's reliance on agents to use a script to give a recording advisement (Goodman Depo., 28:4-24; 39:2-16), evidence that OCWEN did not give a recording disclosure on approximately 10.7% of its connected outgoing calls on November 23, 2015, and OCWEN's own detailed business records of the calls and the actual call

recordings.  Defendant cannot reasonable dispute that no recording advisement was given to Mr. Franklin on November 23, 2015, as a transcription of the call is submitted here as evidence, transcribed by a court reporter. [Exhibit H to Ibey Decl., ¶ 28].

The predominance test here is satisfied because this case presents several class-wide issues with one overarching class-wide issue at its heart: OCWEN's improper practice of audio recording its outgoing calls without a call recording advisement either before the customer's communication took place or at the outset of each call.  Certifying this case as a class action will produce common answers sought by the parties, including whether such practice by Defendant violates CIPA.  As in *Zaklit v. Nationstar Mortg. LLC*, No. 5:15-cv-2190-CAS(KKx), 2017 U.S. Dist. LEXIS 117341, at *16 n.2 (C.D. Cal. July 24, 2017), Mr. Franklin has "demonstrated a plausible class-wide method of proof and ha[s] thus satisfied [his] burden on a motion for class certification."  In fact, Plaintiff has already identified the 96 unique cell phone numbers making up the Sub-Class. [Hansen Decl., ¶ 23.]

Further, damages are the same per class member, as this Court previously ruled that statutory damages of $5,000 pre-2017 amendment are not awarded on a per violation basis. *Franklin,* 2018 U.S. Dist. LEXIS 193485, at *18.  This is a common question of law.  Even if damages were to be awarded on a per violation basis, the Ninth Circuit has explained that "damages calculations alone cannot defeat certification." *Yokoyama v. Midland Nat'l Life Ins. Co.*, 594 F.3d 1087, 1094 (9th Cir. 2010).

### ii.    *The required timing of a recording disclosure is a merits issue*

Whether the call recording disclosure must be given before the communication of the customer takes place (in other words, before Defendant records the words of the customer), or whether the recording advisement must only be made at the outset of the call, is a merits question that need not be resolved on the present motion.  While the California Supreme Court in *Kearney* referred to the "outset" of the communication without defining that term (*Kearney,* 39 Cal. 4th at 118), the *Raffin* Court held that "at the start of a conversation, before any recording of another party's communication has taken place, that

Kazerouni Law Group, APC
Costa Mesa, California

party must be informed that the conversation is being recorded." *Raffin,* 2017 U.S. Dist. LEXIS 5311, at *23 (finding predominance of common issues in CIPA case). Whichever may be the correct legal requirement for the timing of the disclosure, OCWEN failed to properly advise the Class and Sub-class members of call recording.

### iii.    *Defendant's asserted consent defense*

Defendant may contend that not all issues of law and fact are common, but Plaintiff notes that Fed. R. Civ. P. 23(b)(3) does not require *all* issues of law and fact to be subject to common proof, as even the rule itself recognizes that there may be some issues that are individualized. Fed. R. Civ. P. 23(b)(3) ("questions of law or fact common to class members predominate over any questions affecting only individual members"). "The Supreme Court has also observed that the predominance standard is 'readily met;' in consumer class actions." *In re Anthem, Inc. Data Breach Litig.*, 327 F.R.D. 299, 313 (N.D. Cal. 2018) (quoting *Amchem,* 521 U.S. at 624).  It is sufficient here that the common issues *predominate* over any individual issues.  It makes sense to resolve in one California class action the principal issue concerning the legality of OCWEN's recording practice in calling its customers when relying on agents to follow a script to advise of call recording.

Defendant only alleges a few defenses in this action, *see* Dkt. No. 77, pp. 6-7 (Consent, Estoppel, Waiver, No Unconsented to Communication, and Statute of Limitations), which are essentially based on the same evidence.  OCWEN confirmed at deposition of its Rule 30(b)(6) representative (Ms. Goodman) that the defenses are based on the same theory that Mr. Franklin and the absent class members would have heard a recording disclosure on prior calls. *See* Goodman Depo., 65:18-71:18. Defense counsel subsequently confirmed that Defendant is not relying upon any affirmative defense evidence relating to the putative class members to oppose class certification that has not already been produced by Defendant in discovery. [Exhibit G to Ibey Decl., ¶ 27].

Should Defendant argue that there are individual issues of consent because class members may have been aware that prior calls were recorded, such argument would fail for two reasons.  First, the California Supreme Court has explained that companies may

Kazerouni Law Group, APC
Costa Mesa, California

not audio record calls of consumes without first advising of call recording, as noted in *Kearney*, 39 Cal. 4th at 118.  This means OCWEN must advise of call recording as to each and every call it chooses to record.  For example, advising of recording on a call in the year 2014 would not amount to consent to recording calls with the called party in 2015, or in perpetuity. *See generally, Kearney,* 39 Cal. 4th 95, 118 n.10 ("… in the absence of such an advisement, a California consumer reasonably would anticipate that such a telephone call is not being recorded, particularly in view of the strong privacy interest most persons have with regard to the personal financial information frequently disclosed in such calls."

Moreover, an actionable violation of section 632 occurs the moment the surreptitious recording is made. *Lieberman*, 110 Cal. App.4th at 166 (Cal. Ct. App. 2003) (citing *Friddle v. Epstein*, 16 Cal. App. 4th 1649, 1660-1661 (1993)).  *See also*, *Kight v. CashCall, Inc.*, 200 Cal. App. 4th 1377, 1390 (2011) ("an actionable violation of section 632 occurs the moment the surreptitious recording or eavesdropping takes place, regardless whether it is later disclosed.") (citations omitted); *Vera v. O'Keefe*, 791 F. Supp. 2d 959, 962 (S.D. Cal. 2011).

Second, Defendant would not be able to rely on the part of the *Raffin* opinion where the defendant made a similar argument, due to distinguishable facts as to the call recording script used.  *Raffin*, 2017 U.S. Dist. LEXIS 5311, at *18.  In *Raffin*, the agents advised that *all* calls are recorded, whereas here, OCWEN merely advises that "*this call may* be monitored and recorded," Goodman Depo., 123:7-127:17 (emphasis added).

Plaintiff contends that even for prior instances when Defendant may have advised at of call recording during the first minute and thirty seconds of its outgoing calls (prior to the class period), sufficient notice of call recording is not provided under CIPA because Defendant merely states "this" call "may" be recorded, meaning that particular call, which is equivocal due to the word "may".  As the Ninth Circuit stated in a Title III wiretapping case, "foreseeability of monitoring is insufficient to infer consent." *United States v. Staves*, 383 F.3d 977, 981 (9th Cir. 2004).

The word "may" could just as easily mean the call was not being recorded. *See* "May," https://www.collinsdictionary.com/us/dictionary/english/may (accessed March 9, 2020) ("You use <u>may</u> to indicate that there is a possibility that something is true, but you cannot be certain"; or "You use <u>may</u> to indicate that something is sometimes true or is true in some circumstances.") (emphasis added).  But this is a merits question – and also a common question – to be determined at a later time.

### iv.   *Defendant's asserted statute of limitations defense*

Should Defendant contend in its opposition that whether the claims of Plaintiff and the class members are time-barred presents an individualized issue, that would not be the case. Again, Defendant did not advise of call recording at the outset of every call, and even if it had advised of call recording on prior calls, the agent was not instructed to advise that "all" calls are recorded.  Thus, Defendant's customers would not know that a particular call was being recorded without the advisement at the outset of the calls.

As explained above, the OCWEN agents were instructed to state only that "this call may" be recorded, which is also equivocal and does not put Defendant's customers on notice of call recording for future calls or even that very call due to the use of the word "may".  Indeed, Mr. Franklin did not learn that Defendant's call to him on November 23, 2015 was audio recorded until after initiating separate TCPA litigation where the recording was produced in or around late 2017 or early 2018. [Franklin Decl., ¶¶ 10-14; FAC, ¶¶ 26-27].

Plaintiff has thus shown several common issues of law and fact that predominate over any individual issues.  Certifying the proposed Class and Sub-class would reduce the burden on the courts that would arise from many separate, yet virtually identical CIPA claims based on Defendant unlawful audio recording advisement practice.  It would also avoid duplicative discovery requests and likely result in a more expedient recovery for class members who would not have to seek individual legal representation once they became aware of their rights against Defendant, if at all. *See Ronquillo-Griffin,* 2019 U.S. Dist. LEXIS 79021, at *9 ("The common questions of whether Defendants recorded class

Kazerouni Law Group, APC
Costa Mesa, California

members' calls without their permission and whether Defendants failed to provide a call recording disclosure at the beginning of the call predominate over individual questions.").

### D. Typicality

Rule 23(a)(3) requires that the claims of the representative parties be typical of the claims of the class.  The typicality requirement serves to "assure that the interest of the named representative aligns with the interests of the class." *Hanon,* 976 F.2d at 508. Typicality refers to the *nature* of the claim or defense of the class representative and not on facts surrounding the claim or defense. *Id.* (Italics added.)

A claim is typical if it "arises from the same event or practice or course of conduct that gives rise to the claims of other class members and . . . [is] based on the same legal theory." H. Newberg, *Newberg on Class Actions* § 1115(b) (1st Ed. 1977). Typicality is met if the claims of each class member arise from the same "course of conduct" (*Armstrong v. Davis,* 275 F.3d 849, 869 (9th Cir. Cal. 2001), and the defendant's liability turns on "similar legal argument" *Id.* at 868.  The typicality requirement focuses on a comparison of the named plaintiffs' claims with those of the class. *Id.* at 868-69.  "[T]he injuries [must] result from the same, injurious course of conduct." *Id.* at 869.  But the claims "need not be substantially identical." *Parsons v. Ryan*, 754 F.3d 657, 685 (9th June 5, 2014) (quoting *Hanlon,* 150 F.3d at 1020).

Mr. Franklin is a California resident, who was, and is, a customer of OCWEN. [FAC, ¶¶ 12, 17; Franklin Decl., ¶¶ 3, 5, 7]. The absent class members are also persons in California and customers of Defendant who suffered the same harm in the same manner as Mr. Franklin, in that Defendant audio recorded at least one outgoing call to Mr. Franklin and the absent class members while they were using their cellular telephones, without a recording advisement having been given at the outset of outgoing calls. [*See* FAC, ¶¶ 9, 41, 46; Hansen Decl., ¶ 23; Chadha Decl., ¶¶ 5-11; *see also*, Exhibits I and J to Ibey Decl., ¶¶ 29-30].

As noted before, Mr. Franklin did not become aware that Defendant had audio recorded its call him on November 23, 2015, until after conducting discovery in separate litigation. [Franklin Decl., ¶ 10-14].  *See also*, *Franklin,* 2018 U.S. Dist. LEXIS 193485,

Kazerouni Law Group, APC
Costa Mesa, California

at *8.  The Class and Sub-class member were likely also unaware the calls were being recorded by Defendant, due to the lack of recording disclosure.  The California Supreme Court has noted that "California consumers are accustomed to being informed at the outset of a telephone call whenever a business entity intends to record the call," *Kearney,* 39 Cal. 4th at 118 n.10.

Mr. Franklin's CIPA claims are typical of those of the class members, as the harm suffered by Mr. Franklin (the proposed class representative) is identical to the type of harm suffered by the absent class members, in that their statutory rights to privacy under CIPA were violated by Defendant through its practice of failing to advise of call recording on each outgoing call. *See Ades,* U.S. Dist. LEXIS 129689, at *26 (finding typicality in CIPA action where plaintiffs "allege a course of conduct by Omni common to the class, and privacy invasions typical to those of the class generally.")  Mr. Franklin alleges the same legal theories as the proposed Class and Sub-class members based on the common course of conduct engaged in by Defendant in calling its customers. [FAC, ¶¶ 1, 3, 18-38, 52-59].  Mr. Franklin and the Class also seek injunctive relief to stop or correct OCWEN's practice with regard to audio recording calls without a recording advisement at the outset of each and every call. *Id.* at ¶ 39.  Thus, there is no danger that Mr. Franklin may be preoccupied with any unique defense, *see Hanon*, 976 F.2d at 508.

### E.    Adequacy of Representation

For the fourth requirement under Rule 23(a)(4), the Court asks two questions: "(1) Do the representative plaintiffs and their counsel have any conflicts of interest with other class members, and (2) will the representative plaintiffs and their counsel prosecute the action vigorously on behalf of the class?" *Staton v. Boeing Co.*, 327 F.3d 938, 957 (2003); Fed. R. Civ. P. 23(g)(1)(B).

Mr. Franklin is generally familiar with the litigation and past mediation efforts; and through motion practice and conducting written and oral deposition discovery, has and will continue to fairly, responsibly, vigorously, and adequately represented the interests of the class members whose statutory rights under CIPA were violated by Defendant. [*See*

Kazerouni Law Group, APC
Costa Mesa, California

Franklin Decl., ¶¶ 3-4, 15-16, and Exhibit A thereto (*see* Franklin Depo., 23:1-18); *see also*, Dkt. Nos. 21, 48, 55]. Mr. Franklin understands the duties of acting as class representative, including the responsibility of seeing that his legal counsel prosecute the case on behalf of the class, not just himself. [Franklin Decl., ¶ 15].

Mr. Franklin's attorneys who seek to be appointed Class Counsel (Abbas Kazerounian, Jason A. Ibey and Ryan McBride) have considerable experience prosecuting consumer class actions, including those under CIPA, and they will continue to fairly and adequately represent the absent class members. [Kazerounian Decl., ¶¶ 8-53; Ibey Decl., ¶¶ 5, 7-19; *see also*, Declaration of Ryan McBride ("McBride Decl."), ¶¶ 5-13; Franklin Depo., 23:1-8.]

There are no known conflicts in this case (Kazerounian Decl., ¶ 7; Ibey Decl., ¶ 6; McBride Decl., ¶ 6; Franklin Decl., ¶¶ 18-20), and it is highly unlikely that a conflict would exist, given the repeat failure of Defendant to advise of call recording on its outbound calls, and statutory remedies and including injunctive relief sought. Apart from any service award, Mr. Franklin will receive the same awards as class members. *See Yoshioka v. Charles Schwab Corp.*, 2011 U.S. Dist. LEXIS 147483, *18 (N.D. Cal. Dec. 22, 2011) ("apart from [his] proposed incentive award, []he will receive the same relief as the class …"). Therefore, the adequacy prerequisite is satisfied, both in terms of the class counsel and class representative. The Court should appoint Mr. Franklin as Class Representative; and appoint Abbas Kazerounian, Jason A. Ibey and Ryan McBride of Kazerouni Law Group, APC as Class Counsel.

## F. The Court Should Certify an Injunctive Relief Class Under Rule 23(b)(2)

Certification of an injunctive relief class here is appropriate to stop or correct OCWEN unlawful practice of failing to advise of call recording at the outset of each of its outgoing calls, which harms the privacy of its California customers. Traditionally, courts have ruled that certification under Rule 23(b)(2) is appropriate only where injunctive relief is the predominant form of relief sought, *see Zinser v. Accufix Research Inst., Inc.*, 253

Kazerouni Law Group, APC
Costa Mesa, California

F.3d 1180, 1195 (9th Cir. 2001); however, the Supreme Court has begun to call this narrow construction into question. *See Wal-Mart v. Dukes*, 131 S.Ct. at 2560; *Ellis v. Costco Wholesale Corp.*, 657 F.3d 970, 986 (9th Cir. 2011). And "[a]lthough the rule is silent as to this issue, … '[c]lass actions certified under Rule 23(b)(2) … may include cases that also seek monetary damages.'" *Molski v. Gleich,* 318 F.3d 937, 947 (9th Cir. 2003) (quoting *Probe v. State Teachers' Ret. Sys.,* 780 F.2d 776, 780 (9th Cir. 1986)).

### 1.    Class Certification under F.R.C.P. 23(b)(2)

Certification under Rule 23(b)(2) requires that "the party opposing the class has acted or refused to act on grounds that apply generally to the class so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole." Fed. R. Civ. P. 23(b); *Cholakyan v. Mercedes-Benz, USA, LLC*, 281 F.R.D. 534, 558 (C.D. Cal. 2012) (quoting 7AA Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure: Civil 3d § 1775, at 41 (2005)). A Rule 23(b)(2) class "need not meet the predominance and superiority requirements" as it does under Rule 23(b)(3), however, "the class claims must be cohesive." *Carr v. Tadin, Inc.*, No. 12-CV-3040 JLS (JMA)) 2014 U.S. Dist. LEXIS 179835, *9 (S.D. Cal. Apr. 18, 2014) (citation omitted).

### 2.    Permanent injunction sought

Cal. Pen. Code § 637.2(b) provides for injunctive relief, which is requested by Mr. Franklin. *See* FAC, ¶¶ 1, 39, 43, 45(f), 51, and Prayer for Relief; [Franklin Decl., ¶ 4]. An order prohibiting OCWEN from audio recordings its outgoing calls without first advising of call recording, or to strengthen its current policies to better ensure compliance, will serve to protect the California class members and future California customers of Defendant.

Mr. Franklin and each class member were harmed in the same manner when OCWEN invaded their privacy by recording calls to them without first advising of call recording. OCWEN will likely continue to harm Mr. Franklin and other California customers in the absence of an injunction. Without an injunction, Defendant would otherwise be free to continue its seriously deficient audio recording advisement practices in which OCWEN fails

Kazerouni Law Group, APC
Costa Mesa, California

to advise of call recording approximately 10.7% of the time (as noted above); and even when a recording advisement is sometimes given, the advisement is still non-compliant because it does not state that this call *is* being recorded or *all* calls are recorded.

Defendant could, and should, implement corrective policies to (1) cease audio recording its outgoing calls unless a call recording advisement is given before starting the recording or at the outset of each call, depending on how the Court rules on the merits; and (2) clearly provide in the recording advisement that "this call is being recorded" or that "all calls" are recorded. This description of the injunction by Mr. Franklin is sufficient at this stage. *See B.K. v. Snyder*, 922 F.3d 957, 972 (9th Cir. 2019).

Mr. Franklin's requested remedy is the appropriate remedy for a class action under Rule 23(b)(2), which "applies only when a single injunction or declaratory judgment would provide relief to each member of the class" (*Dukes*, 131 S.Ct. at 2557). In *Yoshioka v. Charles Schwab Corp.,* the court explained, "[t]he key to the (b)(2) class is the indivisible nature of the injunctive or declaratory remedy warranted—the notion that the conduct is such that it can be enjoined or declared unlawful only as to all of the class members or as to none of them." 2011 U.S. Dist. LEXIS at *20 (citing *Dukes*, 131 S. Ct. at 2557). This requirement was satisfied in *Yoshioka* because the requested relief, and the relief to be provided, would apply class-wide. *Id.* That is the case here as well.

### 3.     Standing for prospective injunctive relief

This Court previously denied OCWEN's motion to dismiss for lack of Article III standing to assert CIPA claims. *Franklin v. Ocwen Loan Servicing, LLC*, No. 17-cv-02702-JST, 2017 U.S. Dist. LEXIS 180455, at *5 (N.D. Cal. Oct. 31, 2017). Here, Mr. Franklin has Article III standing to pursue prospective injunctive relief to prevent future harm to Defendant's customers and future customers.  "Where standing is premised entirely on the threat of repeated injury, a plaintiff must show 'a sufficient likelihood that he will again be wronged in a similar way.'" *Davidson v. Kimberly-Clark Corp.*, 889 F.3d 956, 967, (9th Cir. 2018) (citing *City of Los Angeles v. Lyons*, 461 U.S. 95, 111 (1983)). The "[courts] must examine the questions realistically: we must reject the temptation to parse too finely,

Kazerouni Law Group, APC
Costa Mesa, California

and consider instead the context of the inquiry." *Armstrong v. Davis*, 275 F.3d at 867, *abrogated on other grounds by Johnson v. California*, 543 U.S. 499 (2005).

OCWEN's illegal audio recording advisement practice is not obvious to its customers because a customer could not know that a particular call was actually being recorded unless OCWEN disclosed that fact. In other words, due to OCWEN's omissions in failing to advise of call recording, Mr. Franklin and the class would likely suffer continued violations of their privacy protected by CIPA. Mr. Franklin first learned that OCWEN recording its call to him on November 23, 2015, through separate TCPA litigation. [Franklin Decl., ¶¶ 10-14; Franklin Depo., 58:2-20; McBride Decl., ¶¶ 15-16].

Mr. Franklin faces the threat of imminent or actual harm from the lack of call recording advisement at the outset of on each call from Defendant, who services Mr. Franklin's mortgage and called him for debt collection purposes. [Dkt. No. 77, ¶¶ 18-21; FAC, ¶¶ 17, 18-20; Franklin Decl., ¶¶ 3-14; Franklin Depo., 58:2-20; Goodman Depo., 98:8-23]. Without a clear call recording advisement on each call, Mr. Franklin would not know which calls are recorded and which ones are not. *See Carr v. Tadin, Inc.*, 2014 U.S. Dist. LEXIS 179835, at *1-2 (approving settlement for injunctive relief under the CLRA, where it was alleged the defendant there made uniform misrepresentations on product labels); *see also*, *Lejbman v. Transnational Foods, Inc.*, 2018 U.S. Dist. LEXIS 40244, at *18 (S.D. Cal. Mar. 12, 2018) (standing where plaintiff indicated she "would like to, and intends to, continue purchasing the Product in the future," but she can no longer rely on the truth and accuracy of defendants' products).

The requested injunctive relief will prevent future injury to Mr. Franklin and the Class members. *See, B.K.,* 922 F.3d at 967 ("If those allegedly deficient policies and practices are abated by an injunction, that harm may be redressed by a favorable court decision."); *see also*, *Kline v. Dymatize Enters., LLC*, No. 15-CV-2348-AJB-RBB, 2016 U.S. Dist. LEXIS 142774, at *12 (S.D. Cal. Oct. 13, 2016) ("the injunctive relief sought applies generally to the class, as Plaintiffs seek an order from the Court requiring Defendant to comply with the relevant consumer protection laws by making changes to its product

Kazerouni Law Group, APC
Costa Mesa, California

Kazerouni Law Group, APC
Costa Mesa, California

packaging.")   Mr. Franklin therefore has Article III standing to obtain injunctive relief. Certification under Rule 23(b)(2) here is necessary and appropriate. *Raffin,* 2017 U.S. Dist. LEXIS 5311, at *27 (certifying Rule 23(b)(2) class for CIPA claims based on a defendant's deficient policy).

### G.   The Court Should Separately Certify a Statutory Damages Class Under Rule 23(b)(3)

Certification of a separate statutory damages class under Rule 23(b)(3) is also appropriate here.  Courts have stated that a Rule 23(b)(2) and a separate Rule 23(b)(3) class may be certified where appropriate.  *In re ConAgra Foods, Inc.*, 90 F. Supp. 3d 919, 977 (C.D. Cal. 2015) ("[T]he court can separately certify an injunctive relief class and, if appropriate, also certify a Rule 23(b)(3) damages class"); *Kartman v. State Farm Mut. Auto. Ins. Co.*, 634 F.3d 883, 895 (7th Cir. 2011), cert. denied 565 U.S. 878 (2011) (citations omitted). *See also*, *Raffin*, 2017 U.S. Dist. LEXIS 5311, at *25 (C.D. Cal. Jan. 3, 2017) (certifying a separate damages and injunctive relief class in CIPA action)

Plaintiff has already shown that common issues predominate, above (Section V.C.). Therefore, Plaintiff need only satisfy the four remaining requirements of Rule 23(b)(3) referred to as superiority, *see Zinser*, 253 F.3d at 1190-92.

### 1.   **Interests of Class Members**

Class treatment would increase the California class members' access to redress by unifying what otherwise may be multiple small claims.  Each class member will not have to litigate numerous and substantial issues to establish his or her right to recover individually. The class action mechanism of redress here is particularly important when the claims involve surreptitious call recording practices of Defendant that are not obvious to absent class members. *See* FAC, ¶¶ 30, 33, 46, 37 and 53.

The Class members would be unaware of their rights against Defendant under CIPA due to Defendant's omissions – its failure to advise of call recording. *See generally*, Jean R. Sternlight and Elizabeth J. Jensen*, Mandatory Arbitration: Using Arbitration to Eliminate Consumer Class Actions: Efficient Business Practice or Unconscionable Abuse,* 67 Law &

Contemp. Prob. 75, 88 (2004) ("often consumers do not know that a potential defendant's conduct is illegal … '[w]hen they are being charged an excessive interest rate … for example, few know or even sense that their rights are being violated'").

### 2.    Extent and nature of other litigation

Plaintiff is aware of no competing class action against Defendant for violations of Cal. Pen. Code § 632.7.  A single class action is preferable to multiple separate actions, especially where Plaintiff seeks injunctive relief. *See e.g.*, *Westways World Travel, Inc. v. AMR Corp.*, 218 F.R.D. 223, 236-37 (C.D. Cal. 2003) ("Where common questions 'predominate,' a class action can…avoid inconsistent outcomes…"); Fed. R. Civ. P. 23(b)(3) advisory committee's note (1966).  If this present case were broken up into several cases, each seeking injunctive relief, each of these hypothetical courts may order OCWEN to change its recording practices in different ways that may create conflicting results.

To the extent there are individual lawsuits under CIPA against Defendant, Defendant cannot show that statutory damages under CIPA of $5,000 (which this Court has ruled is not calculated pre-2017 amendment on a per violation basis) is sufficient to motivate hundreds or thousands of absent class members to file suit for recovery, especially where CIPA does not expressly provide for recovery of attorneys' fees – it is not a fee shifting statute (Cal. Pen. Code § 637.2).  *See Ades,* 2014 U.S. Dist. LEXIS 129689, at *43 (finding "$5,000 in damages is [not] so clearly sufficient to motivate individual litigation involving complex factual and legal issues as to weigh against class certification.")

### 3.    Desirability of concentrating litigation in the forum

Since this is a California-only class action, the class members reside in this judicial district and throughout the State of California, with the named Plaintiff located in Contra Costa, California (FAC, ¶ 12; Franklin Decl., ¶ 5).  OCWEN services the mortgages of California customers (FAC, ¶¶ 1, 4, 9, 15, 34; *see also*, Franklin Depo., 39:2-10; Goodman Depo., 91:3-21), and called thousands of class members (its customers) with a California area code, thus making it desirable to concentrate the litigation here.  Further, the "presentation of the evidence in one consolidated action will reduce unnecessarily

Kazerouni Law Group, APC
Costa Mesa, California

Kazerouni Law Group, APC

Costa Mesa, California

1   duplicative litigation and promote judicial economy." *Galvan v. KDI Distrib.*, No. SACV

2   08-0999-JVS (ANx), 2011 U.S. Dist. LEXIS 127602, * 37 (C.D. Cal. Oct. 25, 2011).

3        **4.**   **Manageability**

4       A class action here will provide no manageability concerns in seeking injunctive

5   relief and the statutory damages under CIPA (Cal. Pen. Code § 637.2), as the proposed

6   Class and Sub-class is limited to California customers whose calls from Defendant to their

7   cell phone were audio recorded without a call recording advise at the outset of the calls.

8   Defendant's Rule 30(b)(6) representative testified that for the calls on November 23, 2015,

9   OCWEN can identify the property address for the loan, name or borrower and co-borrower,

10   emails address where available, and it is "a normal business practice of Defendant to

11   maintain contact information for loans that it services." Exhibit E to Ibey Decl., 25.

12   Defendant has further stipulated that "Ocwen does not intend in its opposition papers to

13   use evidence pertaining to affirmative defenses Ocwen may have to the claims of specific

14   absent class members." Exhibit G to Ibey Decl., ¶ 27.

15       Again, Mr. Chadha has listened to the universe of audio recordings for the date of

16   November 23, 2015 and determined on which calls Defendant did not provide a call

17   recording advisement during the first minute and 30 seconds of the call for the sub-class,

18   covering a 1-day period. [Chadha Decl., ¶¶ 5-11].  Those results were then cross referenced

19   with call data provided by Defendant to determine how many unique cellular telephone

20   numbers are at issue for November 23, 2015, i.e., 96. [Hansen Decl., ¶ 23].  It would not

21   be challenging for Defendant, or the Court, to review the 96 audio recording files to verify

22   no audio recording advisement was given at the outset of the calls.

23       In terms of the proposed class covering a 1-month period, that broader class also

24   presents no manageability difficulties.  Mr. Chahda has indicated that his team could

25   review 111,720 audio recordings for a call recording advisement in 15 days. [Chadha Decl.,

26   ¶¶ 12 and 13].  Mr. Hansen would be able to determine which telephone numbers are cell

27   phone numbers for even 500,000 phone numbers in 2-4 hours. Hansen Decl., 24.

28       In terms of class notice, Rule 23(c)(2) provides that "individual notice must be sent

to all class members whose names and addresses may be ascertained through reasonable effort." *Eisen v. Carlisle & Jacquelin,* 417 U.S. 156, 173 (1974).  The best practical notice does not require 100% notice reach.  Plaintiff proposes to provide notice to the California class members by direct mail and/or email based upon Defendant's own customer records. [*See* Goodman Depo., 101:2-12; 104:10-16; Exhibit E to Ibey Decl., ¶ 25].  If there are any Class members for whom Defendant does not have contact information other than phone number (which is highly unlikely because OCWEN services their mortgage loans and presumably would have a mailing address for that purpose), those few persons could even be manually called by a third-party administrator, for example, to request their current address for class notice purposes, or identified through reverse phone lookup, *see Knapper v. Cox Communs., Inc.*, 329 F.R.D. 238, 245 (D. Ariz. 2019) (approving of reverse lookup to identify class members); *Barani v. Wells Fargo Bank, N.A.*, No. 12CV2999-GPC(KSC), 2014 U.S. Dist. LEXIS 49838, at *27 (S.D. Cal. Apr. 9, 2014) (same).

A class action here would thus serve the efficient and appropriate resolution of Defendant's alleged violations of the California law under CIPA.  Class action treatment is therefore the superior method of adjudication. *See Raffin,* 2017 U.S. Dist. LEXIS 5311, at *24 (finding superiority in CIPA action).

## VI.    CONCLUSION

In conclusion, Mr. Franklin respectfully requests the Court grant the Motion for Class Certification of the Class and Sub-Class under Rule 23(b)(2) for injunctive relief and separately under Rule 23(b)(3) for statutory damages, appoint Mr. Franklin as the Class Representative, and appoint attorneys Abbas Kazerounian, Jason A. Ibey and Ryan McBride of Kazerouni Law Group, APC as Class Counsel.

Respectfully submitted,

**KAZEROUNI LAW GROUP, APC**

Date: March 12, 2020

By:/s/ Abbas Kazerounian
    Abbas Kazerounian
    *Attorneys for Plaintiff*

Kazerouni Law Group, APC
Costa Mesa, California