UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREGORY FRANKLIN,<br><br>Plaintiff,<br><br>v.<br><br>OCWEN LOAN SERVICING, LLC,<br><br>Defendant. | Case No. 18-cv-03333-SI<br><br>**ORDER DENYING PENDING MOTIONS WITHOUT PREJUDICE TO RENEWAL AND STAYING CASE**<br><br>Re: Dkt. Nos. 88, 95 |

Plaintiff's motion for class certification and defendant's motion for judgment on the pleadings are scheduled for a hearing on June 26, 2020. Pursuant to Civil Local Rule 7-1(b) and General Order 72-3, the Court determines that the matters are appropriate for resolution without oral argument. For the reasons set forth below, the Court DENIES the pending motions without prejudice to renewal and STAYS this case pending the California Supreme Court's resolution of *Smith v. LoanMe, Inc.*, 43 Cal. App. 5th 844 (2019), *review granted*, No. S260391, 2020 WL 1608928, at *1 (Cal. Apr. 1, 2020).

**BACKGROUND**

Plaintiff Gregory Franklin brings suit against defendant Ocwen Loan Servicing, LLC, individually and on behalf of all others similarly situated, for the alleged violation of California Penal Code section 632.7. Dkt. No. 18 ("FAC"). The factual background of this case is outlined more fully in the Court's November 13, 2018 Order. *See* Docket No. 37. In brief, this case involves "numerous phone calls" that defendant, which was servicing plaintiff's home mortgage, placed to plaintiff between 2011 and 2015. FAC ¶¶ 18-19. Plaintiff alleges that "[o]nly after Plaintiff provided his personal identification information and verified his account information would

1  Defendant inform Plaintiff that the telephone call was being recorded." *Id*. ¶ 23. Plaintiff further
2  alleges, "On some occasions, Defendant did not tell Plaintiff the telephone call was being recorded
3  at all." *Id*. ¶ 24. Plaintiff brings one claim for relief, for illegal recording of cellular phone
4  conversations pursuant to California Penal Code section 632.7, which is part of the California
5  Invasion of Privacy Act ("CIPA"). He brings this suit on behalf of himself and a proposed class
6  consisting of "[a]ll persons in California whose cellular telephone conversations were recorded
7  without their consent by Defendant and/or its agent/s from November 11, 2011 through the date of
8  filing this Complaint." *Id.* ¶ 41.

**DISCUSSION**

Now before the Court are plaintiff's motion for class certification and defendant's motion for judgment on the pleadings. Defendant's motion relies on a recent California Court of Appeal decision, *Smith v. LoanMe*, which held that California Penal Code section 632.7 does not prohibit a party to a call from recording it and that "section 632.7 clearly and unambiguously applies only to third party eavesdroppers, not to the parties to a phone call." 43 Cal. App. 5th at 854. Defendant contends that this Court is required to follow *Smith* – the only California Court of Appeal decision[1] interpreting section 632.7 – and enter judgment in defendant's favor. Defendant also notes that the California Supreme Court recently accepted review of *Smith* and denied a request to depublish the Court of Appeal's decision, and thus *Smith* is still good law.

Federal courts "are bound to follow the rulings of intermediate state courts 'absent convincing evidence that the California Supreme Court would reject th[ose] interpretation[s].'" *Curtis v. Irwin Indus. Inc.*, 913 F.3d 1146, 1155 (9th Cir. 2019) (quoting *In re Watts*, 298 F.3d 1077, 1082-83 (9th Cir. 2002)). Plaintiff contends that there is "convincing evidence" that the California Supreme Court will reverse the appellate court's decision because *Smith* is inconsistent with (1) other California Supreme Court decisions interpreting the CIPA; (2) federal district court decisions which have held that section 632.7 applies to the parties on a call; (3) the language of section 632.7;

---

[1] Defendant also asserts – and plaintiff does not dispute – that three California trial courts have reached the same conclusion as *Smith*.

and(4) its legislative history. Defendant responds that all of the California Supreme Court cases upon which plaintiff relies interpreted other sections of the CIPA, not section 632.7, and that plaintiff is selectively quoting dicta from those cases. Defendant also argues that the federal district court cases pre-date *Smith* and were wrongly decided, and that the *Smith* court persuasively explained why its interpretation was supported by the statute's language and legislative history.

In the alternative, both parties request that the Court stay this case pending the California Supreme Court's resolution of *Smith*.

The Court's power to stay proceedings is "incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. North Am. Co.*, 299 U.S. 248, 254 (1936). In evaluating the propriety of a stay, the Court should consider "the possible damage which may result from the granting of a stay, the hardship or inequity which a party may suffer in being required to go forward, and the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." *CMAX, Inc. v. Hall,* 300 F.2d 265, 268 (9th Cir.1962) (citing *Landis*, 299 U.S. at 254-55).

The Court finds that a stay pending the California Supreme Court's resolution of *Smith* will simplify the issues in this case without prejudicing either party. Plaintiff brings a single cause of action under section 632.7, and thus the Supreme Court's decision will determine whether plaintiff's claim is viable at all, let alone on a class basis. *See Brinkley v. Monterey Fin. Servs.*, Case No. 16-cv-1103-WQH-WVG, 2020 WL 1929023, at *(S.D. Cal. Apr. 21, 2020) (staying case alleging violation of section 632.7 because "the outcome of the California Supreme Court's decision in *Smith* has a decisive effect on the viability of one of Brinkley's two remaining claims, potentially narrowing the issues for trial and simplifying the issues in this case."). Neither party will be prejudiced by a stay because the Court has not set a final schedule for discovery, dispositive motions, or trial, as the parties had agreed that those dates would be set after a decision on the pending motion for class certification.

Accordingly, plaintiff's motion for class certification and defendant's motion for judgment on the pleadings are DENIED without prejudice to refiling. This case is STAYED pending the

California Supreme Court's decision in *Smith*.

## CONCLUSION

This case is STAYED pending the California Supreme Court's decision in *Smith. v. LoanMe, Inc.*, 43 Cal. App. 5th 844 (2019), *review granted*, No. S260391, 2020 WL 1608928, at *1 (Cal. Apr. 1, 2020). Defendant shall file a status report on September 18, 2020, and every 90 days thereafter, on the status of the state court proceedings. Defendant shall file a notice to the Court within seven days of the California Supreme Court's resolution of *Smith*. After the seven-day period, the stay will be lifted and proceedings will resume in this Court.

**IT IS SO ORDERED**.

Dated: June 18, 2020

_____
SUSAN ILLSTON
United States District Judge