UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREGORY FRANKLIN,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>OCWEN LOAN SERVICING, LLC,<br><br>　　　　Defendant. | Case No. 18-cv-03333-SI<br><br>**ORDER RE: PLAINTIFF'S MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**<br><br>Re: Dkt. Nos. 144, 154 |

On March 3, 2022, the Court held a hearing on plaintiff's motion for preliminary approval of the class action settlement. The motion is not opposed by defendant Ocwen Loan Servicing, LLC ("Ocwen"). The Court has considered the settlement agreement and addendum thereto, the proposed notice, the revised[1] motion for preliminary approval of the settlement and its attached forms, and other materials submitted by plaintiff.

At the hearing, the Court asked plaintiff's counsel about the lack of injunctive relief in the settlement. Counsel stated that during the class period, Ocwen had a policy to advise call recipients that the call was being recorded but that the policy was not always followed, and thus that injunctive relief was not necessary.[2]

The Court also raised several concerns about the process for filing objections, and directs plaintiff to revise that process as follows. First, to the extent that the notice to the class directs

---

[1] Plaintiff's initial motion for preliminary approval did not comply with the Northern District of California's Procedural Guidance for Class Action Settlements, and as such the Court directed plaintiff to refile the motion in accordance with those guidelines.

[2] Counsel also stated that when Ocwen merged with PHH Mortgage Corporation in June 2019, Ocwen's policies and systems became defunct and that PHH's policies and systems govern the merged entity. Surprisingly, neither counsel knew what PHH's policies are with regard to recording calls with customers.

objectors to "file" their objections with the Court, as opposed to "send" or "mail" any objections, the Court finds that the notices should be revised to be consistent with the Northern District of California's Procedural Guidance for Class Action Settlements.[3] Second, the Court finds that it is unnecessary to require objectors to also mail their objections to counsel; counsel will receive notice of any objections when they are filed on the docket by the Clerk.  Third, the Court concludes that the requirement that objectors "include evidence that you are a Settlement Class Member" is onerous, unnecessary and confusing.  Objectors are required to include their full name, the cellular number(s) Ocwen called them on, and the reasons for the objections.  At the hearing, counsel could not explain what additional "evidence" an objecting class member would provide, and thus the Court is concerned that the "evidence" requirement is vague and confusing.

The Court GRANTS preliminary approval of the settlement as follows:

1.  Unless otherwise defined herein, all terms used in this Order (the "Preliminary Approval Order") will have the same meaning as defined in the Settlement Agreement.

2.  The Court finds on a preliminary basis that the settlement memorialized in the Settlement Agreement, filed with the Court, falls within the range of reasonableness and, therefore, meets the requirements for preliminary approval.

3.  Based on a review of the papers submitted by the parties, the Court finds that the settlement is the result of arms-length negotiations conducted after Class Counsel adequately investigated the claims and became familiar with the strengths and weaknesses of those claims.  The assistance of an experienced mediator in the settlement process supports the Court's conclusion that the settlement is non-collusive.

4.  The Court conditionally finds that, for the purposes of approving this settlement only, the proposed Class meets the requirements for certification of a settlement class under Rule 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure:  (a) the proposed Class is ascertainable and so numerous that joinder of all members of the Class is impracticable; (b) there are questions of law or

---

[3] The Northern District's suggested language makes clear that class members may submit objections "either by mailing them to the Class Action Clerk, United States District Court for the Northern District of California . . . or by filing them in person . . . ."

1  fact common to the proposed Class; (c) claims of plaintiff are typical of the claims of the members
2  of the proposed Class; (d) plaintiff and their counsel will fairly and adequately protect the interests
3  of the proposed Class; and (e) a class action is superior to the other available methods for an efficient
4  resolution of this controversy.  Accordingly, pursuant to Rule 23 of the Federal Rules of Civil
5  Procedure, the Court conditionally certifies, for settlement purposes only (and for no other purpose
6  and with no other effect upon this or any other action, including no effect upon this action should
7  the settlement not ultimately be approved), the following class:

> All persons in California whose cellular telephone conversation on at least one outgoing call from Defendant was recorded by Defendant and/or its agent/s without that person's consent between November 1, 2015 and November 30, 2015, inclusive (the "Class Period").
>
> Excluded from the Class are: (i) individuals who are or were during the Class Period officers or directors of Defendant in the Litigation or any of its respective Affiliates; (ii) the District Judge and any Magistrate Judge assigned to the case, their spouses, and persons within the third degree of relationship to either of them, or the spouses of such persons; and (iii) all persons who file a timely and proper request to be excluded from the Class.

14  5.  The Court appoints, for settlement purposes only, Plaintiff Gregory Franklin as
15  representative for the claims against Ocwen.
16  6.  The Court appoints, for settlement purposes only, Abbas Kazerounian, Jason A. Ibey,
17  and Ryan L. McBride of the law firm of Kazerouni Law Group, APC, as "Class Counsel."
18  7.  Final Approval Hearing.  A hearing regarding final approval of the Settlement will
19  be held at 10 a.m. on August 26, 2022, to determine, among other things, whether to: (i) finally
20  approve the Settlement as fair, reasonable, and adequate; (ii) dismiss the Released Claims in the
21  Litigation with prejudice pursuant to the terms of the Settlement Agreement; (iii) bind Settlement
22  Class Members by the Releases set forth in the Settlement Agreement; (iv) permanently bar and
23  enjoin plaintiff and all Settlement Class Members who do not timely and properly exclude
24  themselves from the Class and any person actually or purportedly acting on their behalf from filing,
25  commencing, prosecuting, maintaining, intervening in, or participating in (as parties, class members
26  or otherwise) any action in any jurisdiction based on or relating to any of the Released Claims; (v)
27  find that the Class Notice as given was the best notice practicable under the circumstances, is due
28  and sufficient notice to the Class, and fully satisfies the requirements of due process and Federal

1    Rule of Civil Procedure 23; (vi) approve the plan of distribution of the Settlement Fund; (vii) finally

2    certify the Class; and (viii) approve requested Attorneys' Fees and Expenses and the proposed

3    Service Award to Plaintiff.

4          8.      The Court approves Simpluris, Inc. as the Claims Administrator to perform duties in

5    accordance with the Settlement Agreement.

6          9.      The Court finds that the procedures for notifying the Class about the settlement as

7    described in the Settlement Agreement and Class Notice provide the best notice practicable under

8    the circumstances and therefore meet the requirements of due process, and directs the mailing of the

9    Class Notice and the attachments thereto in accordance with the Settlement Agreement.

10         10.      Provided that the changes to the objection process are implemented, the Court

11   approves, as to form and content, the proposed Class Notice and associated forms.  The Claims

12   Administrator is authorized to mail those documents after they are updated to the Class Action

13   members as provided in the Settlement Agreement.

14         11.      The Court hereby directs plaintiff, defendant, and the Administrator to complete all

15   aspects of the Class Notice no later than April 15, 2022 ("Notice Date").

16         12.      Class Counsel will file with the Court by no later than August 16, 2022, which is ten

17   (10) Days prior to the Final Approval Hearing, proof that notice was provided in accordance with

18   the Agreement and this Order.

19         13.      To the extent not already completed, Ocwen shall comply with the obligation to give

20   notice under the Class Action Fairness Act, 28 U.S.C. § 1715, in connection with the proposed

21   settlement. No later than 10 calendar days before the Final Approval Hearing, counsel for Ocwen

22   shall file with the Court one or more declarations stating that Ocwen has complied with its notice

23   obligations under 28 U.S.C. § 1715.

24         14.      Subject to the changes to the objection process outlined *supra*, the Court approves

25   the requirements for submitting objections to the Settlement Agreement set forth in the Class Notice.

26   Class Members who wish to object to the Settlement must send or file a written objection with the

27   Court, not later than 70 calendar days from the date the Claims Administrator mails the Class Notice

28   to the Class Members.  Class Members who does not submit an objection in the manner and by the

1 deadline specified above will be deemed to have waived all objections and will be foreclosed from making any objections to the Settlement, whether by appeal or otherwise. In the event any objections are asserted, plaintiff and defendant may address those objections in their briefing for Final Approval of the Settlement.

15. The Court approves the procedures for Class Members to request exclusion from the Settlement Agreement as set forth in the Class Notice. In particular, Settlement Class Members may elect to opt out of the Settlement by sending a written request for exclusion to the Claims Administrator at the address that is set forth in the Class Notice and Settlement Website. To be timely, all such Requests for Exclusion must be postmarked no later than 70 calendar days after the date the Claims Administrator mails the Class Notice to the Settlement Class Members. Settlement Class Members who fail to comply with the opt-out procedure shall not be excluded and shall instead be bound by all provisions of the Settlement Agreement and all orders issued pursuant thereto. If more than 300 Settlement Class Members timely and validly opt out of the Settlement, then the Settlement may be deemed null and void upon notice by Ocwen pursuant to Section 11.4 of the Agreement.

16. Termination of Settlement. This Order shall become null and void, and shall be without prejudice to the rights of the Parties, all of whom shall be restored to their respective positions existing immediately before this Court entered this Order, if (i) the proposed Settlement is not finally approved by the Court, or does not become Final, pursuant to the terms of the Agreement; or (ii) the Agreement is terminated pursuant to its terms for any reason. In such event, and except as provided therein, the proposed Settlement and Agreement shall be null and void from its inception and Plaintiff and Defendant will be restored to their respective positions in the Litigation as of immediately prior to entry of this Order, and Plaintiff and Defendant retain all of their pre-Settlement litigation rights and defenses, including Plaintiff's right to seek class certification and Defendant's right to oppose class certification in the Litigation, or in any other action, on all available grounds as if no Class had been certified. In such event, the terms and provisions of this Agreement will have no further force and effect with respect to Plaintiff or Defendant and will not be used in the Litigation, or in any other proceeding for any purpose, and all communications and

documents related to the Settlement, including the Agreement, the exhibits thereto, this Order, and any discussions or documents relating to the Settlement or this Agreement, will be subject to Federal Rule of Evidence 408 and be inadmissible in this Litigation or in any other proceeding. The certification of the Class, if any, shall be automatically vacated and shall not constitute evidence or a binding determination that the requirements for certification of a class for trial purposes in this or any other action can be or have been satisfied, and all other applicable settlement, negotiation, and mediation privileges, and any judgment or order entered by the Court in accordance with the terms of this Agreement, will be treated as vacated, nunc pro tunc.

17. Use of Order Following Termination of Settlement. This Order shall be of no force and effect if the Settlement does not become Final. This Order shall not be offered by any person as evidence in any action or proceeding against any Party hereto in any court, administrative agency, or other tribunal for any purpose whatsoever, other than to enforce or otherwise effectuate the Agreement (or any agreement or order relating thereto), including the Releases, or this Order. Neither shall this Order be offered by any person or received against any of the Released Parties as evidence or construed as or deemed to be evidence of any presumption, concession, or admission by any of the Released Parties of: a. the truth of the facts alleged by any person or the validity of any claim that has been or could have been asserted in the Litigation or in any litigation, or other judicial or administrative proceeding, or the deficiency of any defense that has been or could have been asserted in the Litigation or in any litigation, or of any liability, negligence, fault, or wrongdoing of any of the Released Parties; b. any fault, misrepresentation, or omission with respect to any statement or written document approved or made by any of the Released Parties or any other wrongdoing by any of the Released Parties; or c. any liability, negligence, fault, or wrongdoing in any civil, criminal, or administrative action or proceeding by any of the Released Parties

18. The parties are ordered to carry out the Settlement according to the terms of the Settlement Agreement.

19. The schedule for further proceedings is as follows:

April 15, 2022: Deadline for class notice to be provided

May 25, 2022: Deadline for filing of plaintiff's motion for fees and costs

| | | |
|---|---|---|
| June 14, 2022: | | Deadline for class members to submit claim forms |
| June 24, 2022: | | Deadline for class members to submit objections or requests for exclusion |
| July 7, 2022: | | Deadline for administrator to provide class counsel with proof of class notice |
| July 15, 2022: | | Deadline for administrator to identify the number of requests for exclusion and number of claims received |
| August 16, 2022: | | Ocwen shall file with the Court one or more declarations stating that Ocwen has complied with CAFA notice obligations |

August 26, 2022, 10 am: Final Approval Hearing.  The hearing may be continued without further notice to Class Members.

**IT IS SO ORDERED**.

Dated: March 9, 2022

_____
SUSAN ILLSTON
United States District Judge

7