KAZEROUNI
LAW GROUP, APC

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

GREGORY FRANKLIN, INDIVIDUALLY
AND ON BEHALF OF ALL OTHERS
SIMILARLY SITUATED,

       Plaintiff,

       v.

OCWEN LOAN SERVICING, LLC,

       Defendant.

CASE NO.: 3:18-CV-03333-SI

~~[PROPOSED]~~ **ORDER GRANTING**
**FINAL APPROVAL OF CLASS ACTION**
**SETTLEMENT AND DISMISSING**
**PLAINTIFF'S CLAIMS**

Action Filed:        June 5, 2018
Judge:        Hon. Susan Illston
Courtroom:        1, 17th Floor

This Court, having held a Final Approval Hearing on August 26, 2022, having provided

notice of that hearing in accordance with the Preliminary Approval Order, and having considered

all matters submitted to it in connection with the Final Approval Hearing and otherwise, and

finding no just reason for delay in entry of this Order Granting Final Approval of Class Action

Settlement and Dismissing Plaintiff's Claims (the "Final Approval Order" or this "Order"), and

good cause appearing therefore,

1

~~[PROPOSED]~~ ORDER
CASE NO. 3:18-CV-03333-SI

1    NOW, THEREFORE, IT IS HEREBY ORDERED THAT:

2    1.    Unless otherwise defined, all capitalized terms in this Final Approval Order shall

3    have the same meaning as they do in the Settlement Agreement filed at Dkt. No. 154-3, and the

4    Addendum to the Settlement Agreement filed at Dkt. No. 154-4, on February 16, 2022.

5    2.    The Court has jurisdiction over the subject matter of the Litigation and over the

6    Parties, including all Class Members with respect to the Class certified for settlement purposes,

7    which is as follows:

8
9        All persons in California whose cellular telephone conversation on
         at least one outgoing call from Defendant was recorded by
10       Defendant and/or its agent/s without that person's consent between
         November 1, 2015 and November 30, 2015, inclusive ("Class
11       Period").

12       Excluded from the Class are: (i) individuals who are or were during
         the Class Period officers or directors of Defendant in the Litigation
13       or any of its respective Affiliates; (ii) the District Judge and any
         Magistrate Judge assigned to the case, their spouses, and persons
14       within the third degree of relationship to either of them, or the
         spouses of such persons; and (iii) all persons who file a timely and
15       proper request to be excluded from the Class.

16

17    3.    The Court finds that the Settlement Agreement was negotiated at arm's length by

18    experienced counsel who were fully informed of the facts and circumstances of the Litigation and

19    of the strengths and weaknesses of their respective positions.  Further, settlement occurred only

20    after the parties negotiated over a period of many months.  Counsel for the Parties were therefore

21    well positioned to evaluate the benefits of the Settlement Agreement, taking into account the

22    expense, risk, and uncertainty of protracted litigation with respect to numerous difficult questions

23    of fact and law.

24    4.    The Court finally certifies the Settlement Class for settlement purposes and finds,

25    for settlement purposes only, that the Litigation satisfies all the requirements of Rule 23(a) and

26    (b)(3) of the Federal Rules of Civil Procedure. Specifically: (a) the Class is sufficiently numerous

27    that joinder of all its members is impracticable; (b) there are questions of law and fact common to

28

[PROPOSED] ORDER
CASE NO. 3:18-CV-03333-SI

1  the Class; (c) the claims of Plaintiff is typical of the claims of the Class he seeks to represent; (d)

2  Plaintiff has and will continue to fairly and adequately represent the interests of the Class for

3  purposes of entering into the Settlement Agreement; (e) the questions of law and fact common to

4  the Class Members predominate over any questions affecting any individual Class Member; (f)

5  the Class is ascertainable; and (g) a class action settlement is superior to the other available

6  methods for the fair and efficient adjudication of the controversy.

7          5.       The Court finally appoints Abbas Kazerounian, Ryan L. McBride, and Jason A.

8  Ibey of the law firm of Kazerouni Law Group, APC, as Class Counsel for the Class.

9          6.       The Court finally designates Plaintiff Gregory Franklin as the Class

10  Representative.

11         7.       The Court makes the following findings and conclusions regarding notice to the

12  Class:

13         a.       The Class Notice was disseminated to persons in the Class in accordance

14                  with the terms of the Settlement Agreement, the Addendum to the

15                  Settlement Agreement, and the Class Notice and its dissemination were in

16                  compliance with the Court's Preliminary Approval Order;

17         b.       The Class Notice:  (i) constituted the best practicable notice under the

18                  circumstances to Class Members, (ii) constituted notice that was

                    reasonably calculated, under the circumstances, to apprise Class Members

19                  of the pendency of the Litigation, their right to object or to exclude

20                  themselves from the proposed Settlement, and their right to appear at the

21                  Final Approval Hearing, (iii) was reasonable and constituted due, adequate,

22                  and sufficient individual notice to all persons entitled to be provided with

23                  notice, and (iv) complied fully with the requirements of Fed. R. Civ. P. 23,

                    the United States Constitution, the Rules of this Court, and any other

24                  applicable law.

25         c.       The Court finds that Defendant has complied with its notice obligations

26                  under the Class Action Fairness Act, 28 U.S.C. § 1715, in connection with

27                  the proposed Settlement.

28

3

[PROPOSED] ORDER
CASE NO. 3:18-CV-03333-SI

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

KAZEROUNI
LAW GROUP, APC

8.      The Court finally approves the Settlement as fair, reasonable and adequate pursuant to Fed. R. Civ. P. 23(e).  The terms and provisions of the Settlement Agreement, including all exhibits thereto, have been entered into in good faith and are hereby fully and finally approved as fair, reasonable, and adequate as to, and in the best interests of, each of the Parties and the Class Members.

9.      The Court approves the plan of distribution for the Settlement Fund as set forth in the Settlement Agreement. The Administrator is ordered to comply with the terms of the Agreement with respect to distribution of Settlement Relief, including a second payment, if feasible. Should any unclaimed funds be distributed, the Court hereby approves the National Consumer Law Center and New Media Rights as equal recipients of those unclaimed funds, after accounting for the costs of administering that distribution. This Court finds these organizations closely aligned with the Class's interests.

10.     By incorporating the Agreement and its terms herein, this Court determines that this Final Approval Order complies in all respects with Federal Rule of Civil Procedure 65(d)(1).

11.     Class Counsel have moved pursuant to the Agreement, Fed. R. Civ. P. 23(h) and 52(a) for an award of attorneys' fees and reimbursement of expenses. Pursuant to Rules 23(h)(3) and 52(a) this Court makes the following findings of fact and conclusions of law:

    a.    that the Settlement confers substantial benefits on the Settlement Class Members;
    b.    that the value conferred on the Class is immediate and readily quantifiable;
    c.    that within 30 Days after the Effective Date, Settlement Class Members who have submitted valid Claim Forms will be mailed cash payments that represent a significant portion of the damages that would be available to them were they to prevail in an individual action under the California Invasion of Privacy Act;
    d.    that Class Counsel vigorously and effectively pursued the Settlement Class Members' claims before this Court in this complex case;

4

[PROPOSED] ORDER
CASE NO. 3:18-CV-03333-SI

e.    that the Settlement was obtained as a direct result of Class Counsel's advocacy;

f.    that the Settlement was reached following extensive negotiation between Class Counsel and Defendant's Counsel, and was negotiated in good faith and in the absence of collusion;

g.    that counsel who recover a common benefit for persons other than himself or his client is entitled to a reasonable attorneys' fee from the Settlement Fund as a whole. *See, e.g., Boeing Co. v. Van Gemert*, 444 U.S. 472, 478 (1980); *Blum v. Stenson*, 465 U.S. 886, 900 n.16 (1984);

h.    that Class Counsel's hours spent on the case were reasonable.

12.    Accordingly, Class Counsel are hereby awarded **$499,995.00** as a combined award for attorneys' fees and litigation expenses from the Settlement Fund, which this Court finds to be fair and reasonable, and which amount shall be paid to Class Counsel from the Settlement Fund in accordance with the terms of the Agreement.  The Court also finds that Class Counsels' hourly rates are reasonable.

13.    The Class Representative, as identified in the Preliminary Approval Order, is hereby compensated in the amount of **$3,000.00** for his efforts in this case, which amount shall be paid to Class Representative from the Settlement Fund in accordance with the terms of the Agreement.

14.    The terms of the Agreement and of this Final Approval Order, including all exhibits thereto, shall be forever binding in all pending and future lawsuits maintained by the Plaintiff and all other Settlement Class Members, and anyone claiming through them such as heirs, administrators, successors, and assigns.

15.    The Releases, which are set forth in Section 10 of the Settlement Agreement and which are also set forth below, are expressly incorporated herein in all respects and are effective as of the date of this Order; and the Released Parties are fully, conclusively, irrevocably, forever, and finally released, relinquished, and discharged by the Releasing Persons from all Released Claims.

KAZEROUNI
LAW GROUP, APC

5

KAZEROUNI
LAW GROUP, APC

1   a.   <u>Released Claims of Settlement Class</u>.  Upon Final Approval, Releasing

2        Persons, including Plaintiff and each Settlement Class Member who does

3        not submit a Request for Exclusion, shall, by operation of the Judgment, be

4        deemed to have fully, conclusively, irrevocably, forever, and finally

5        released, relinquished, and discharged the Released Parties from any and

6        all claims, actions, causes of action, suits, debts, sums of money, payments,

7        obligations, reckonings, promises, damages, interest, penalties, attorney's

8        fees and costs, liens, judgments, and demands of any kind whatsoever that

9        accrued to each Releasing Person during the Class Period, whether in

10       arbitration, administrative, or judicial proceedings, whether as individual

11       claims or as claims asserted on a class basis, whether past or present,

12       mature or not yet mature, known or unknown, suspected or unsuspected,

13       whether based on federal, state, or local law, statute, ordinance, regulation,

14       contract, common law, or any other source, at law or in equity, that were

15       alleged in the Litigation or that relate to, concern, arise from, or pertain in

16       any way to Defendant's or any of its agents' or any of its Affiliates' audio

17       recording of telephone calls to a cellular telephone.

18   b.   The Released Claims include any and all claims and causes of action

19        arising out of or related to the Litigation for alleged unlawful call recording

20        practices of Defendant or its Affiliates.  Released Claims shall include all

21        such claims accruing during the Class Period, whether such claims are

22        known or unknown, suspected or unsuspected, contingent or matured.

23   c.   In connection with the foregoing Releases, Plaintiff and each Settlement

24        Class Member who did not submit a Request for Exclusion shall be

25        deemed, as of the entry of the Judgment, to have waived any and all

26        provisions, rights, and benefits conferred by Section 1542 of the California

27        Civil Code, and any statute, rule and legal doctrine similar, comparable, or

28        equivalent to California Civil Code Section 1542, which provides that:

A general release does not extend to claims that the
creditor or releasing party does not know or suspect
to exist in his or her favor at the time of executing the

6

[PROPOSED] ORDER
CASE NO. 3:18-CV-03333-SI

1

2

release and that, if known by him or her, would have materially affected his or her settlement with the debtor       or       released       party.

3       To the extent that anyone might argue that these principles of law are

4       applicable, Plaintiff hereby agrees, and each Settlement Class Member who

5       did not submit a timely and proper Request for Exclusion is deemed to

6       agree, that the provisions of all such principles of law or similar federal or

7       state laws, rights, rules, or legal principles, to the extent they may be found

8       to be applicable herein, are hereby knowingly and voluntarily waived,

relinquished, and released.  Plaintiff recognizes, and each Settlement Class

9       Member is deemed to recognize, that, even if they may later discover facts

10      in addition to or different from those which they now know or believe to be

11      true, they nevertheless agree that, upon entry of the Judgment, they fully,

finally, and forever settle and release any and all Released Claims covered

12      by these Releases.

13      d.      The Agreement and the Releases therein do not affect the rights of

14              Settlement Class Members who submitted a Request for Exclusion from

15              the Settlement Class in accordance with the requirements in Section 11 of

16              the Agreement.

17      e.      The administration and consummation of the Settlement as embodied in the

18              Agreement shall remain under the authority of this Court.  This Court

19              retains jurisdiction to protect, preserve, and implement the Agreement,

20              including, but not limited to, enforcement of the Releases contained in the

        Agreement.  This Court retains jurisdiction in order to enter such further

21              orders as may be necessary or appropriate in administering and

22              implementing the terms and provisions of the Agreement.

23      f.      Upon entry of the Judgment: (i) the Agreement shall be the exclusive

24              remedy for all Settlement Class Members who do not submit a timely and

25              proper Request for Exclusion; (ii) the Released Parties shall not be subject

26              to liability or expense for any of the Released Claims to any such

        Settlement Class Members; (iii) all such Settlement Class Members shall

27              be permanently barred and enjoined from filing, commencing, prosecuting,

28

7

[PROPOSED] ORDER
CASE NO. 3:18-CV-03333-SI

maintaining (including claims or actions already filed), intervening in, defending, or participating in (as parties, class members or otherwise) any action in any jurisdiction based on, arising from or relating to any of the Released Claims or the facts and circumstances relating thereto, against any of the Released Parties; and (iv) all such Settlement Class Members shall be permanently barred and enjoined from organizing any Settlement Class Members who submit a Request for Exclusion, or soliciting the participation of any Settlement Class Members who submit a Request for Exclusion, for purposes of pursuing any action (including by seeking to amend a pending complaint to include class allegations, or seeking class certification in a pending action in any jurisdiction) based on or relating to any of the Released Claims or the facts and circumstances relating thereto.

g.     Nothing in the Agreement and the Releases shall preclude any action to enforce the terms of the Agreement, including participation in any of the processes detailed therein.  The Releases set forth herein are not intended to release any rights or duties of Plaintiff or Defendant arising out of the Agreement, including the express warranties and covenants contained herein.

16.     The Court dismisses all Released Claims, with prejudice, without costs to any Party, except as expressly provided for in the Agreement and this Order.

17.     Neither the Agreement, nor any of its terms and provisions, nor any of the negotiations or proceedings connected with it, nor any of the documents or statements referred to therein, nor this Order, nor any of its terms and provisions nor the Judgment to be entered pursuant to this Order, nor any of its terms and provisions, shall be:

a.     offered by any person or received against any Released Party as evidence or construed as or deemed to be evidence of any presumption, concession, or admission by any Released Party of the truth of the facts alleged by any person or the validity of any claim that has been or could have been asserted in the Litigation or in any litigation, or other judicial or

[PROPOSED] ORDER
CASE NO. 3:18-cv-03333-SI

administrative proceeding, or the deficiency of any defense that has been or
could have been asserted in the Litigation or in any litigation, or of any
liability, negligence, fault or wrongdoing of any Released Party; or

b.    offered by any person or received against any Released Party as evidence
of a presumption, concession, or admission of any fault, misrepresentation,
or omission with respect to any statement or written document approved or
made by any Released Party or any other wrongdoing by any Released
Party; or

c.    offered by any person or received against any Released Party as evidence
of a presumption, concession, or admission with respect to any liability,
negligence, fault, or wrongdoing in any civil, criminal, or administrative
action or proceeding.

18.    This Order, the Judgment to be entered pursuant to this Order, and the Agreement
(including the Exhibits thereto) may be filed in any action against or by any Released Person to
support a defense of res judicata, collateral estoppel, release, good-faith settlement, judgment bar
or reduction, or any theory of claim preclusion or issue preclusion or similar defense or
counterclaim.

19.    Without further order of the Court, the Parties may agree to reasonably necessary
extensions of time to carry out any of the provisions of the Agreement.

20.    This Order and the Judgment to be entered pursuant to this Order shall be effective
upon entry.  In the event that this Order and/or the Judgment to be entered pursuant to this Order
are reversed or vacated pursuant to a direct appeal in the Litigation or the Agreement is
terminated pursuant to its terms, all orders entered and releases delivered in connection herewith
shall be null and void.

21.    A Judgment substantially in the form attached hereto as Exhibit F-1 will be entered
forthwith.


DONE and ORDERED in Chambers in San Francisco, California, this _26th_ day of

9

1    _August_____, 2022.

2

3

4    Hon. Susan Illston
     UNITED STATES DISTRICT JUDGE

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

10

[PROPOSED] ORDER
CASE NO. 3:18-CV-03333-SI